**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

JUDGE SCHOFIELD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY BEHZADI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br> |

Plaintiff Kimberly Behzadi ("Plaintiff"), individually and as a class representative on behalf of all others similarly situated, by her attorneys Outten & Golden LLP, alleges:

## INTRODUCTION

1.      International Creative Management Partners, LLC ("ICM") is one of the world's largest talent and literary agencies with offices in New York, Los Angeles, and London.[1]

2.      ICM has relied on a steady stream of unpaid interns to perform entry-level work that contributes to its operations and reduces its labor costs.  As an unpaid intern at ICM, Plaintiff read scripts and summarized them for agents, did expenses, compiled casting directors' contact information, and performed other administrative tasks, such as answering the phone.

---

[1]      http://www.icmtalent.com/ (last visited on June 15, 2014).

3.     Plaintiff's work was typical of the work that other unpaid interns at ICM performed.  According to ICM, "[t]ypical [intern] responsibilities might include research, special projects, helping to compile lists for departmental distribution, script coverage, observing assistants and agents and learning how to handle administrative assistance, as needed."

4.     The Fair Labor Standards Act ("FLSA") does not contain an exception for interns. In 1947, in *Walling v. Portland Terminal Co.*,[2] the U.S. Supreme Court carved out a narrow exception from the FLSA's broad definition of "employee" for participants in a weeklong training program whose work provided no "immediate advantage" to the employer who provided the training.

5.     According to the U.S. Department of Labor, interns who work for private employers are presumed to be "employees" under the FLSA.[3]  Interns who "are engaged in the operations of the employer or are performing productive work" must be paid the minimum wage even if they "receiv[e] some benefits in the form of a new skill or improved work habits" because the employer "benefits from the interns' work."[4]

6.     Plaintiff brings this action on behalf of herself and those similarly situated who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), to remedy ICM's violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

---

[2]     330 U.S. 148 (1947).
[3]     U.S. Dep't of Labor, Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act, available at http://www.dol.gov/whd/regs/compliance/whdfs71.htm (last visited June 17, 2014).
[4]     *Id.*

7.     Plaintiff also brings this action as a class action under Federal Rule of Civil Procedure 23 for violations of New York Labor Law Art. 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL").

## THE PARTIES

**Kimberly Behzadi**

8.     Kimberly Behzadi is an adult individual who resides in Greenlawn, New York.

9.     Behzadi worked for ICM as an unpaid intern from approximately January 2012 through May 2012 in New York City.

10.     Behzadi is a covered employee within the meaning of the FLSA and the NYLL.

11.     Behzadi's written consent to join form is attached as Exhibit A.

**ICM**

12.     ICM is a limited liability corporation with its corporate headquarters at 10250 Constellation Boulevard, Los Angeles, CA 90067.

13.     ICM has an office in New York City, at which Plaintiff worked, located at 730 Fifth Avenue, New York, NY 10019.

14.     ICM is a covered employer within the meaning of the FLSA and the NYLL.

15.     Throughout the relevant period, ICM set policies that applied to Plaintiff and other similarly situated interns, including compensation policies, and has had the power to control Plaintiff's and other interns' conditions of work.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction with respect to the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

17.     Plaintiff's state law claims are so closely related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

18.     This Court also has jurisdiction over the claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19.     Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of Defendant.

20.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states.

21.     Upon information and belief, there are more than 100 members of the proposed class in the aggregate.

22.     Defendant is subject to personal jurisdiction in New York.

23.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

24.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

25.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in the Southern District of New York and the events or omissions giving rise to the claims occurred in this District.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all persons who worked as interns at ICM in New York and who were not paid the minimum wage for all hours worked between June 17, 2008 and the date of final judgment in this action (the "Intern Class").

27.     Excluded from the Intern Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

28.     The members of the Intern Class are so numerous that joinder of all members is impracticable.

29.     Upon information and belief, the size of the Intern Class is more than 100 individuals.

30.     Defendant has acted or has refused to act on grounds generally applicable to the Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31.     Common questions of law and fact exist as to the Intern Class and predominate over any questions affecting only individual members of the Intern Class, and include, but are not limited to, the following:

    (a)     Whether Defendant has or had a policy or practice of failing to pay Plaintiff and the members of the Intern Class the minimum wage for all hours worked in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 *et seq.*, as alleged herein;

(b)     Whether Defendant failed to provide notice and wage statements to Plaintiff and the Intern Class under the Wage Theft Protection Act;

(c)     Whether the work that Plaintiff and the members of the Intern Class performed provided Defendant with an immediate advantage;

(d)     Whether Plaintiff and the members of the Intern Class performed work that reduced the workload of Defendant's employees, augmented its workforce, or reduced its labor costs;

(e)     Whether Plaintiff and the members of the Intern Class participated in a training program that provided training similar to that which would be given in an educational environment;

(f)     Whether receipt of academic credit provides a defense to the application of the NYLL's minimum wage requirements;

(g)     Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(h)     The nature and extent of class-wide injury and the measure of damages for those injuries.

32.     Plaintiff's claims are typical of the claims of the Intern Class she seeks to represent.

33.     Plaintiff and all members of the Intern Class were subject to the same or similar compensation policies and practices of Defendant. Plaintiff and the Intern Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

34.     Plaintiff will fairly and adequately represent and protect the interests of the Intern Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and members of the Intern Class.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Intern Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the NYLL. Although the relative damages

suffered by individual Intern Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

36.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff brings the First Cause of Action, FLSA claim, on behalf of herself and all persons who worked as interns at ICM, who were not paid the minimum wage for all hours worked between June 17, 2011 and the date of final judgment in this action, and who elect to join the action (the "Intern Collective").

38.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the Intern Collective. Upon information and belief, the Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

39.     Plaintiff and the members of the Intern Class and Intern Collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them minimum wages.

40.     At all times relevant, Defendant's unlawful conduct, policies, and patterns or practices described in this Class Action Complaint have been willful.

41.     As part of its ongoing business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiff and the Intern Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described in this Class Action Complaint.

42.     Defendant has failed to pay minimum wages for all hours worked to Plaintiff and the Intern Class Members.

43.     Defendant has obtained an immediate advantage from the work that Plaintiff and the Intern Class Members performed.

44.     Upon information and belief, Defendant would have hired additional employees or required existing staff to work additional hours had Plaintiff and Intern Class Members not performed work for Defendant.

45.     Upon information and belief, Plaintiff and the Intern Class Members regularly performed productive work that benefited Defendant.

46.     Defendant did not provide training to Plaintiff or the Intern Class Members that is similar to training that would be provided in an educational environment.

47.     Defendant failed to keep accurate or adequate records of hours worked by

8

Plaintiff and the Intern Class Members as required by the FLSA and the NYLL.

48.     Upon information and belief, Defendant's unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiff and the Intern Class Members compensation in violation of the FLSA and NYLL.

49.     Defendant's unlawful conduct has been widespread, repeated, and consistent. Defendant's policies and practices as described herein are ongoing.

50.     Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Intern Class Members.

51.     Defendant's deceptive conduct prevented Plaintiff and the Intern Class from discovering or asserting their claims any earlier than they did.

### PLAINTIFF'S FACTUAL ALLEGATIONS

Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff individually as follows:

52.     From approximately January 2012 through May 2012, Behzadi worked for Defendant as an unpaid intern.

53.     Behzadi worked approximately four days a week.

54.     She typically started work in the morning at approximately 10 a.m. and worked until approximately 6 p.m.

55.     As an intern, Behzadi's duties included, but were not limited to:

    a.   reading scripts and summarizing them for agents;

    b.  maintaining the "comedy calendar," a weekly email of comedy events that was sent to agents and assistants who were actively involved in representing and scouting new talent;

    c.  creating "coverage reports," which broke down and condensed information about scripts such as their title, author, producer, and shooting location, and were used during casting and client meetings;

    d.  creating expense reports for agents;

    e.  compiling casting directors' contact information; and

    f.  performing administrative tasks, such as answering agents' telephone calls.

56.    During her unpaid internship, Behzadi substituted for a paid assistant for approximately five days while the assistant was out of the office on vacation.

57.    Behzadi worked with approximately ten other interns who also performed productive work for their supervisors.

58.    ICM required Behzadi and all other interns to sign an "ICM Internship Information and Agreement."

59.    The Agreement states that "[t]ypical [intern] responsibilities might include research, special projects, helping to compile lists for departmental distribution, script coverage, observing assistants and agents and learning how to handle administrative assistance, as needed."

60.    In approximately November 2012, ICM hired Behzadi as a "floater assistant."

61.    In approximately February 2013, ICM promoted Behzadi to an assistant.

62.    As an assistant, Behzadi reported to two agents.

63.    Behzadi was an assistant until December 2013 when she was laid off.

64.    When she was an assistant, ICM assigned five unpaid interns to work under Behzadi.

65.     The interns shouldered some of Behzadi's workload and allowed her to work fewer hours.

66.     As an assistant, Behzadi observed approximately 30 interns working at ICM in New York during the summer of 2013.

67.     Behzadi saw these interns create coverage reports, do monthly expense reports, update and reformat resumes, update client profiles, update IMDBPro (an internet movie database), and cover paid assistants' desks while the assistants were on their lunch breaks.

68.     Upon information and belief, none of the summer interns were paid.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the Intern Collective)**

69.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

71.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the Intern Collective.

72.     At all relevant times, Defendant has been engaged in commerce and/or in the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or has been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

73.     At all relevant times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(g).

74.     Defendant has engaged in a policy and/or practice of failing to pay Plaintiff and the Intern Collective the applicable minimum wage for all hours it suffered or permitted them to work.

75.     As a result of these minimum wage violations, Plaintiff and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

76.     Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the Intern Collective.

77.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78.     Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiff and the Intern Class)

79.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80.     Defendant failed to pay Plaintiff and the members of the Intern Class the minimum wages to which they are entitled under the NYLL.

81.     Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

82.     At all times relevant, Defendant has been an employer within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

83.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiff and the members of the Intern Class.

84.     Defendant was required to pay Plaintiff and the members of the Intern Class a minimum wage at a rate of (a) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; (b) $7.25 per hour for all hours worked from July 24, 2009 through December 30, 2013; and (c) $8.00 per hour for all hours worked from December 31, 2013 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

85.     Defendant failed to pay Plaintiff and the members of the Intern Class minimum wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

86.     By Defendant's knowing or intentional failure to pay Plaintiff and the members of the Intern Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

87.     Due to Defendant's violations of the NYLL, Plaintiff and the members of the Intern Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
**New York Labor Law – Notice**
**(Brought on behalf of Plaintiff and the Intern Class)**

88.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89.     Defendant has willfully failed to supply Plaintiff and the Intern Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing Plaintiff and the Intern Class Members' rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90.     Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful.  Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful.

91.     Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Intern Class Members are entitled to statutory penalties of fifty dollars for each workweek that Defendant failed to provide them with wage notices, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CLAIM FOR RELIEF
### New York Labor Law – Wage Statement
### (Brought on behalf of Plaintiff and the Intern Class)

92.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93.     Defendant has willfully failed to supply Plaintiff and the Intern Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

94.     Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful.  Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful.

95.     Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Intern Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendant failed to provide them with accurate wage statements, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this

collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid minimum wages and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid minimum wages, pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional amount as liquidated damages pursuant to NYLL § 663;

D. Statutory penalties of fifty dollars for each workweek that Defendant failed to provide Plaintiff and the Intern Class Members with a wage notice, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

E. Statutory penalties of one hundred dollars for each workweek that Defendant failed to provide Plaintiff and the Intern Class Members with accurate wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

F. Certification of the Intern Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G. Designation of Plaintiff as a class representative of the Intern Class and designation of counsel of record as Class Counsel;

H. Pre-judgment interest and post-judgment interest;

I. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

J.        An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

K.        Reasonable attorneys' fees and costs of the action;

L.        Reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the Intern Class and for the risks she took in doing so; and

M.        Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Class Action Complaint.


Dated: New York, New York
       June 17, 2014

                                    Respectfully submitted,
                                    OUTTEN & GOLDEN LLP

                                    By:

                                    *Rachel B*
                                    Rachel Bien

                                    OUTTEN & GOLDEN LLP
                                    Justin M. Swartz
                                    Rachel Bien
                                    Sally J. Abrahamson
                                    3 Park Avenue, 29th Floor
                                    New York, New York 10016
                                    Telephone:  (212) 245-1000
                                    *Attorneys for Plaintiff*

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KIMBERLY BEHZADI, on behalf of herself and all others similarly situated,** | |
| **Plaintiff,** | **CONSENT TO JOIN** |
| -against- | **No.** |
| **INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC,** | |
| **Defendant.** | |

1.      I consent to be a party plaintiff in a lawsuit against International Creative Management Partners, LLC, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I designate Outten & Golden LLP ("O&G") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that O&G will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3.      I also consent to join any separate or subsequent action to assert my claim against International Creative Management Partners, LLC and/or related entities and individuals potentially liable.

Signature

Kimberly Alice Behzadi
Full Legal Name (print)

REDACTED
Street Address

Greenlawn, NY 11740
City, State and Zip Code

REDACTED
Phone Number

REDACTED
Email Address