**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY BEHZADI and JASON RINDENAU, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC, <br><br> Defendant. | No: 14-cv-4382 (LGS) <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs Kimberly Behzadi and Jason Rindenau ("Plaintiffs"), individually and as class representatives on behalf of all others similarly situated, by their attorneys Outten & Golden LLP, allege:

## INTRODUCTION

1.     International Creative Management Partners, LLC ("ICM") is one of the world's largest talent and literary agencies with offices in New York, Los Angeles, and London.[1]

2.     ICM has relied on a steady stream of unpaid interns to perform entry-level work that contributes to its operations and reduces its labor costs.  For example, ICM told prospective interns that they "are first and foremost expected to assist the Agent's Assistant.  That is the primary focus of the internship."

---

[1]     http://www.icmtalent.com/ (last visited on June 15, 2014).

3.      As unpaid interns at ICM, Plaintiffs regularly performed productive work that benefited ICM, including reading scripts and summarizing them for agents, doing expenses, making photocopies, running errands, compiling information for agents, and/or performing other administrative tasks, such as answering the phones and printing labels.

4.      Plaintiffs' work was typical of the work that other unpaid interns at ICM performed.  According to ICM, "[t]ypical [intern] responsibilities might include research, special projects, helping to compile lists for departmental distribution, script coverage, observing assistants and agents and learning how to handle administrative assistance, as needed."

5.      The Fair Labor Standards Act ("FLSA") does not contain an exception for interns. In 1947, in *Walling v. Portland Terminal Co.*,[2] the U.S. Supreme Court carved out a narrow exception from the FLSA's broad definition of "employee" for participants in a weeklong training program whose work provided no "immediate advantage" to the employer who provided the training.

6.      According to the U.S. Department of Labor, interns who work for private employers are presumed to be "employees" under the FLSA.[3]  Interns who "are engaged in the operations of the employer or are performing productive work" must be paid the minimum wage even if they "receiv[e] some benefits in the form of a new skill or improved work habits" because the employer "benefits from the interns' work."[4]

7.      Plaintiffs bring this action on behalf of themselves and those similarly situated who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and

---

[2]      330 U.S. 148 (1947).

[3]      U.S. Dep't of Labor, Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act, available at http://www.dol.gov/whd/regs/compliance/whdfs71.htm (last visited June 17, 2014).

[4]      *Id.*

specifically, its collective action provision, 29 U.S.C. § 216(b), to remedy ICM's violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

8.     Plaintiff Behzadi brings this action as a class action under Federal Rule of Civil Procedure 23 for violations of New York Labor Law Art. 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL").

9.     Plaintiff Rindenau brings this action as a class action under Federal Rule of Civil Procedure 23 for violations of the California Labor Code §§ 201-203, 226, 1174, 1174.5, 1194, 1194.2, 1197.1, 2698-2699.5, and 2802 ("California Labor Code"), and California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

## THE PARTIES

**Plaintiffs**

**Kimberly Behzadi**

10.     Kimberly Behzadi is an adult individual who resides in Greenlawn, New York.

11.     Behzadi worked for ICM as an unpaid intern from approximately January 2012 through May 2012 in New York City.

12.      Behzadi is a covered employee within the meaning of the FLSA and the NYLL.

13.     Behzadi has filed a written consent to join form.

**Jason Rindenau**

14.     Jason Rindenau is an adult individual who resides in New York, New York.

15.     Rindenau worked for ICM as an unpaid intern from approximately May 2011 through August 2011 in Los Angeles, California.

16.     Rindenau is a covered employee within the meaning of the FLSA and the California Labor Code.

17.     Rindenau has filed a written consent to join form.

**ICM**

18.     ICM is a limited liability corporation with its corporate headquarters at 10250 Constellation Boulevard, Los Angeles, CA 90067.

19.     ICM has an office in New York City, at which Plaintiff Bezhadi worked, located at 730 Fifth Avenue, New York, NY 10019.

20.     ICM is a covered employer within the meaning of the FLSA, NYLL, and California Labor Code.

21.     Throughout the relevant period, ICM set policies that applied to Plaintiffs and other similarly situated interns, including compensation policies, and has had the power to control Plaintiffs' and other interns' conditions of work.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction with respect to the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

23.     Plaintiffs' state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

24.     This Court also has jurisdiction over the claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25.     Upon information and belief, at least one member of each of the proposed classes is a citizen of a state different from that of Defendant.

26.     Upon information and belief, citizenship of the members of each of the proposed classes is dispersed among a substantial number of states.

27.     Upon information and belief, there are more than 100 members of each proposed class in the aggregate.

28.     Defendant is subject to personal jurisdiction in New York.

29.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

30.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

31.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in the Southern District of New York and events or omissions giving rise to the claims occurred in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

32.     Plaintiff Bezhadi brings the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all persons who worked as interns at ICM in New York and who were not paid the minimum wage for all hours worked between June 17, 2008 and the date of final judgment in this action (the "New York Intern Class").

33.     Excluded from the New York Intern Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

34.     The members of the New York Intern Class are so numerous that joinder of all members is impracticable.

35.     Upon information and belief, the size of the New York Intern Class is more than 100 individuals.

36.     Defendant has acted or has refused to act on grounds generally applicable to the New York Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

37.     Common questions of law and fact exist as to the New York Intern Class and predominate over any questions affecting only individual members of the New York Intern Class, and include, but are not limited to, the following:

(a)     Whether Defendant has or had a policy or practice of failing to pay Plaintiff and the members of the New York Intern Class the minimum wage for all hours worked in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 *et seq.*, as alleged herein;

(b)     Whether Defendant failed to provide notice and wage statements to Plaintiff and the New York Intern Class under the Wage Theft Protection Act;

(c)     Whether the work that Plaintiff and the members of the New York Intern Class performed provided Defendant with an immediate advantage;

(d)     Whether Plaintiff and the members of the New York Intern Class performed work that reduced the workload of Defendant's employees, augmented its workforce, or reduced its labor costs;

(e)     Whether Plaintiff and the members of the New York Intern Class participated in a training program that provided training similar to that which would be given in an educational environment;

(f)     Whether receipt of academic credit provides a defense to the application of the NYLL's minimum wage requirements;

(g)   Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(h)   The nature and extent of class-wide injury and the measure of damages for those injuries.

38.   Plaintiff's claims are typical of the claims of the New York Intern Class she seeks to represent.

39.   Plaintiff and all members of the New York Intern Class were subject to the same or similar compensation policies and practices of Defendant.  Plaintiff and the New York Intern Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

40.   Plaintiff will fairly and adequately represent and protect the interests of the New York Intern Class.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and members of the New York Intern Class.

41.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the New York Intern Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the NYLL.  Although the relative damages suffered by individual New York Intern Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices.  In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about

Defendant's practices.

42.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CALIFORNIA CLASS ACTION ALLEGATIONS

43.     Plaintiff Rindenau brings the Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action, California Labor Code and Unfair Competition Law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all persons who worked as interns at ICM in California and who were not paid the minimum wage for all hours worked between August 15, 2010 and the date of final judgment in this action (the "California Intern Class").

44.     Excluded from the California Intern Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

45.     The members of the California Intern Class are so numerous that joinder of all members is impracticable.

46.     Upon information and belief, the size of the California Intern Class is more than 100 individuals.

47.     Defendant has acted or has refused to act on grounds generally applicable to the California Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

48.     Common questions of law and fact exist as to the California Intern Class and predominate over any questions affecting only individual members of the California Intern Class,

and include, but are not limited to, the following:

(a)   Whether Defendant has or had a policy or practice of failing to pay Plaintiff and the members of the California Intern Class the minimum wage for all hours worked in violation of California Labor Code § 1194;

(b)   Whether Defendant failed to pay Plaintiff and the members of the California Intern Class all wages due as required under California Labor Code §§ 201-203, 256;

(c)   Whether Defendant failed to provide appropriate wage statements to Plaintiff and the members of the California Intern Class as required under California Labor Code §§ 226, 226.3, 1174, & 1174.5;

(d)   Whether Defendant's conduct, as alleged herein, constituted an unfair business act or practice in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

(e)   Whether Defendant's policy or practice of requiring Plaintiff and the members of the California Intern Class to purchase school credit and/or to pay other expenses in the discharge of their duties for which they were not reimbursed, including expenses for the operation of personal motor vehicles such as mileage, insurance, gasoline and oil, parking costs, tolls, and depreciation and maintenance of their vehicles, violated California Labor Code § 2802;

(f)   Whether Defendant violated the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, through its above-mentioned violations of law;

(g)   Whether the work that Plaintiff and the members of the California Intern Class performed provided Defendant with an immediate advantage;

(h)   Whether Plaintiff and the members of the California Intern Class performed work that reduced the workload of Defendant's employees, augmented its workforce, or reduced its labor costs;

(i)   Whether Plaintiff and the members of the California Intern Class participated in a training program that provided training similar to that which would be given in an educational environment;

(j)   Whether receipt of academic credit provides a defense to the application of the California's minimum wage and overtime requirements;

(k)   Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(l)     The nature and extent of class-wide injury and the measure of damages for those injuries.

49.     Plaintiff's claims are typical of the claims of the California Intern Class he seeks to represent.

50.     Plaintiff and all members of the California Intern Class were subject to the same or similar compensation policies and practices of Defendant.  Plaintiff and the California Intern Class have all sustained similar types of damages as a result of Defendant's failure to comply with the California Labor Code.

51.     Plaintiff will fairly and adequately represent and protect the interests of the California Intern Class.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and members of the California Intern Class.

52.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the California Intern Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the California Labor Code.  Although the relative damages suffered by individual California Intern Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices.  In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

53.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring the First Cause of Action, FLSA claim, on behalf of themselves and all persons who worked as interns at ICM, who were not paid the minimum wage for all hours worked between June 17, 2011 and the date of final judgment in this action, and who elect to join the action (the "Intern Collective").

55.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the Intern Collective.  Upon information and belief, the Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

56.     Plaintiffs and the members of the New York and California Intern Classes and Intern Collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA, the NYLL, and/or the California Labor Code by denying them minimum wages and/or overtime.

57.     At all times relevant, Defendant's unlawful conduct, policies, and patterns or practices described in this First Amended Class Action Complaint have been willful.

58.     As part of its ongoing business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiffs and the Intern Class Members by engaging in a pattern,

practice, and/or policy of violating the FLSA, NYLL, and/or California Labor Code as described in this First Amended Class Action Complaint.

59.     Defendant has failed to pay minimum wages for all hours worked to Plaintiffs and the Intern Class Members.

60.     Defendant has failed to pay overtime to Plaintiff Rindenau and California Intern Class Members who worked in excess of 8 hours in a day.

61.     Defendant has obtained an immediate advantage from the work that Plaintiffs and the Intern Class Members performed.

62.     Upon information and belief, Defendant would have hired additional employees or required existing staff to work additional hours had Plaintiffs and Intern Class Members not performed work for Defendant.

63.     Upon information and belief, Plaintiffs and the Intern Class Members regularly performed productive work that benefited Defendant.

64.     Defendant did not provide training to Plaintiffs or the Intern Class Members that is similar to training that would be provided in an educational environment.

65.     Defendant failed to keep accurate or adequate records of hours worked by Plaintiffs and the Intern Class Members as required by the FLSA, NYLL, and California Labor Code.

66.     Upon information and belief, Defendant's unlawful conduct described in this First Amended Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and the Intern Class Members compensation in violation of the FLSA, NYLL, and California Labor Code.

67.    Defendant's unlawful conduct has been widespread, repeated, and consistent. Defendant's policies and practices as described herein are ongoing.

68.    Defendant's unlawful conduct, as set forth in this First Amended Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Intern Class Members.

69.    Defendant's deceptive conduct prevented Plaintiffs and the Intern Class from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiffs individually as follows:

**Kimberly Behzadi**

70.    From approximately January 2012 through May 2012, Behzadi worked for Defendant as an unpaid intern.

71.    Behzadi worked approximately four days a week.

72.    She typically started work in the morning at approximately 10 a.m. and worked until approximately 6 p.m.

73.    As an intern, Behzadi's duties included, but were not limited to:

    a.  reading scripts and summarizing them for agents;

    b.  maintaining the "comedy calendar," a weekly email of comedy events that was sent to agents and assistants who were actively involved in representing and scouting new talent;

    c.  creating "coverage reports," which broke down and condensed information about scripts such as their title, author, producer, and shooting location, and were used during casting and client meetings;

    d.  creating expense reports for agents;

  e. compiling casting directors' contact information; and

  f. performing administrative tasks, such as answering agents' telephone calls.

74. During her unpaid internship, Behzadi substituted for a paid assistant for approximately five days while the assistant was out of the office on vacation.

75. Behzadi worked with approximately ten other interns who also performed productive work for their supervisors.

76. ICM required Behzadi and all other interns to sign an "ICM Internship Information and Agreement."

77. The Agreement states that "[t]ypical [intern] responsibilities might include research, special projects, helping to compile lists for departmental distribution, script coverage, observing assistants and agents and learning how to handle administrative assistance, as needed."

78. In approximately November 2012, ICM hired Behzadi as a "floater assistant."

79. In approximately February 2013, ICM promoted Behzadi to an assistant.

80. As an assistant, Behzadi reported to two agents.

81. Behzadi was an assistant until December 2013 when she was laid off.

82. When she was an assistant, ICM assigned five unpaid interns to work under Behzadi.

83. The interns shouldered some of Behzadi's workload and allowed her to work fewer hours.

84. As an assistant, Behzadi observed approximately 30 interns working at ICM in New York during the summer of 2013.

85.     Behzadi saw these interns create coverage reports, do monthly expense reports, update and reformat resumes, update client profiles, update IMDBPro (an internet movie database), and cover paid assistants' desks while the assistants were on their lunch breaks.

86.     Upon information and belief, none of the summer interns were paid.

**Jason Rindenau**

87.     From approximately May 2011 through approximately August 2011, Rindenau worked for Defendant as an unpaid intern.

88.     Rindenau worked approximately four to five days a week.

89.     He typically started work in the morning at approximately 10 a.m. and worked until approximately 6 p.m.

90.     As an intern, Rindenau's duties included, but were not limited to:

   a.   creating "coverage reports," which broke down and condensed information about scripts such as their title, author, producer, and shooting location, and were used during casting and client meetings;

   b.   reviewing client contracts;

   c.   doing administrative work, like photocopying and printing out and applying labels to DVDs;

   d.   going on personal errands for agents; and

   e.   compiling information for agents.

91.     During the summer when Rindenau interned, there were approximately 45 other interns who interned at the same office.

92.     Rindenau talked to other interns during periodic lunches about their duties.  These other interns described doing productive work that benefited ICM.

93.     Because Rindenau's school would not award him credit for his internship, Rindenau was required to purchase credits out-of-pocket at a local community college in California to intern at ICM.

94.     Rindenau was required to use his own car to do errands for ICM employees, but ICM did not reimburse him for the gas and other expenses he incurred on these errands.

95.     Rindenau worked with approximately 3-4 other interns in the same department who performed the same or very similar duties that he performed.

96.     ICM told Rindenau in a document that it provided to him that, "Interns are first and foremost expected to assist the Agent's Assistant.  That is the primary focus of the internship."

97.     ICM told Rindenau in a document that it provided to him that interns' "duties can range from simple clerical tasks (photocopying, filing, typing, etc.) to helping to roll calls with the Agent or assisting with special projects."

98.      ICM told Rindenau in a document that it provided to him that "What your average day entails is determined by your abilities, the Assistant's needs and the Agent's needs."

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiffs and the Intern Collective)

99.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

100.    Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this First Amended Class Action Complaint.

101.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the Intern Collective.

102.    At all relevant times, Defendant has been engaged in commerce and/or in the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or has been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

103.    At all relevant times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(g).

104.    Defendant has engaged in a policy and/or practice of failing to pay Plaintiffs and the Intern Collective the applicable minimum wage for all hours it suffered or permitted them to work.

105.    As a result of these minimum wage violations, Plaintiffs and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

106.    Defendant's unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this First Amended Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern Collective.

107.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

108.    Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiff Behzadi and the New York Intern Class)

109.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

110.    Defendant failed to pay Plaintiff and the members of the New York Intern Class the minimum wages to which they are entitled under the NYLL.

111.    Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

112.    At all times relevant, Defendant has been an employer within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

113.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiff and the members of the New York Intern Class.

114.    Defendant was required to pay Plaintiff and the members of the New York Intern Class a minimum wage at a rate of (a) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; (b) $7.25 per hour for all hours worked from July 24, 2009 through December 30, 2013; and (c) $8.00 per hour for all hours worked from December 31, 2013 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

115.    Defendant failed to pay Plaintiff and the members of the New York Intern Class minimum wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

116.    By Defendant's knowing or intentional failure to pay Plaintiff and the members of the New York Intern Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

117.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the New York Intern Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Notice**
**(Brought on behalf of Plaintiff Behzadi and the New York Intern Class)**

118.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

119.    Defendant has willfully failed to supply Plaintiff and the New York Intern Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing Plaintiff and the New York Intern Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

120.    Defendant's unlawful conduct, as described in this First Amended Class Action Complaint, has been willful.  Defendant was aware or should have been aware that the practices described in this First Amended Class Action Complaint were unlawful.

121.    Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Intern Class Members are entitled to statutory penalties of fifty dollars for each workweek that Defendant failed to provide them with wage notices, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Wage Statement
### (Brought on behalf of Plaintiff Behzadi and the New York Intern Class)

122.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

123.    Defendant has willfully failed to supply Plaintiff and the New York Intern Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

124.    Defendant's unlawful conduct, as described in this First Amended Class Action Complaint, has been willful.  Defendant was aware or should have been aware that the practices described in this First Amended Class Action Complaint were unlawful.

125.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the New York Intern Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendant failed to provide them with accurate wage statements, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### FIFTH CAUSE OF ACTION
### Cal. Labor Code §§ 1194, 1194.2, 1197.1 – Minimum Wage
### (Brought on behalf of Plaintiff Rindenau and the California Intern Class)

126.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

127.    Defendant has engaged in a widespread pattern, policy, and practice of violating the California Labor Code, Cal. Labor Code §§ 1194, 1194.2, and 1197.1, as detailed in this First Amended Class Action Complaint.

128.    Defendant's conduct as alleged has injured Plaintiff and the California Intern Class by wrongfully denying them earned minimum wages.

129.    Plaintiff and the members of the California Intern Class are entitled to be paid minimum wages for all hours worked.

130.    Plaintiff, on his own behalf and on behalf of the California Intern Class, seeks recovery of unpaid wages, liquidated damages, pre-judgment interest, and attorneys' fees and costs of this action.

## SIXTH CAUSE OF ACTION
### Cal. Labor Code §§ 201, 202, & 203 -- Wage Payment Provisions
### (Brought on behalf of Plaintiff Rindenau and the California Intern Class)

131.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

132.    California Labor Code §§ 201 and 202 require Defendant to pay all wages due within the time specified by law.

133.    California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

134.    Plaintiff and California Intern Class Members, whose internships at Defendant have ceased, are entitled to unpaid compensation, but to date have not received such compensation.

135.    As set forth in this First Amended Class Action Complaint, Defendant's failure to pay Plaintiff and the California Intern Class has been wilful and intended to reduce labor costs.

136.    More than thirty days have passed since Plaintiff and many California Intern Class Members ended their internships.

137.    As a consequence of Defendant's failure to pay Plaintiff and California Intern Class Members wages as required by §§ 201-203, Plaintiff and the California Intern Class are entitled to thirty days' wages under § 203, together with interest thereon and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### Cal. Labor Code §§ 226, 1174, & 1174.5 -- California Record-Keeping Provisions
### (Brought on behalf of Plaintiff Rindenau and the California Intern Class)

138.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

139.   Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to Plaintiff and the California Intern Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.

140.   Such failure caused injury to Plaintiff and the California Intern Class, by, among other things, impeding them from knowing the amount of wages to which they were entitled.

141.   At all times relevant, Defendant has failed to maintain records of hours worked by Plaintiff and the California Intern Class as required under Labor Code § 1174(d).

142.   Plaintiff and the California Intern Class are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seeks the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each violation in a subsequent pay period.

## EIGHTH CAUSE OF ACTION
### California Labor Code § 2802 -- Failure to Reimburse Expenses
### (Brought on behalf of Plaintiff Rindenau and the California Intern Class)

143.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

144.   In order to be hired as an intern at Defendant, Plaintiff and California Intern Class Members were required to obtain school credit, which cost them hundreds or thousands of dollars.

145.    Plaintiff paid for the school credit he was required to obtain out of pocket.

146.    Defendant also required Plaintiff and California Intern Class Members to use their personal vehicles to perform work-related travel.

147.    Defendant did not reimburse Plaintiff or California Intern Class Members for the cost of the school credit it required them to purchase for its benefit.

148.    Defendant did not reimburse Plaintiff or California Intern Class Members for expenses incurred as a result of their use of their own vehicles for work, including, but not limited to, mileage, insurance, gasoline and oil, parking costs, tolls, and depreciation and maintenance of their vehicles.

149.    Defendant's failure to pay for or reimburse the work-related expenses of Plaintiff and the California Intern Class violated non-waivable rights protected by Labor Code § 2802.

150.    Plaintiff and the California Intern Class are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs under § 2802.

### NINTH CAUSE OF ACTION
**Cal. Bus. & Prof. Code §§ 17200 *et seq.* -- California Unfair Competition Law**
**(Brought on behalf of Plaintiff Rindenau and the California Intern Class)**

151.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

152.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

153.    Beginning at a date unknown to Plaintiff, but at least as long ago as four years ago, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.

24

154.    Defendant's conduct as herein alleged has injured Plaintiff and the California Intern Class by wrongfully denying them earned wages, and therefore was substantially injurious to them.

155.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

      a.      The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.;

      b.      California Labor Code § 1194, 1194.2, 1197.1;

      c.      California Labor Code §§ 201, 202, 203, 226;

      d.      California Labor Code §§ 1174, 1174.5; and

      e.      California Labor Code § 2802.

156.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

157.    The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the California Intern Class in that they were wrongfully denied the payment of earned wages.

158.    Plaintiff and the California Intern Class seek restitution in the amount of the unpaid wages earned and other statutory remedies, including, but not limited to attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

## TENTH CAUSE OF ACTION
### Cal. Labor Code §§ 2698-2699.5 – PAGA Claims for Civil Penalties
### (Brought on behalf of Plaintiff Rindenau and the California Intern Class)

159.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

160.    Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved person can bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved person, pursuant to Cal. Labor Code § 2699.

161.    Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay minimum wages to Plaintiff and California Intern Class members, failure to keep and furnish them with records of hours worked, failure to pay them all wages due immediately upon discharge and within the time required by law, and failure to reimburse them for business expenses are unlawful and constitute violations of the Cal. Labor Code, each actionable under PAGA.

162.    Plaintiff alleges, on behalf of himself and the California Intern Class, as well as the general public, that Defendant has violated the following provisions of the Cal. Labor Code that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Labor Code §§ 201-203, 226, 1174, 1174.5, 1194, 1194.2, 1197.1, and 2802.  Each of these violations entitles the Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all those aggrieved, and on behalf of the general public.

163.    Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

26

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

164. Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

165. Plaintiff is entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a) for Defendant's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law.  Further, the Plaintiff is entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(f) for Defendant's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

166. On August 15, 2014, Plaintiff provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case contemporaneous with the filing of the First Amended Class Action Complaint in this action.

167. Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the Cal. Labor Code and Wage

Orders that are alleged in this First Amended Class Action Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seek the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid minimum wages, pursuant to NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations, and an additional amount as liquidated damages pursuant to NYLL § 663, for Plaintiff Behzadi and the New York Intern Class;

D.      Statutory penalties of fifty dollars for each workweek that Defendant failed to provide Plaintiff Behzadi and the New York Intern Class Members with a wage notice, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

E.      Statutory penalties of one hundred dollars for each workweek that Defendant failed to provide Plaintiff Behzadi and the New York Intern Class Members with accurate wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

F.      Unpaid minimum wages, unreimbursed expenses, statutory and civil penalties,

and liquidated damages under California Labor Code §§ 201-203, 226, 1174, 1174.5, 1194, 1194.2, 1197.1, 2698-2699.5, and 2802 and California Unfair Competition Law §§ 17200 *et seq.*, for Plaintiff Rindenau and the California Intern Class.

        G.        Certification of the New York and California Intern Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

        H.        Designation of Plaintiffs as class representatives of the New York and California Intern Classes and designation of counsel of record as Class Counsel;

        I.        Pre-judgment interest and post-judgment interest;

        J.        Issuance of a declaratory judgment that the practices complained of in this First Amended Class Action Complaint are unlawful under the NYLL and California Labor Code;

        K.        An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and California Labor Code and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

        L.        Reasonable attorneys' fees and costs of the action;

        M.        Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Intern Classes and for the risks they took in doing so; and

        N.        Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the First Amended Class Action Complaint.

Dated: New York, New York
       August 15, 2014

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

Rachel Bien

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
*Attorneys for Plaintiffs*