# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| KIMBERLY BEHZADI and JASON RINDENAU, on behalf of themselves and all others similarly situated, | : : : : | Case No.: 14-CV-4382 (LGS) |
| Plaintiffs, | : : | **ECF Case** |
| v. | : : : | |
| INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC, | : : : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER GRANTING PRELIMINARY**
**APPROVAL OF SETTLEMENT STIPULATION**

The Court now takes up the *Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Stipulation* (the "Motion"). After reviewing the Motion, the supporting Memorandum of Law in Support of Preliminary Approval of Settlement Stipulation (the "Memorandum"), and the Settlement Stipulation, the Court hereby finds as follows:

A.   On [*insert date of filing*], the Named Plaintiffs Kimberly Behzadi and Jason Rindenau and Defendant International Creative Management Partners, LLC, by their respective counsel of record, filed with this Court a Settlement Stipulation ("Settlement").

B.   This Settlement applies to the above-captioned action, which is referred to as the "Class Litigation."

C.   In their Motion, Plaintiffs are seeking class certification for the sole purpose of settlement under Fed. R. Civ. P. 23 of the **NY Rule 23 Settlement Class**, which shall include all individuals who had an Internship in New York State at ICM between June 17, 2008 and December 31, 2013, and the **CA Rule 23 Settlement Class**, which shall include all individuals who had an Internship in California State at ICM between August 15, 2010 and December 31, 2013.

D. Plaintiffs are also seeking conditional certification for the sole purpose of settlement under the Fair Labor Standards Act ("FLSA") of the **FLSA Settlement Collective**, which shall include all individuals who had an Internship at ICM between June 17, 2011 and December 31, 2013.

E. This Court has duly considered all of the submissions presented with respect to the Settlement.

F. All capitalized terms in this Order with respect to the Settlement that are not otherwise defined have the same meaning as in the Settlement Stipulation.

G. NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. For the reasons set forth in the Memorandum, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification. The Court hereby certifies the following classes for the sole purpose of settlement:

   **NY Rule 23 Settlement Class**: All individuals who had an Internship in New York State at ICM between June 17, 2008 and December 31, 2013.

   **CA Rule 23 Settlement Class**: All individuals who had an Internship in California State at ICM between August 15, 2010 and December 31, 2013.

2. For the reasons set forth in the Memorandum, this Court also finds that the requirements for conditional certification under the FLSA have been satisfied. The Court hereby certifies the following collective for the sole purpose of settlement:

   **FLSA Settlement Collective:** All individuals who had an Internship at ICM between June 17, 2011 and December 31, 2013.

3. The Court finds that the Settlement is fair, reasonable and adequate and should be preliminarily approved. The Settlement will ensure prompt payment to class and collective members and avoid the risks and expense of continued litigation.

4.     The Court has reviewed the terms and conditions of the Settlement, including the monetary relief provisions, the plan of allocation, and the release of claims.  Based on its review of the Settlement, the Memorandum and the Court's familiarity with this case, the Court finds that the Settlement is the result of extensive, arms-length negotiations between the parties after Class Counsel and Defendant's counsel had fully investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of a JAMS mediator and the length of settlement discussions confirm that the Settlement is not collusive.  Based on all of these factors, the Court finds that the Settlement has no obvious defects and is within the range of possible settlement approval such that notice to the Settlement Class and Collective as set forth in the Settlement is appropriate.

5.     For purposes of the Settlement, this Court approves Outten & Golden LLP as Class Counsel for the FLSA Settlement Collective, the NY Rule 23 Settlement Class, and the CA Rule 23 Settlement Class.

6.     For purposes of the Settlement, the Court approves Rust Consulting, Inc. as the Claims Administrator.

7.     The Notice Forms and Claims Forms attached as Exhibits to the Settlement Stipulation fully and accurately inform the Class Members of all material elements of the action and the proposed Settlement.

8.     Regarding the NY Rule 23 Settlement Class, the Court finds that the Settlement satisfies all the requirements for certification under Rule 23(a) and 23(b)(3). Specifically, the class is sufficiently numerous that joinder is impracticable. The members of the class share common issues of fact and law. Behzadi has claims that are typical of those of the NY Rule 23 Settlement Class since they arise out of the same general conduct of paying interns less than minimum wage of which all class members complain. Behzadi is an adequate representative of the NY Rule 23 Settlement Class since her interests are co-extensive with those of the class members and are not in conflict with them.  Behzadi has also retained experienced counsel to represent the NY Rule 23 Settlement Class. Questions of law and fact common to the class

predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

9. Regarding the CA Rule 23 Settlement Class, the Court finds that the Settlement satisfies all the requirements for certification under Rule 23(a) and 23(b)(3). Specifically, the class is sufficiently numerous that joinder is impracticable. The members of the class share common issues of fact and law. Rindenau has claims that are typical of those of the CA Rule 23 Settlement Class since they arise out of the same general conduct of paying interns less than minimum wage of which all class members complain. Rindenau is an adequate representative of the CA Rule 23 Settlement Class since her interests are co-extensive with those of the class members and are not in conflict with them. Rindenau has also retained experienced counsel to represent the CA Rule 23 Settlement Class. Questions of law and fact common to the class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

10. The parties propose to disseminate Class Notices for all Class Members via first class mail and email to the last known addresses of Class Members, in accordance with Section 13(b) of the Settlement, and to include links to a general version of the notice on a website in accordance with Section 13(c) of the Settlement. This Court finds that the method of disseminating the Class Notices to the Class Members, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

11. The Court also finds that the proposed form and content of the Claim Forms and Exclusion Form fully comport with the requirements of applicable federal and state law.

12. Based on the foregoing, the proposed Class Notice, Claim Form and Exclusion Form attached as Exhibits A and B to the Settlement are hereby approved by the Court.

13. Within 30 business days after the entry of this Order, in accordance with Section 12 of the Settlement ICM will provide the information described in Section 12 of the Settlement to the Claims Administrator and Class Counsel.

14. Within 45 business days after the entry of this Order, the Claims Administrator shall mail the Notice Packages by first class mail and email in accordance with Section 13(b) of the Settlement to the last known addresses of each Class Member in accordance with the terms of the Settlement.

15. Each Class Member shall have 60 days from the mailing of the Notice Package, which shall be extended in accordance with Section 13(b) of the Settlement, to return a Claim Form, object to the Settlement, or exclude him or herself from the Settlement.

16. The Court schedules a fairness hearing on _____, 20__, at __ [a.m./p.m.] to address: (a) whether the proposed Settlement Stipulation should be finally approved as fair, reasonable, and adequate as to the Class Members; (b) Class Counsel's application for attorneys' fees and costs; and (c) the Claims Administrator's application for fees and costs.

17. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Preliminary Order of Approval.

Dated this _____ day of _____, 20___.
New York, New York

    SO ORDERED:

    _____
    Hon. Lorna G. Schofield
    United States District Judge