**OUTTEN & GOLDEN LLP**
Rachel Bien
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY BEHZADI and JASON RINDENAU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC,<br><br>Defendant. | No. 14-cv-4382 (LGS) |

**DECLARATION OF RACHEL BIEN IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
<u>APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT</u>**

I, Rachel Bien, declare as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiffs' counsel herein, and co-chair of its Class Action Practice Group. O&G is a 40+ attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation that involve wage and hour and discrimination claims, as well as contract and severance negotiations.

2. I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the proposed class.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

## My Background and Experience

4. I received a Juris Doctor degree *cum laude* from Brooklyn Law School in 2005. I joined O&G in October 2006 after serving as a Law Clerk to the Honorable Thomas G. Nelson on the Ninth Circuit Court of Appeals. Since joining O&G, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I am a member of the American Bar Association's Labor and Employment Law Section and the Equal Employment Opportunity Committee. I am also a member of the National Employment Lawyers Association ("NELA") and NELA's New York Chapter. I speak frequently on employment law issues, including wage and hour topics.

6. I am or was co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Glatt v. Fox Searchlight Pictures, Inc.* (S.D.N.Y.), in which the district court granted summary judgment in favor of the plaintiffs and certified a class and collective of unpaid interns, *see* 293 F.R.D. 516 (S.D.N.Y. June 11, 2013). Others include *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 WL

1656920 (S.D.N.Y. May 9, 2012) (certifying class of restaurant workers and approving settlement of wage and hour class action brought under New York and federal law); *Campos v. Goode*, No. 10 Civ. 0224, 2011 WL 9530385, at *2-3 (S.D.N.Y. Mar. 4, 2011) (same); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405 (S.D.N.Y. May 17, 2011) (same); and *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) (same).

7. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g.*, *Flores v. Anjost Corp.*, No. 11 Civ. 1531, 2014 WL 321831, at *3 (S.D.N.Y. Jan. 29, 2014) (O&G attorneys "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law") (internal quotation marks and citation omitted); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel and noting that O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law").

**Litigation & Settlement History**

8. Before the initiation of this action, O&G attorneys conducted a thorough investigation into the merits of the potential claims and defenses. We focused our investigation and legal research on the underlying merits of Plaintiffs' claims, their damages, and the propriety of class certification.

9. We conducted in-depth interviews with the Plaintiffs and several other former interns to determine the nature of their duties and responsibilities, the hours that they worked, and other information relevant to the claims. We also obtained and reviewed documents from Plaintiffs related to their internships, including offer letters, agreements, internship program

descriptions, and resumes.

10. We conducted background research on Defendant to obtain information on Defendant's corporate structure.

11. On June 17, 2014, Plaintiff Kimberly Behzadi ("Behzadi") filed a class and collective action complaint alleging that ICM failed to pay minimum wages to her and other interns for the work that they performed during their internships in violation the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  ECF No. 1.

12. On August 15, 2014, Behzadi amended her complaint, adding Jason Rindenau ("Rindenau") as a named Plaintiff and claims under the California Labor Code and Unfair Competition Law.  ECF No. 23.

13. On July 29, 2014, ICM moved to compel Behzadi to arbitrate her claims.  ECF No. 15.

14. On August 26, 2014, Behzadi filed her opposition to ICM's motion to compel and Plaintiffs filed a motion for conditional certification and court-authorized notice pursuant to 29 U.S.C. § 216(b).  ECF No. 24.

15. On September 5, 2014, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint, ECF No. 31, which Plaintiffs opposed.  ECF No. 43.

16. On December 15, 2014, the parties participated in an all-day mediation session with Dina Jansenson of JAMS, a well-known and respected mediator.

17. At the mediation, the parties reached an agreement on the material terms of a settlement.

18. Over the next few weeks, the parties negotiated a detailed Settlement Stipulation. A true and correct copy of the Settlement Stipulation is attached hereto as **Exhibit A**.

19. At all times, the negotiations were conducted on an arm's-length basis.

**<u>Settlement Terms and Allocation Formula</u>**

20. The Settlement Stipulation provides that Defendant will pay a Maximum Settlement Amount[1] of $5,850,000.00.  Ex. A (Settlement Stipulation) §§ 2, 7-10.  The Maximum Settlement Amount will be used for Participating Class Members' awards, Service Payments to Plaintiffs, Attorneys' Fees and Costs, the Claims Administrator's Fees and Costs, and Participating Class Members' share of payroll taxes.  *Id*.

21. The Settlement Stipulation covers three partially overlapping groups of Class Members.  The FLSA Settlement Collective includes all individuals who had Internships at ICM between June 17, 2011 and December 31, 2013.  Ex. A (Settlement Stipulation) § 5.  The New York Rule 23 Settlement Class includes all individuals who had Internships at ICM in New York State between June 17, 2008 and December 31, 2013.  *Id*.  The California Rule 23 Settlement Class includes all individuals who had an Internship at ICM in California between August 15, 2010 and December 31, 2013.  *Id.*

22. The Settlement Stipulation defines "Internship" as "time spent by an individual who was unpaid or paid less than the minimum wage then in effect while performing activities for ICM during the Applicable Class Period and while performing those activities was identified by ICM as an intern.  *Id*. § 1(s).

23. Participating Class Members will be paid pursuant to an allocation formula based on the estimated number of hours spent interning and the state in which they interned.  *Id*. §§ 1(t), 6.  Estimates of Internship Hours were determined based on ICM's records.  *Id*. § 1(t).  Each Class Member will be assigned one point for each Internship Hour.  *Id*. § 6.

---

[1] Unless otherwise indicated, all capitalized terms have the definitions set forth in the Settlement Stipulation.

5

24. Two-thirds of the Net Settlement Amount will be allocated to the CA Rule 23 Settlement Class ("CA Net Settlement Amount") and one-third of the Net Settlement Amount will be allocated to the NY Rule 23 Settlement Class ("NY Net Settlement Amount"). The greater number of points allocated to the California Rule 23 Settlement Class reflects the value of additional claims and monetary remedies available under California law that are not available under the NYLL. *Id.* § 6.

25. The Claims Administrator will calculate each CA Rule 23 Class Member's proportionate share by adding all the points for the CA Rule 23 Settlement Class to obtain the "Total CA Denominator," then dividing the number of points for each Participating CA Rule 23 Class Member by the Total CA Denominator to obtain each CA Rule 23 Class Member's "Portion of the CA Net Settlement Amount," and finally the Claims Administrator will multiply each CA Rule 23 Class Member's Portion of the CA Net Settlement Amount by the CA Net Settlement Amount to determine each CA Class Member's "Settlement Award." *Id.* § 6.

26. The Claims Administrator will then calculate each NY Rule 23 Class Member's proportionate share by adding all the points for the NY Rule 23 Settlement Class to obtain the "Total NY Denominator," then dividing the number of points for each Participating NY Rule 23 Class Member by the Total NY Denominator to obtain each NY Rule 23 Class Member's "Portion of the NY Net Settlement Amount," and finally the Claims Administrator will multiply each NY Rule 23 Class Member's Portion of the NY Net Settlement Amount by the NY Net Settlement Amount to determine each NY Rule 23 Class Member's "Settlement Award." *Id.* § 6.

27. By Plaintiffs' counsel's estimation, the Participating Class Member payments discussed above represent more than 66% of the unpaid wages.

28. FLSA Settlement Collective Members who file claims will release all FLSA claims against the Defendants. *Id.* § 15. All New York Rule 23 Settlement Class Members who do not opt out will release all wage and hour claims under New York State law. *Id.* All California Rule 23 Settlement Class Members who do not opt out will release all wage and hour claims under California state law. *Id.*

**Claims Administration**

29. The parties have designated Rust Consulting, Inc. as the Claims Administrator. *Id.* § 1(f).

30. The Claims Administrator's Fees and Costs will be paid from the Fund. *Id.* § 10.

31. There are approximately 544 Class Members who will be eligible to participate in the settlement. *Id.* § 2.

32. The Settlement Stipulation provides that the Notice will be mailed by the Claims Administrator to the last known address and email, to the extent available, of each Class Member within 20 days of preliminary approval. *Id.* § 13(b). The Notice will also be posted on a website for the duration of the Claim Period. *Id*. § 13(c).

33. The Claims Administrator will take reasonable steps to obtain the correct addresses of any Class Member whose notice is returned as undeliverable and will attempt re-mailing. *Id.* § 13(e).

34. Class Members will have 60 days after the date on which the Notice is mailed to submit a Valid Claim Form, opt out of the settlement, or object to it. *Id.* § 13(d).

35. The Claims Administrator will disburse settlement checks to Participating Class Members within 30 days after the Effective Date. *Id.* § 13(i).

36. Attached as **Exhibit B** is a Proposed Notice of Class and Collective Action

Settlement.

      I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 30th day of January, 2015
New York, New York.

                                                  /s/ Rachel Bien
                                                  Rachel Bien
                                                  **Outten & Golden LLP**
                                                  3 Park Avenue, 29th Floor
                                                  New York, NY 10016
                                                  Tel: (212) 245-1000