# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| KIMBERLY BEHZADI and JASON RINDENAU, on behalf of themselves and all others similarly situated, | : : : : | Case No.:  14-CV-4382 (LGS) |
| | : | |
| Plaintiffs, | : : | **ECF Case** |
| | : | |
| v. | : : | |
| | : | |
| INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC, | : : : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>SETTLEMENT STIPULATION</u>

This Settlement Stipulation is made by and between the Class Representatives (as defined below) and Defendant International Creative Management Partners, LLC to fully and completely settle *Behzadi, et al. v. International Creative Management Partners, LLC,* S.D.N.Y. Case No. 14-Civ-4382 (the "Class and Collective Litigation");

WHEREAS, in the Class and Collective Litigation, the Class Representatives, on behalf of themselves and other purportedly similarly situated individuals, have asserted claims under federal, New York State, and California State wage and hour laws for unpaid wages, unreimbursed expenses, and other relief; and

WHEREAS, ICM expressly denies that it and its former and current owners, partners, employees, members, agents and/or related business entities have  committed any wrongdoing or violated any federal, state, or local laws, vigorously disputes the claims asserted in the Class and Collective Litigation and continues to assert that it has strong and meritorious defenses to any and all such claims; and

WHEREAS, the question of the proper test for determining whether an intern is entitled to compensation under the Fair Labor Standards Act and New York State law is unsettled in the New York courts and in the U.S. Court of Appeals for the Second Circuit ("Second Circuit"), and the Second Circuit is considering appeals in *Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. 516 (S.D.N.Y. 2013), and *Wang v. Hearst Corp.*,  293 F.R.D. 489 (S.D.N.Y. 2013), which adopted different tests for determining whether an unpaid intern has been properly classified as unpaid under federal and New York law; and

WHEREAS, ICM contends that the question of the proper test for determining whether an intern is entitled to compensation under California State law is unsettled in the California courts; and

WHEREAS, to avoid uncertainty and the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Class Representatives and ICM (collectively, the "Parties") desire to resolve the Class and Collective Litigation and the Arbitration Case.

NOW, THEREFORE, the Parties agree as follows:

1.  **Definitions**. As used in this Settlement Stipulation, the following terms have the following meanings:

    a.  **"Applicable Class Period"** means, for each of the Settlement Classes described in Section 5 below, the time period referenced in Section 5 below for the FLSA Settlement Collective, the NY Rule 23 Settlement Class, and the CA Rule 23 Settlement Class.

    b.  **"Arbitration Case"** means *International Creative Management Partners LLC v. Behzadi*, JAMS Ref. No. 1425016415.

    c.  **"Attorneys' Fees"** means the amount to be paid to Class Counsel pursuant to Class Counsel's motion and subject to the Court's approval and the limitations described in Section 8 below.

    d.  **"Claim Forms"** means the claim forms attached as part of Exhibit A.

    e.  **"Claim Period"** means the later of: (i) the 60-calendar day period beginning immediately after the Claims Administrator first mails and/or emails a Notice Form and Claim Form to any of the Class Members; or (ii) if a Notice Form and/or Claim Form is returned as undeliverable, the Class Member will be provided the remainder of the sixty (60) days or twenty (20) days to opt-in to the settlement, whichever is longer. Both periods to run continuously, without interruption or extension.

    f.  **"Claims Administrator"** means Rust Consulting, Inc.

    g.  **"Claims Administrator Fees and Costs"** means a reasonable amount to be paid to the Claims Administrator for administering the Settlement, subject to the Court's approval and the limitations described in Section 10 below.

    h.  **"Class Counsel"** means Outten & Golden LLP.

    i.  **"Class and Collective Litigation"** means *Behzadi, et al. v. International Creative Management Partners, LLC,* S.D.N.Y. Case No. 14-cv-4382.

    j.  **"Class Members"** mean the individuals falling within the Settlement Classes, as described in Section 5 below.

    k.  **"Class Representatives"** means Kimberly Behzadi and Jason Rindenau, the named plaintiffs in the Class and Collective Litigation.

2

l.  **"Court"** means the United States District Court for the Southern District of New York.

m.  **"Effective Date"** means: (i) if no appeal is taken from the Final Approval Order, thirty-five (35) days after the Court's entry of the Final Approval Order; or (ii) if an appeal is taken from the Final Approval Order, the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally disposed and can no longer be appealed or reviewed.

n.  **"Final Approval Order"** means the Court's order granting final approval of the Settlement.

o.  **"Final Approval Hearing"** means the final hearing scheduled before the Court on the question of whether the Settlement, including payment of Attorneys' Fees, Lawsuit Costs, Claims Administrator Fees and Costs and the Service Payments, should be finally approved as fair, reasonable and adequate as to the Class Members.

p.  **"FLSA"** means the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

q.  **"ICM"** means International Creative Management Partners LLC dba ICM Partners ("ICM") and any and all of ICM's past, present and future parents, subsidiaries and affiliates (including, without limitation, ICE Partners LLC, Ice Partners II LLC, ICM Holdings Inc., International Creative Management, Inc., International Creative Management LLC, International Creative Management Agency LLC and EOTFR, LLC) and their past, present and future, owners, partners, legal representatives, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, insurers, re-insurers, successors and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities acting by, through, under or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity.

r.  **"ICM's Counsel"** means Proskauer Rose LLP.

s.  **"Internship"** means time spent by an individual who was unpaid or paid less than the minimum wage then in effect while performing activities for ICM during the Applicable Class Period and while performing those activities was identified by ICM as an intern.

t.  **"Internship Hours"** means the number of hours an intern spent performing internship activities, as determined by ICM's records.

u.  **"Lawsuit Costs"** means the monies to be paid to Class Counsel for litigation expenses, subject to the Court's approval and the limitations and procedures described in Section 8 below.

3

v.     **"Maximum Settlement Amount"** means the maximum payment of Seven
       Hundred Twenty-Five Thousand dollars and no cents ($725,000.00), plus ICM's
       share of payroll taxes on claims made from the Net Settlement Amount, to be made
       by ICM to fund the Qualified Settlement Fund.

w.     **"Net Settlement Amount"** means the Maximum Settlement Amount less the
       amount of Attorneys' Fees, Lawsuit Costs, Service Payments and Claims
       Administrator Fees and Costs approved by the Court and shall be the amount
       available for Participating Class Member Payments and Participating Class
       Members' share of payroll taxes.

x.     **"Notice Package"** means, for each Class Member, the package compiled by the
       Claims Administrator, which shall include the applicable Notice Form, Claim Form,
       and a postage-paid, pre-addressed return envelope that the Class Member may use
       to return the Claim Form to the Claims Administrator.

y.     **"Notice Forms"** means the notice form attached as part of Exhibit A (New York
       and California Interns; Rule 23 and FLSA claims).

z.     **"Participating Class Member"** means a Class Member who submits a Valid
       Claim Form.

aa.    **"Participating Class Member Payment"** means, for each Participating Class
       Member, his or her individual settlement payment, as described in Section 6 below.

bb.    **"Parties"** means ICM and Class Representatives.

cc.    **"Preliminary Approval Date"** means the date the Preliminary Approval Order is
       entered by the Court.

dd.    **"Preliminary Approval Order"** means the Court's order preliminarily approving
       this Settlement.  The Parties agree that they shall request that the Court enter a
       Preliminary Approval Order in substantially in the form attached as Exhibit B.

ee.    **"QSF"** means the Qualified Settlement Fund to be established and administered by
       the Claims Administrator, which will consist of Attorneys' Fees and Lawsuit Costs
       (as defined below in Section 8), Service Payments to the Settlement Class
       Representatives (as defined below in Section 9), Claims Administrator Fees and
       Costs (as defined below in Section 10) and the Net Settlement Amount (as defined
       in Section 1(w) above).

ff.    **"Released Parties"** means ICM, as defined in Paragraph 1(q).

gg.    **"Rule 23"** means Rule 23 of the Federal Rules of Civil Procedure.

hh.    **"Service Payments"** means the payments to the Class Representatives, subject to
       the Court's approval and the limitations/procedures described in Section 9 below.

4

ii.   **"Settlement"** means the terms described in this Settlement Stipulation.

jj.   **"Settlement Classes"** means the groupings of Class Members described in Section 5 below.

kk.   **"Valid Claim Form"** means a completed and signed Claim Form that satisfies the requirements described in Section 13(d) below.

ll.   **"Wage and Hour Claims"** means any suits, actions, causes of action, complaints, charges, grievances, claims, demands, debts, losses, obligations and/or liabilities based on an alleged violation of or related to any federal, state or local wage and hour law, including but not limited to the FLSA, New York law, California law, or local law, including, but not limited to, for the failure to provide wages, overtime pay, failures in record keeping, spread of hours pay or other claims that were alleged or could have been alleged in the Class and Collective Litigation.

2.   **Maximum Settlement Amount**.  ICM will pay no more than the Maximum Settlement Amount of Seven Hundred Twenty-Five Thousand dollars and no cents ($725,000.00), plus ICM's share of payroll taxes on Participating Class Member Payments as defined in Section 13(j) to resolve the Class and Collective Litigation.  Although the Parties do not know the exact number of Class Members, for purposes of this Settlement they have estimated that there are approximately 544 Class Members.

3.   **No Admission of Liability and No Concession as to the Merits**.

   (a)   ICM expressly denies that it violated the law in any manner alleged in or related to the Class and Collective Litigation.  The Parties enter into this Settlement Stipulation to avoid the risks, uncertainty, expense and burden of further litigation.  This Settlement shall not be construed or deemed to be an admission of liability or wrongdoing on the part of ICM.

   (b)   ICM continues to believe that the Class Representatives' claims are without merit and that ICM interns were properly classified as unpaid, including under federal, New York, and California law, because of the many benefits the interns were offered and received during their internships, including, for example, receipt of academic credit from their college or university.  ICM believes its internships were considered some of the best in the industry, and provided students with valuable learning experiences outside of the classroom.  ICM further believes that settling the lawsuit at this time is the right business decision for ICM.  This is particularly true in light of the uncertainty that exists with the law in New York State and the Second Circuit as demonstrated by the *Glatt* and *Wang* appeals now pending before the Second Circuit.

4.   **Process for Preliminary Approval of Settlement**.  On January 30, 2015, the Parties shall submit to the Court all papers necessary to obtain preliminary approval of this Settlement Stipulation and class certification (for the sole purpose of Settlement) of the NY Rule 23 Settlement Class, CA Rule 23 Settlement Class, and FLSA Settlement

5

Collective.  Class Counsel shall be responsible for drafting the Motion for Preliminary Approval, which draft shall be presented to ICM's Counsel for comment and approval no later than January 23, 2015.  Class Counsel will closely coordinate with ICM's Counsel to schedule the submission of the papers necessary to obtain Preliminary Approval of this Settlement and the Parties' Counsel will be on the telephone together at the time the papers are e-filed.

5.   **Settlement Classes.**  The Parties will ask the Court to certify a:

    a.   **FLSA Settlement Collective**:  All individuals who had an Internship at ICM between June 17, 2011 and December 31, 2013;

    b.   **NY Rule 23 Settlement Class**:  All individuals who had an Internship in New York State at ICM between June 17, 2008 and December 31, 2013 of the Settlement; and

    c.   **CA Rule 23 Settlement Class**:  All individuals who had an Internship in California at ICM between August 15, 2010 and December 31, 2013 of the Settlement.

Together, the FLSA Settlement Collective, NY Rule 23 Settlement Class, and the CA Rule 23 Settlement Class are the "Settlement Classes."  Any member of the Settlement Classes shall be eligible to submit a claim for payment based on each internship he or she had during the Applicable Class Period for payment from the QSF and FLSA Settlement Collective members shall be eligible to opt-in to the Class and Collective Litigation.  An individual may be a member of the FLSA Settlement Collective, the NY Rule 23 Settlement Class, the CA Rule 23 Settlement Class, or all three Settlement Classes; however, a Participating Class Member shall not receive more than one Participating Class Member Payment for each Internship.

6.   **Determining the Participating Class Member Payments.**  Participating Class Member Payments and Participating Class Members' share of payroll taxes shall be made from the Net Settlement Amount.  Within thirty (30) business days of the end of the Claim Period, the Claims Administrator will calculate the Participating Class Member Payments by allocating the following payments for each internship during the Applicable Class Period for a Class Member who files a valid and timely Claim Form:

    (a)   Two-thirds of the Net Settlement Amount will be allocated to the CA Rule 23 Settlement Class ("CA Net Settlement Amount") and one-third of the Net Settlement Amount will be allocated to the NY Rule 23 Settlement Class ("NY Net Settlement Amount").  Each Class Member will be assigned one point for each Internship Hour.

    (b)   To calculate each CA Class Member's proportionate share:

        (i)   Add all the points for the CA Rule 23 Settlement Class to obtain the "Total CA Denominator";

    (ii)    Divide the number of points for each Participating CA Class Member by the Total CA Denominator to obtain each CA Class Member's "Portion of the CA Net Settlement Amount."

    (iii)    Multiply each CA Class Member's Portion of the CA Net Settlement Amount by the CA Net Settlement Amount to determine each CA Class Member's "Settlement Award."

(c)    To calculate each NY Class Member's proportionate share:

    (i)    Add all the points for the NY Rule 23 Settlement Class to obtain the "Total NY Denominator";

    (ii)    Divide the number of points for each Participating NY Class Member by the Total NY Denominator to obtain each NY Class Member's "Portion of the NY Net Settlement Amount."

    (iii)    Multiply each NY Class Member's Portion of the NY Net Settlement Amount by the NY Net Settlement Amount to determine each NY Class Member's "Settlement Award."

The Claims Administrator will provide its calculations to Class Counsel and to ICM's Counsel within three (3) business days after completing the calculations referenced in this Section 6.

7.    **Funding the QSF**.   Within ten (10) business days after the Effective Date, or as soon thereafter as is commercially reasonable to comply with the Claims Administrator's instructions, ICM  shall deposit into the QSF an amount to cover the Participating Class Member Payments, Attorneys' Fees and Costs, Service Payments and the Claims Administrator's Fees and Costs and, in accordance with Section 13(l) the Participating Class Members' share of payroll taxes, but in any event no more than the Maximum Settlement Amount.

8.    **Attorneys' Fees and Lawsuit Costs.**

(a)    Class Counsel shall move for Court approval of an amount not to exceed one-third of the Maximum Settlement Amount as payment for Attorneys' Fees, plus Lawsuit Costs of no more than Ten Thousand dollars and no cents ($10,000.00), which shall be deducted from the Maximum Settlement Amount.  The Attorneys' Fees and Lawsuit Costs awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Attorneys' Fees and/or Lawsuit Costs.  ICM shall not oppose Class Counsel's motion for the recovery of Attorneys' Fees and/or Lawsuit Costs, subject to the limitations herein.

(b)    Any Attorneys' Fees and Lawsuit Costs awarded by the Court in connection with this Settlement shall be paid by ICM into the QSF within ten (10) business days

after the Effective Date.  The Claims Administrator shall pay the funds to Class Counsel no later than thirty (30) days after the Effective Date.

(c)   Payments made pursuant to this Section 8 shall be reported to all governmental taxing authorities by the Claims Administrator on IRS Form 1099s.

(d)   Any portion of the Attorneys' Fees not approved by the Court or not sought by Class Counsel shall be included in the Net Settlement Amount and available for distribution to Participating Class Members.

9.   **Service Payments.**

(a)   Class Counsel shall move for Court approval of the payment from the Maximum Settlement Amount of a Service Payment of Ten Thousand dollars and no cents ($10,000.00) for each Class Representative.  Such Service Payments shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Service Payments.  ICM shall not oppose Class Counsel's motion for the payment of such Service Payments, subject to the limitations herein.

(b)   Any Service Payments approved by the Court in conjunction with the Settlement shall be paid from the QSF and shall be in addition to the Participating Class Member Payments otherwise owed to each Class Representative.  ICM shall pay the Service Payments into the QSF within ten (10) business days after the Effective Date and the Service Payments shall be distributed by the Claims Administrator in separate checks mailed to the Class Representatives no later than thirty (30) business days after the Effective Date.

(c)   Payments made pursuant to this Section 9 shall be reported to all governmental taxing authorities by the Claims Administrator on IRS Form 1099s.

(d)   Any portion of the Service Payments not approved by the Court shall be included in the Net Settlement Amount and available for distribution to Participating Class Members.

10.   **Claims Administrator Fees and Costs.**

(a)   Class Counsel has retained the Claims Administrator, who shall serve as the administrator of the Settlement and perform the services described in this Settlement Stipulation and any other services mutually agreed to by the parties. The Claims Administrator shall be required to sign an undertaking regarding the confidentiality of information produced as part of the settlement in the form that is attached as Exhibit C.

(b)   The Parties, through their counsel, will cooperate in good faith to resolve any disputes regarding the Claims Administrator's ability or need to perform certain duties under this Settlement Stipulation, and any unresolved disputes shall be

8

referred to the Court. The Claims Administrator will create the Claim Forms and documentation, using the attachments to this Settlement Stipulation and records provided by ICM in accordance with this Settlement Stipulation. The Claims Administrator shall report on an at least bi-weekly basis, in summary or narrative form, the substance of its findings as described in Section 10(d).

(c)     ICM shall provide the Claims Administrator with certain data regarding the Class Members, as described in accordance with Section 12, in order for the Claims Administrator to perform its duties. The Claims Administrator may provide the information in Section 12 to Class Counsel, upon Class Counsel's request.

(d)     The Parties will have equal access to the Claims Administrator and all information related to the mailing of the Notice Forms and Claim Forms and processing of the Settlement. The Claims Administrator will also provide regular reports to the Parties' Counsel regarding the status of the mailing of the Notice Package to Class Members, the claims administration process and the distribution of Participating Class Member Payments.

(e)     The Claims Administrator shall be paid its reasonable and actual fees and costs, which shall not exceed Seventeen Thousand Dollars ($17,000.00) plus the cost of administering the CAFA notice as set forth in Section 11 in connection with the Class and Collective Litigation, which, subject to being approved by the Court, shall be paid from the Maximum Settlement Amount. The Claims Administrator's fees and cost approved by the Court shall be paid by ICM into the QSF within ten (10) business days after the Effective Date and the funds shall be paid to the Claims Administrator no later than thirty (30) days after the Effective Date.

11.     **Notices Mandated by Statute**. Within ten (10) days of the date on which Plaintiffs file the Preliminary Approval Motion, the Claims Administrator shall prepare and mail notices of the Settlement to all "Appropriate Federal Officials" and "Appropriate State Officials" as required by 28 U.S.C. § 1715, the Class Action Fairness Act.

12.     **Information to be Provided by ICM**. ICM shall work cooperatively and in good faith with Class Counsel and the Claims Administrator to attempt to facilitate the claims notice process. Within ten (10) business days of the Preliminary Approval Date, for Class Members whose names ICM has been able to identify based on available information in its records, ICM will provide to the Claims Administrator, to the extent the information is reasonably accessible or available, a list containing Class Members' names, street addresses, email addresses, and telephone numbers. ICM has updated contact information for certain Class Members who have become employees of ICM and will provide the updated contact information to the Claims Administrator for those Class Members. ICM will also provide the number of internships and the number of Internship Hours per internship, to the best of ICM's ability and based on ICM's records.

13.   **Notice and Claim Process.**

    (a)   Form of Notice: Notice to each respective Class Member shall inform him or her of the Settlement, the claims he or she is releasing, and the formula used to calculate the payments to Class Members under the Settlement.

    (b)   Sending the Notice Package.  Within twenty (20) business days of the Preliminary Approval Date, the Claims Administrator, to the extent such information is available, will send by first class mail and email (to the extent both addresses are available in the data described in Section 12) the appropriate Notice Package to each Class Member that has been identified.

    (c)   Website.  In addition to sending the notice and claim form as described in Section 13(a) and (b), the Parties agree that Class Counsel will post links to general notice and claim forms, in the basic format set forth in Exhibit A, on a website approved by ICM, which is not connected or linked to Class Counsel's firm website and that will only be active during the Claim Period.

    (d)   Claims Made Process.  The proceeds of the Net Settlement Amount shall be disbursed to Class Members who return Valid Claim Forms.

        (i)   To be a Valid Claim Form, the Claim Form must be completed and provide the information as instructed on the Claim Form and be signed, dated and postmarked or otherwise returned (via facsimile or e-mail) to the Claims Administrator within the Claim Period.  Claim Forms that are not timely returned are null and void, unless otherwise agreed to in writing by the Parties or approved by the Court.

        (ii)   If a Claim Form is returned to the Claims Administrator and not completed as described above, within five (5) business days of its receipt, the Claims Administrator shall send a notice to this Class Member of the defects and include a new Claim Form to be completed.  The Claims Administrator shall simultaneously provide Class Counsel and Counsel for ICM with a copy of the notice.  The Class Member shall then have the remainder of the sixty (60) days in the Claim Period or twenty (20) days from mailing, whichever is longer, to return the new Claim Form and provide the missing information.  If a Valid Claim Form is not received within that period, the Claim Form shall be null and void, unless otherwise agreed to in writing by the Parties or approved by the Court.

        (iii)   Upon the Effective Date, NY Rule 23 Class Members and CA Rule 23 Class Members for whom a Claim Form has not been returned to the Claims Administrator or whose Claim Form is not a Valid Claim Form in compliance with this Section 13 release their claims against the Released Parties as described in Section 15 below and waive any right to receive any payment associated with the Settlement, unless the Class Members

exclude themselves from the Settlement as described in Section 13(j) below.

(e) <u>Returned Notice Packages.</u> If a Class Member's Notice Package is returned with a forwarding address, the Claims Administrator shall promptly re-mail the Notice Package to the forwarding address. If a Class Member's Notice Package is returned without a forwarding address, the Claims Administrator shall attempt to locate the Class Member in an effort to determine the Class Member's current address, including by calling the Class Member if a telephone number is available. If a new address is obtained, the Claims Administrator will promptly re-mail the Notice Package to the Class Member. If a new address is not obtained from the U.S. Post Office, from the Class Member or, to the extent the information is available, through a standard Level 2 Skip Trace in the manner that the Claims Administrator customarily performs such skip traces, the Claims Administrator shall notify the Parties' Counsel, who will confer in good faith, on a case-by-case basis, regarding whether to instruct the Claims Administrator to conduct further traces. Any Class Member whose Notice Package is re-mailed shall have the remainder of the sixty (60) days or twenty (20) days, whichever is longer, to return a Claim Form. No Notice Packages shall be mailed after the Claim Period, unless otherwise agreed by the Parties or ordered by the Court.

(f) <u>Declaration of Claims Administrator</u>. The Parties shall provide to the Court with the Final Approval motion, a declaration by the Claims Administrator detailing its due diligence and providing proof of mailing and/or emailing with regard to the Notice and Claim Forms. The declaration will also identify the number of exclusion requests and any objections.

(g) <u>Objecting to the Settlement.</u> Class Members may object to the Settlement by following the instructions described in the pertinent Notice Form. To be valid, an objection must be postmarked or otherwise returned (via facsimile or e-mail) to the Claims Administrator within the Claim Period. The Claims Administrator shall send to the Parties' Counsel copies of all objections within three (3) business days of their receipt, and Class Counsel shall promptly file such objections with the Court. In the event a Class Member disputes a Participating Class Member Payment amount under this Settlement Stipulation or the information concerning the internship(s) on a pre-printed Claim Form, ICM will attempt to confirm the information using regularly maintained business records. If ICM seeks to dispute the information or claim provided or asserted by the Class Member, it shall submit records and/or information to the Claims Administrator and Class Counsel and the Claim Administrator shall consider the information submitted by ICM and the Class Member before it makes a decision as to payment in accordance with Section 6. A copy of the information submitted by ICM shall also be provided to Class Counsel. If ICM does not submit records and/or information confirming or disputing the information, the information, and any corresponding payment amount(s) set forth in Section 6, identified by the Class Member shall be deemed to control.

11

(h)     Exclusions from the Settlement.  Class Members may exclude themselves from the Settlement by following the instructions described in the pertinent Notice Form.  To be valid, an exclusion must be postmarked or otherwise returned (via facsimile or e-mail) to the Claims Administrator within the Claim Period.  The Claims Administrator shall send to the Parties' Counsel copies of all exclusions within two (2) business days of their receipt, and Class Counsel shall promptly file such exclusions with the Court.

(i)     Payments to Participating Class Members.

(i)     Within thirty (30) business days after the Effective Date, the Claims Administrator shall mail to each Participating Class Member settlement checks written from the QSF's bank account(s) and equaling his/her Participating Class Member Payment. Fifty percent (50%) of the Participating Class Member Payment shall be in the form of a non-payroll check from which no payroll taxes or withholdings shall be made.  This payment will be reflected in an IRS 1099 Form issued by the Claims Administrator to the Participating Class Member at the end of the tax year. The remaining fifty percent (50%) of the Participating Class Member Payment shall be in the form of a payroll check from which the Claims Administrator shall withhold all taxes and withholdings ordinarily borne by employees.  This payment will be reflected in an IRS W-2 Form issued by the Claims Administrator to the Participating Class Member at the end of the tax  year.

Unless the Claims Administrator has received updated contact information, the settlement checks issued pursuant to this Section will be mailed by the Claims Administrator to the Participating Class Member at the address listed on the Participating Class Member's Claim Form. If a Participating Class Member's settlement checks are returned with a forwarding address, the Claims Administrator shall promptly re-mail the settlement checks to the forwarding address.  If a Participating Class Member's settlement checks are returned without a forwarding address, the Claims Administrator will perform a standard Level 2 Skip Trace in the manner that the Claims Administrator customarily performs skip traces in an effort to determine the Participating Class Member's current address, and, to facilitate this process, use the Class Member's social security number, if available.  If a new address is obtained, the Claims Administrator will promptly re-mail the settlement checks to the Class Member.  If a new address is not obtained from the U.S. Post Office or through a standard Level 2 skip tracing, the Claims Administrator shall notify the Parties' Counsel, who will confer in good faith, on a case-by-case basis, regarding whether to instruct the Claims Administrator to conduct further traces or to contact the Class Member by other means.  For Class Members whose checks are re-mailed, the 90-day period during which Class Members must cash their checks will run from the date that

appears on the check.  If a settlement check is returned as undeliverable 60 days or more after it is dated and a new mailing address is obtained, the Claims Administrator will re-issue the settlement check for that Class Member.  No checks will be re-issued more than 120 days after the date of the first check to that class member.

(ii)   If a Participating Class Member reports that his or her settlement check was lost, stolen, or undelivered, the Claims Administrator shall promptly issue a stop payment order on the original check and, after investigating, if appropriate, issue a new check to such Participating Class Member.

(iii)  Each settlement check shall expire ninety (90) days after it is dated and the unclaimed funds shall revert to ICM.

(iv)   The Claims Administrator shall report to ICM's Counsel and Class Counsel all checks mailed and cashed, and the dates thereof.

(j)   Payroll Taxes.  The Claims Administrator shall calculate and pay from the Net Settlement Amount the Participating Class Members' share of payroll taxes to federal and state taxing authorities as required.   The Claims Administrator shall calculate and report to ICM the amounts paid to each Participating Class Member and its calculation of the Participating Class Members' and ICM's share of payroll taxes due.  ICM shall pay to the Claims Administrator the amounts determined to be needed to satisfy ICM's share of payroll taxes due with respect to the Participating Class Member Payments and the Claims Administrator pay those amounts to the taxing authorities.  This amount shall not be considered part of the QSF.  To the extent possible, the Participating Class Members' share of the payments shall be made using the tax identification number of the QSF, which the Claims Administrator shall obtain.  Notwithstanding the foregoing, if in the judgment of the Claims Administrator the Participating Class Members' share of any payroll taxes due as a result of a payment to a Participating Class Member are required to be paid using an ICM tax identification number, then the Claims Administrator shall inform ICM's Counsel of that opinion and of the amounts paid to the Participating Class Member, and ICM, not the Claims Administrator, shall make all payroll tax payments with respect to that Participating Class Member and ICM shall not be required to pay that portion of the Participating Class Members' share of the payroll taxes into the QSF.

(k)   Claimants' & Class Counsel's Responsibility for Any Additional Taxes.  Should any government authority determine that all or any part of the payment(s) made under a Form 1099 to any Participating Class Member under this Settlement Stipulation are taxable as wages, that Participating Class Member will be solely responsible for the payment of the Class Member's share of withholding taxes, plus applicable interest.   Class Counsel agrees that it will be solely responsible for the payment of any and all taxes due as a result of Class Counsel's receipt of all or any part of the payments made for Attorneys' Fees and/or Lawsuit Costs under this Settlement Stipulation.

(l)     Reversion. Within twenty (20) days after the expiration of the 90-day period specified in Section 13(i)(iii) the Claims Administrator shall inform ICM of the portion of the QSF that was needed for Participating Class Member Payments and payroll taxes and any portion of the QSF that is not needed shall revert to and remain with ICM.

14.     **Settlement Payments Do Not Trigger Additional Benefits**. All payments to Class Members shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by the Class Members. The Parties agree and the Class Members acknowledge that the payments provided for in this Settlement Stipulation are the sole payments to be made to the Class Members, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

15.     **Release.**

(a)     Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each NY Rule 23 Class Member and CA Rule 23 Class Member who has not submitted a valid and timely Request for Exclusion Form as set forth in Section 13(h) and each FLSA Collective Member who has submitted a Valid Claim Form as set forth in Section 13(e) above, and on behalf of their respective current, former and future heirs, family members, spouses, executors, administrators, trustees, agents, assigns and legal representatives, and each of their respective agents, representatives and attorneys fully release and discharge the Released Parties (as defined in Section 1(ff)) from any and all Wage and Hour Claims (as defined in Section 1(ll)) whether known or unknown, suspected and/or unsuspected, from the beginning of the Applicable Class Period through the Preliminary Approval Date relating to any Internship with ICM, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs. In addition, each NY Rule 23 Settlement Class Member and CA Rule 23 Settlement Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(h) and each FLSA Settlement Collective Member who has properly filed a Valid Claim Form pursuant to Section 13(d) forever agrees (i) not to institute or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of Preliminary Approval of this Settlement, relating to the claims being settled herein; and (ii) to expressly waive and assume the risk of any and all claims for damages against ICM relating to the claims being settled herein which exist in his or her favor from June 17, 2008 through the Preliminary Approval Date but of which he or she does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially

14

affect his or her decision on whether to submit a valid and timely Request for Exclusion Form as set forth in Section 13(h) and/or a Valid Claim Form as set forth in Section 13(d) above.

(b)    Accordingly, the Class Representatives acknowledge that they have read, and the Claims Administrator will certify that CA Rule 23 Class Members are provided with, the provisions of California Civil Code Section 1542, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor**

and that he or she expressly waives, relinquishes, and forfeits all rights and benefits accorded by the provisions of the California Civil Code Section 1452, and furthermore waives any rights that he or she may have to invoke said provisions now or in the future with respect to the claims released by him or her in this Settlement Stipulation.

16.    **Settlement Contingent on Court Approval.**

This Settlement Stipulation is contingent upon the Court's approval of the Settlement. If the Court does not grant preliminary or final approval or the Effective Date does not occur, this Settlement Stipulation may be voided at either party's option, in which case this Settlement Stipulation (including its Exhibits) will become null and void, and will not be used for any purpose, including without limitation, in connection with the Class and Collective Litigation or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint. In such an event, the Parties shall resume the Class and Collective Litigation unless the Parties jointly agree to: seek reconsideration or appellate review of the decision denying preliminary or final approval; or attempt to renegotiate the Settlement and seek Court approval of a renegotiated settlement.

In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(a)    The Class and Collective Litigation will proceed as if no settlement had been attempted. In that event, any classes certified for purposes of settlement shall be decertified, and ICM shall retain the right to assert all applicable defenses and challenge all claims and allegations, including but not limited to contesting whether this Litigation should be maintained as a class or collective action and, contesting the merits of the claims being asserted by the Plaintiffs in this action.

(b)    The Claims Administrator will provide notice to Class Members that the Settlement did not receive final approval and that, as a result, no payments will be made to Class Members under the Settlement. Such notice shall be mailed and emailed to the Class Members using the addresses used by the Claims

Administrator in sending the Notice and Consent Forms.

17.   **Non-Disclosure and Communications.**

(a)   Neither the Class Representatives nor their counsel nor anyone acting at their direction, on their behalf, or in concert with them ("Restricted Parties") will make any public statements relating to the Settlement or the Class and Collective Litigation, including but not limited to by use of social media, blogs, advertising, and/or to members of the media or private organizations, unless authorized under Section 13 or expressly permitted by Section 17(b), below. If contacted regarding this Settlement, the Restricted Parties' response shall only be to respond in accordance with the terms and information publicly available, including that contained in this Settlement Stipulation. Class Counsel agrees that it, and anyone acting at its direction or on its behalf, will not discuss this Settlement Stipulation or its terms with any individual whom they reasonably know to be current or former personnel at ICM, other than the Class Members in this Class and Collective Litigation or then-current clients of Class Counsel but only where necessary to comply with Class Counsel's ethical obligations. Furthermore, Class Counsel, and anyone acting at its direction or on its behalf, shall not provide any individual whom they reasonably know to be current or former personnel at ICM (other than the Class Members in this Class and Collective Litigation or then-current clients of Class Counsel where necessary to comply with Class Counsel's ethical obligations in the circumstances discussed above) with a copy of this Settlement Stipulation or direct them to this Stipulation.

(b)   Class Counsel confirms that it has removed any reference to the Class and Collective Litigation from its website(s) and any promotional material; however, subject to ICM's prior approval, Class Counsel may include a brief, neutral description of the claims and current status of the Class and Collective Litigation on its website. Class Counsel may also include materials that are otherwise publicly available, including press coverage, on its website.

(c)   Nothing in this Settlement Stipulation shall prevent ICM from filing any required regulatory disclosures regarding the Class and Collective Litigation or the Parties or their counsel from complying with their obligations under the law.

(d)   Class Representatives and Class Counsel will promptly notify ICM's Counsel, via facsimile or email, of any third-party demand or requirement by any law, rule or regulation, or by subpoena, or by any other administrative or legal process to disclose information pertinent to this Settlement and shall not make any disclosure until at least five (5) business days after the notice is provided, except if an earlier production is court-ordered so that ICM's Counsel may seek a protective order or other appropriate remedy prior to such disclosure. Should disclosure be required hereunder, Class Representatives and Class Counsel shall furnish only that portion of the information pertinent to this Settlement legally required to be disclosed and shall use reasonable efforts to get confidential treatment thereof by the recipient.

16

(e)     Neither Class Representatives nor ICM Partners, in its official capacity, shall issue or knowingly cause to be issued any disparaging statements about the other for a period of three (3) years.  If ICM is contacted by a prospective employer for a reference for any Class Representative it will respond only by confirming the dates of the internship and/or Ms. Behzadi's employment with ICM.

18.     **No Future Employment**.  The Class Representatives shall not apply for employment with ICM or seek retention as an independent contractor or consultant, and ICM shall not be liable for denying or refusing to hire or otherwise engage the Class Representatives who apply for employment or retention as an independent contractor or consultant notwithstanding this covenant.  Accordingly, the Class Representatives hereby expressly waive and release any and all rights and any and all claims that he or she may have to challenge such a denial of employment or retention as an independent contractor or consultant as constituting unlawful retaliation or a violation of a law.

19.     **Return of Documents/Data**.   Within sixty (60) days of the Effective Date, Class Counsel agrees to return or destroy all non-public documents and information produced by ICM in the Class and Collective Litigation other than its work product, and provide written notice to ICM's Counsel, addressed to the attention of Elise M. Bloom, Esq., certifying that it has returned and/or destroyed all such documents.

20.     **Mutual Full Cooperation.**  The Parties will fully cooperate with each other and with the Claims Administrator to accomplish the terms of this Settlement Stipulation, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Stipulation.  The Parties will use their best efforts to effectuate this Settlement Stipulation, including during any appeals, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

21.     **Complete Agreement**.  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Stipulation, which contains the entire, complete, and integrated statement of all settlement terms and supersedes all previous oral or written agreements.  This Settlement Stipulation may not be amended or modified except by a writing signed by the Parties' authorized representatives.

22.     **Knowing and Voluntary Agreement**.  The Parties enter into this Settlement Stipulation knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Settlement Stipulation and have consulted with legal counsel regarding the Settlement Stipulation.

23.     **Notifications and Communications**.  Any notifications or communications made in connection with this Settlement Stipulation shall be sent to the Parties at the addresses of their respective counsel as follows:

*For the Class Representatives*
*and Class Members*:

Rachel Bien
Sally J. Abrahamson
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Tel: 212-245-1000
Fax: 646-509-2060
rmb@outtengolden.com
sabrahamson@outtengolden.com

*For Defendant International Creative*
*Management Partners LLC*

Elise M. Bloom
Steven D. Hurd
Michelle A. Annese
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Tel: 212-969-3000
Fax: 212-969-2900
ebloom@proskauer.com
shurd@proskauer.com
mannese@proskauer.com

24. **Severability**.  If any part of this Settlement Stipulation is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other part of this Settlement Stipulation, which shall be construed, reformed and enforced to affect the purposes thereof to the fullest extent permitted by law.

25. **Captions and Interpretations**.  Section or paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Stipulation or any provision hereof.  Each term of this Settlement Stipulation is contractual and not merely a recital.

26. **Binding on Assigns**.  This Settlement Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

27. **Enforcement of Settlement** Stipulation and Governing Law.  This Settlement Stipulation will be governed by New York law.  The Parties submit to the jurisdiction of the Court for all purposes relating to the review, approval, and enforcement of this Settlement Stipulation.

28. **Settlement Stipulation Form and Construction.**

    (a)  The terms and conditions of this Settlement Stipulation are the result of lengthy, carefully considered, arms-length negotiations between the Parties and this Settlement Stipulation shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Stipulation.

    (b)  This Settlement Stipulation may be executed in electronic counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Settlement Stipulation.

(c)     This Settlement Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Class and Collective Litigation.

29.     **Parties' Authority**.  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____     1/29/15
KIMBERLY BEHZADI                      Date

STATE OF _____ )
                                          ) ss.:
COUNTY OF _____ )

On this ___ day of _____, 2015, before me personally came Kimberly Behzadi, to me known and known to me to be the person described in and who executed the foregoing Settlement Stipulation, and she duly acknowledged to me that she executed the same.

_____
Notary Public


_____     _____
JASON RINDENAU                          Date

STATE OF _____ )
                                          ) ss.:
COUNTY OF _____ )

On this ___ day of _____, 2015, before me personally came Jason Rindenau, to me known and known to me to be the person described in and who executed the foregoing Settlement Stipulation, and he duly acknowledged to me that he executed the same.

_____
Notary Public

OUTTEN & GOLDEN LLP


By: _____     _____
                                                    Date

19

(c)  This Settlement Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Class and Collective Litigation.

29.  **Parties' Authority**.  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Settlement Stipulation to be signed on the dates entered below:

_____          _____
KIMBERLY BEHZADI                         Date

STATE OF _____  )
                                                      ) ss.:
COUNTY OF _____  )

On this ___ day of _____, 2015, before me personally came Kimberly Behzadi, to me known and known to me to be the person described in and who executed the foregoing Settlement Stipulation, and she duly acknowledged to me that she executed the same.

_____
Notary Public


_____          _____
JASON RINDENAU                          Date  1/29/15

STATE OF _New York_  )
                                          ) ss.:
COUNTY OF _New York_ )

On this 29 day of January, 2015, before me personally came Jason Rindenau, to me known and known to me to be the person described in and who executed the foregoing Settlement Stipulation, and he duly acknowledged to me that he executed the same.

_____
Notary Public

```
MICHAEL GRONOTTE
Notary Public - State of New York
NO. 01GR6280742
Qualified in New York County
My Commission Expires 05-13-2017
```

OUTTEN & GOLDEN LLP


By: _____          _____
                                                       Date

19

ICM PARTNERS

By: _____        _____1/30/15_____
      [Title]   PARTNER                Date

20

# EXHIBIT A

**EXHIBIT A**

## <u>NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT</u>

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

# If you were an intern at ICM, you may be able to participate in a settlement for unpaid minimum wages.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- In June and August 2014, two former interns (the "Plaintiffs") sued International Creative Management Partners, LLC ("ICM"), claiming that it violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the California Labor Code ("CLC"), the California Unfair Competition Law ("CUCL"), and the California Private Attorneys General Act ("PAGA"). The Plaintiffs claimed they were owed, among other things, minimum wage for the internships they had at ICM.

- Plaintiffs and ICM have recently decided to settle the lawsuit. In agreeing to the settlement, ICM has <u>expressly denied</u> any wrongdoing and the Court has <u>not</u> decided that ICM has done anything wrong or whether Plaintiffs or other interns should have been paid minimum wage. In addition, no determination has been made that Plaintiffs or you are owed any money.

- This Notice provides you with information about the settlement. Your legal rights may be affected by the settlement, and you may have a choice to make by _____ *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*. However, the Court is not advising you on whether or not you should participate.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **PARTICIPATE** | To obtain a payment and participate in the settlement, you must complete and mail back the pink "Class & Collective Action Claim Form & Consent to Join Form" ("Claim Form") and it <u>must</u> be postmarked by *[Insert the date 60 days from mailing of first notice sent to any class/collective member.]* If you choose to participate in the settlement, you will release your claims against ICM. |
| **DO NOT PARTICIPATE** | If you do not want to participate in the settlement, you must exclude yourself by completing and mailing back the "Request for Exclusion From Class Action Settlement Form" ("Request for Exclusion Form") postmarked by *[Insert the date 60 days from mailing of first notice sent to any class/collective member.]* If you exclude yourself, you will not receive a payment from ICM and you cannot object |

| | to the settlement. |
|---|---|
| **OBJECT** | You may write to the Court about why you believe the settlement is not fair or reasonable.  You must object in writing in order to speak to the Court at the Fairness Hearing (described below) about the fairness of the settlement.  If the Court rejects your objection, and you have not excluded yourself from the settlement, you will be bound by the terms of the settlement under New York law. |

- Your rights and options with respect to the settlement – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  If the Court approves the settlement and after appeals, if any, are resolved, payments will be made only to those individuals who are eligible and who complete and return a Claim Form.

# BASIC INFORMATION

## 1.  Why did I receive this Notice?

Records indicate that you had an Internship at ICM between June 17, 2008 and December 31, 2013.  A class and collective action involving ICM interns *Behzadi, et al. v. International Creative Management Partners, LLC,* (S.D.N.Y. Case No. 14-Civ-4382) (hereafter "the Lawsuit") has been settled.  The Lawsuit is overseen by District Judge Lorna G. Schofield of the United States District Court in New York, NY.

You are receiving this Notice because you may be a class and/or collective member covered by the settlement.  This Notice describes the settlement and describes how you may be able to obtain a payment from the settlement.  This Notice also describes how you can exclude yourself or object to the settlement.

## 2.  What is this lawsuit about and why did it settle?

The Lawsuit alleges that ICM violated wage and hour laws with respect to its interns by failing to pay them at least minimum wage.  ICM expressly denies violating any laws and contends that interns were not entitled to any payments at all, although some may have received college credits.

2

Even though the parties believe their respective claims and defenses are strong, they have decided to settle. The settlement enables ICM to dedicate its time and resources to ongoing business operations and, as such, the settlement will benefit its employees and its clients. The Plaintiffs and their attorneys, who are referred to as "Class Counsel," believe the settlement benefits interns because it ensures that class and collective members will recover money without the delay and uncertainty that would result if the parties were going to continue to litigate this case. The Court overseeing the Lawsuit has "preliminarily approved" the settlement as fair. The Court will make a final decision regarding the settlement's fairness at the hearing described in Section 11, below.

## 3. What is a Class/Collective Action?

The Lawsuit is being settled as a class and collective action. In class and collective actions, one or more persons sue not only for themselves, but also for other people who have similar claims. These people are known as class and collective members. In class and collective actions, the plaintiffs ask one court to resolve the issues for all class and/or collective members.

In this action, the Plaintiffs have brought a class action under the NYLL, the CLC, and the CUCL, and the PAGA, and a collective action under the FLSA, and the Court has conditionally certified the class members and the applicable class period as:

> *All individuals who had an Internship at ICM in New York between June 17, 2008 and December 31, 2013; and*

> *All individuals who had an Internship at ICM in California between August 15, 2010 and December 31, 2013.*

The Court has certified the collective members and the applicable collective period as:

> *All individuals who had an Internship at ICM between June 17, 2011 and December 31, 2013.*

For purposes of the Lawsuit, "Internship" means time spent by an individual who was unpaid or paid less than the minimum wage then in effect while performing activities for ICM during the applicable class and collective periods and while performing those activities was identified by ICM as an intern.

3

# THE SETTLEMENT

**4.   What does the settlement provide and how much will I be paid?**

As part of the settlement, you may submit a claim for payment from ICM.  That payment will represent your *pro rata* share of the settlement based on the number of Internships you had with ICM and the number of hours you spent participating in each internship, between June 17, 2008 and December 31, 2013 (if your Internship was in New York) or between August 15, 2010 and December 31, 2013 (if your Internship was in California).

**You must complete and return the enclosed Claim Form if you want to elect to request a settlement payment.**

Participating Class Member Payments will be calculated by allocating the following payments for each Internship during the Applicable Class Period for a Class Member who files a valid and timely Claim Form:

(a)   Two-thirds of the Net Settlement Amount will be allocated to the CA Rule 23 Settlement Class ("CA Net Settlement Amount") and one-third of the Net Settlement Amount will be allocated to the NY Rule 23 Settlement Class ("NY Net Settlement Amount").  Each Class Member will be assigned one point for each Internship Hour.

(b)   To calculate each California Class Member's proportionate share:

(i)   Add all the points for the CA Rule 23 Settlement Class to obtain the "Total CA Denominator."

(ii)   Divide the number of points for each Participating CA Class Member by the Total CA Denominator to obtain each CA Class Member's "Portion of the CA Net Settlement Amount."

(iii)   Multiply each CA Class Member's Portion of the CA Net Settlement Amount by the CA Net Settlement Amount to determine each CA Class Member's "Settlement Award."

(c)   To calculate each New York Class Member's proportionate share:

(i)   Add all the points for the NY Rule 23 Settlement Class to obtain the "Total NY Denominator."

4

     (ii)     Divide the number of points for each Participating NY Class Member by the Total NY Denominator to obtain each NY Class Member's "Portion of the NY Net Settlement Amount."

     (iii)    Multiply each NY Class Member's Portion of the NY Net Settlement Amount by the NY Net Settlement Amount to determine each NY Class Member's "Settlement Award."

As part of this settlement a fund of up to $725,000.00 will be set aside to pay the settlement payments claimed by class and collective members, attorneys' fees equaling approximately 241,666 and costs of approximately $10,000.00, service payments of $10,000.00 each for the two interns who brought this Lawsuit and the Claims Administrator's fees of approximately $17,000.00.

# HOW YOU GET A PAYMENT

## 5.   How can I receive my payment?

To receive your payment, you must properly complete and return the attached pink Claim Form (preferably in the enclosed postage-paid envelope) postmarked by no later than *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*.   You may also return the Claim Form by faxing it to _____ or emailing it to _____. A Claim Form submitted by email or fax must be actually received by the Claims Administrator on or before *[Insert the date 60 days from mailing of first notice sent to any class/collective member.]*

If the Court approves the settlement, the Claims Administrator will send your payment directly to you at the address indicated on the Claim Form or at the updated address you provide.

## 6.   When will I receive payment?

The Court will hold a Fairness Hearing on *[insert date]*, at *[time]* to decide whether to approve the settlement.  If the Court approves the settlement and if there are no appeals, then the Claims Administrator will mail your payment to you after the effective date of the settlement. The parties are hopeful that the settlement checks will be issued early next year.

You will need to deposit or cash your settlement check within ninety (90) calendar days after it is dated.  Any uncashed amounts after that date will be returned to ICM.

## 7. How will my payment be taxed?

One-half of your settlement payment will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted. This payment will be reported on an IRS Form W-2 issued at the appropriate time. The other half of your payment will be paid in the form of a non-payroll check from which no payroll taxes or withholdings will be deducted. This payment will be reported on an IRS Form 1099 issued at the appropriate time.

## 8. What am I giving up by settling my claim?

Unless you timely return the enclosed Request for Exclusion Form by *[Insert the date 60 days from mailing of first notice sent to any class/collective member]* (as discussed in Section 9 below), if the Court grants final approval of the settlement, you will release ICM from any claims between June 17, 2008 and *[Insert date of preliminary approval]* that you may have for unpaid wages and expenses based on an Internship, all claims asserted in the Lawsuit, and any claims that arise from or are related to the facts alleged in the Lawsuit. When claims are "released," that means that a person covered by the release cannot sue the Released Parties, as defined below, for any of the claims that are covered by the release, which is included below.

The exact terms of the release in the Settlement Stipulation are as follows:

1. *1(q) "ICM" means International Creative Management Partners LLC dba ICM Partners ("ICM") and any and all of ICM's past, present and future parents, subsidiaries and affiliates (including, without limitation, ICE Partners LLC, Ice Partners II LLC, ICM Holdings Inc., International Creative Management, Inc., International Creative Management LLC, International Creative Management Agency LLC and EOTFR, LLC) and their past, present and future, owners, partners, legal representatives, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, insurers, re-insurers, successors and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities acting by, through, under or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity.*

2. *1(ff) "Released Parties" means ICM, as defined in Paragraph 1(q).*

3. *1(ll) "Wage and Hour Claims" means any suits, actions, causes of action, complaints, charges, grievances, claims, demands, debts, losses, obligations and/or liabilities based on an alleged violation for or related to a violation of any federal, state or local wage and hour law, including but not limited to the FLSA, New York law, California law, or*

6

*local law, including, but not limited to, for the failure to provide wages, overtime pay, failures in record keeping, spread of hours pay or other claims that were alleged or could have been alleged in the Class Litigation.*

4. **15. Release.**

(a) *Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each NY Rule 23 Class Member and CA Rule 23 Class Member who has not submitted a valid and timely Request for Exclusion Form as set forth in Section 13(h) and each FLSA Collective Member who has submitted a Valid Claim Form as set forth in Section 13(e) above, and on behalf of their respective current, former and future heirs, family members, spouses, executors, administrators, trustees, agents, assigns and legal representatives, and each of their respective agents, representatives and attorneys fully release and discharge the Released Parties (as defined in Section 1(ff)) from any and all Wage and Hour Claims (as defined in Section 1(ll)) whether known or unknown, suspected and/or unsuspected, from the beginning of the Applicable Class Period through the Preliminary Approval Date relating to any Internship with ICM, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs. In addition, each NY Rule 23 Settlement Class Member and CA Rule 23 Settlement Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(h) and each FLSA Settlement Collective Member who has properly filed a Valid Claim Form pursuant to Section 13(d) forever agrees (i) not to institute or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of Preliminary Approval of this Settlement, relating to the claims being settled herein; and (ii) to expressly waive and assume the risk of any and all claims for damages against ICM relating to the claims being settled herein which exist in his or her favor from June 17, 2008 through the Preliminary Approval Date but of which he or she does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his or her decision on whether to submit a valid and timely Request for Exclusion Form as set forth in Section 13(h) and/or a Valid Claim Form as set forth in Section 13(d) above.*

7

(b) *Accordingly, the Class Representatives acknowledge that they have read, and the Claims Administrator will certify that CA Rule 23 Class Members are provided with, the provisions of California Civil Code Section 1542, which provides as follows:*

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor**

*and that he or she expressly waives, relinquishes, and forfeits all rights and benefits accorded by the provisions of the California Civil Code Section 1452, and furthermore waives any rights that he or she may have to invoke said provisions now or in the future with respect to the claims released by him or her in this Settlement Stipulation.*

# EXCLUDING YOURSELF FROM THE SETTLEMENT

**9.   How do I exclude myself from the Settlement?**

If you do not want to participate in the settlement, you must timely return the enclosed Request for Exclusion Form by *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*.   If you exclude yourself, you will not release any legal claims and you will preserve your right to sue ICM on your own for alleged violations of the wage laws with respect to your Internship(s).  Your claims will be subject to a statute of limitations.  If you exclude yourself from the settlement, you cannot object to the settlement.

To exclude yourself, you must complete, sign and return the attached green "Request for Exclusion from Class Settlement" form to the Claims Administrator.  You must mail the request for exclusion to *[Insert address]*, by First Class U.S. mail or equivalent, postage paid, postmarked on or before *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*.  You may also return the "Request for Exclusion from Class Settlement" form by that date by faxing it to _____ or emailing it to _____.  To be valid, the request for exclusion must be signed by you.  No class member may submit a request for exclusion through an agent or attorney or on behalf of another class member.

8

# OBJECTING TO THE SETTLEMENT

### 10. Can I object to the settlement?

Yes, you may object to the proposed settlement if you wish to do so.  If you wish to object, you must submit a written objection to the Claims Administrator, postmarked no later than *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*.  You may also send your objection by email or fax, although the email or fax must be received by the Claims Administrator no later than *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*.

Your written objection must include your name, your address, a statement describing the reasons for your objection, and any other documents you believe the Court should consider in evaluating the settlement's fairness.

**You cannot object to the settlement if you have excluded yourself as described in Section 9.** The Court will consider your objection whether or not you attend the Fairness Hearing, described in Section 11 below.  If you intend to personally attend and speak during the hearing, you must clearly indicate this in your written objection.

If you object and the Court rejects your objection, you will still be bound by the terms of the Settlement approved by the Court under New York Law.

# THE COURT'S FAIRNESS HEARING

### 11. When is the Fairness Hearing?

The Court will hold a Fairness Hearing at **[INSERT TIME]** on **[INSERT DATE]** at the United States District Court for the Southern District of New York, 50 Pearl Street, New York, New York, Courtroom ___.

At this hearing, the Court will decide whether the settlement is fair, reasonable and adequate.  If there are objections to the settlement, the Court will consider them.  You may attend the hearing and you may ask to speak, but you don't have to.

After the Fairness Hearing, the Court will decide whether to grant the settlement final approval. The parties do not know how long it will take for the Court to issue its decision.

9

**12. Do I have to attend the Fairness Hearing?**

No.  You are not required to attend the Fairness Hearing.  Class Counsel will represent you at the hearing.  You are welcome to come to the hearing at your own expense.  You may also pay your own lawyers to attend the hearing, but it is not necessary to do so.

As discussed in Section 10, above, if you wish to object to the settlement, you can do so in writing before the Fairness Hearing and do not need to attend the hearing.

# THE LAWYERS REPRESENTING YOU

**13.  Do I have a lawyer in this case?**

The Court decided that the lawyers at the law firm of Outten & Golden LLP are qualified to represent all class and collective members.  These lawyers have been designated as "Class Counsel" in this Lawsuit.  More information about Outten & Golden LLP is available at www.outtengolden.com.

If you decide to participate in the settlement and do not wish to be represented by Class Counsel, you have the right to hire your own attorney at your own expense.

**14.  How will Class Counsel be paid?**

Class Counsel will ask the Court to approve a payment to them of one-third ($241,666) of the settlement fund for their attorneys' fees.  Class Counsel seeks these attorneys' fees to pay for investigating the facts of this case, litigating this case and negotiating the settlement.  Class Counsel will also ask the Court to approve a payment of approximately $10,000.00 for their out of pocket costs.

**15.  Who is representing ICM in connection with the Settlement?**

ICM is represented by the law firm of Proskauer Rose LLP (New York, New York) in this action.   Please do not contact Proskauer Rose LLP about the settlement.

10

# REQUESTING MORE INFORMATION

**16.  How can I request more information about the settlement?**

You can contact Class Counsel for more information about the settlement at:

Rachel Bien, Esq. & Sally Abrahmason, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000 or toll-free at (877) 468-8836
_____@outtengolden.com

PLEASE DO NOT CALL THE COURT OR THE CLERK ABOUT THE SETTLEMENT.


Date:

                Approved as to Form and Content:


                Hon. Lorna G. Schofield
                United States District Judge
                United States District Court for the Southern District of New York

***Behzadi, et al. v. International Creative Management Partners, LLC***
***(S.D.N.Y. Case No. 14-Civ-4382)***

<u>CLASS & COLLECTIVE ACTION CLAIM FORM & CONSENT TO JOIN FORM</u>

**SUBMIT THIS FORM TO RECEIVE PAYMENT UNDER THIS SETTLEMENT AND RELEASE YOUR CLAIMS AGAINST ICM**

\* \* \*

1. <u>Instructions</u>

   a. If you wish to receive a payment and participate in the settlement, **you must properly complete and return this Class & Collective Action Claim Form & Consent to Join Form** ("Claim Form") (preferably in the enclosed postage-paid envelope) postmarked by not later than *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*. You may also return this Claim Form, included below, by faxing it to *[Insert Claims Administrator fax number]* or emailing it to *[Insert Claims Administrator Email address]*. If it is faxed or emailed, it must be received by the Claims Administrator no later than *[Insert the date 60 days from mailing of first notice sent to any class/collective member.]*

   b. To be considered timely, a Claim Form **must be postmarked on or before** *[Insert the date 60 days from mailing of first notice sent to any class/collective member]* **or faxed or emailed so that it is received on or before** *[Insert the date 60 days from mailing of first notice sent to any class/collective member.]*

   c. To properly complete the Claim Form, you must provide the personal information requested below in Paragraph 2, and attest that you have truthfully responded to the questions below in Paragraph 3 to determine your class and collective membership.

   d. Any Claim Form that is not submitted by First Class Mail or the equivalent, or is postmarked or received by fax or email after *[Insert the date 60 days from mailing of first notice sent to any class/collective member]*, is not addressed to the proper address, or is not signed and dated by the class or collective member under penalty of perjury will **not** constitute a valid claim and payment will be denied unless otherwise ordered by the Court. For more information on the settlement and how your payment will be calculated, as well as your rights in connection with the settlement, please see the attached Notice, above.

   e. WE ENCOURAGE YOU TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.

    f.   Changes of Address: It is *your responsibility* to keep a current address on file with the Claims Administrator. This is the address that will be used to mail your payment and tax forms. Please make sure to notify the Claims Administrator of any change of address.

**2.** **Personal Information (please print)** (<u>Note</u>: Your street address, email address and social security number will be kept confidential by the parties and the Claims Administrator and used only for purposes of processing your payment and reporting tax information.)

    a.   Your name:           _____.

    b.   Your name while an intern at ICM (if different):      _____.

    c.   Current Street Address:     _____.

    d.   Current City/State/Zip:     _____.

    e.   Current Email Address:     _____.

    f.   Current Phone Number:     _____.

**3.** **Class/Collective Membership**

    Please provide the following information to the best of your recollection.  You may make a claim whether or not you complete this section. If you do not know or cannot remember, provide the most complete information that you have.

    For each ICM Internship, please provide to the best of your recollection:

Internship No. 1:

    a.   Location (circle one):    New York     Los Angeles

    b.   Internship Date(s)     _____

    c.   Department     _____

Internship No. 2 (if any):

    a.  Location (circle one):      New York     Los Angeles

    b.  Internship Date(s)      _____

    c.  Department         _____

## 4.  <u>Release</u>

By signing below, and accepting benefits under the Settlement Stipulation, I, on behalf of my current, former and future heirs, spouses, executors, administrators, trustees, agents, assigns and legal representatives, fully release and discharge the Released Parties (which is defined in Section 1 (ff) of the Settlement Stipulation and included in Section 8 of the Notice of Class and Collective Action Settlement) from any and all Wage and Hour Claims (which is defined in Section 1 (ll) of the Settlement Stipulation and included in Section 8 of the Notice of Class and Collective Action Settlement) whether known and/or unknown, suspected and/or unsuspected, from June 17, 2008 through *[insert date of preliminary approval]* relating to any Internship with ICM, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs.  In addition, I forever agree not to institute or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including *[insert date of preliminary approval]*, relating to the claims being settled herein.

I further agree to expressly waive and assume the risk of any and all claims for damages against ICM relating to the claims being settled herein which exist in his or her favor from June 17, 2008 through the Preliminary Approval Date  but of which I do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect my decision on whether to submit a valid and timely Request for Exclusion Form as set forth in Section 13(h) of the Settlement Stipulation and/or a Valid Claim Form as set forth in Section 13(d) of the Settlement Stipulation.  Accordingly, I acknowledge that I have read the provisions of California Civil Code Section 1542, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor**

3

and that I expressly waive, relinquish, and forfeit all rights and benefits accorded by the provisions of the California Civil Code Section 1452, and furthermore waive any rights that I may have to invoke said provisions now or in the future with respect to the claims released by me and being settled herein.

I verify that I have not assigned any of the claims described above.

5.   **Consent to Join**

By completing, signing, dating and returning this Claim Form & Consent to Join Form, I consent to become a party to this Lawsuit and agree to the release of claims set forth above.  I designate Outten & Golden LLP to represent me in this Lawsuit for purposes of the settlement only.  I received and have read and understand the Notice of Class and Collective Action Settlement in this Lawsuit, and I wish to be included in the class/collective and participate in the proposed settlement.

6.   **Signature**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Date: _____, 20___

_____
Signature

_____
Print Name

4

*Behzadi, et al. v. International Creative Management Partners, LLC*
*(S.D.N.Y. Case No. 14-Civ-4382)*

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT FORM

\* \* \*

**SUBMIT THIS FORM ONLY IF YOU DO <u>NOT</u> WISH TO REMAIN A CLASS MEMBER.**
**IF YOU SUBMIT THIS FORM, YOU WILL <u>NOT</u> BE ELIGIBLE TO RECEIVE ANY MONEY FROM THIS SETTLEMENT.**

\* \* \*

_____
Signature

_____
Print Name

     I wish to exclude myself from, or opt out of, the class settlement reached in *Behzadi, et al. v. International Creative Management Partners, LLC,* S.D.N.Y. Case No. 14-Civ-4382.  I understand that by opting out, I will be excluded from the class settlement and will receive no money from the settlement.  I understand that if I opt out, I may bring a separate lawsuit.  I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had filed a Class & Collective Action Claim Form & Consent to Join Form in this Lawsuit.  I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk.  I understand that counsel for the class members will not represent my interests if I opt out of the class settlement.

SEND TO THE CLAIMS ADMINISTRATOR AT:

THIS FORM MUST BE MAILED BY U.S. FIRST CLASS MAIL, POSTMARKED OR RECEIVED BY FAX OR EMAIL NO LATER THAN:

_____, 20__

KEEP A COPY OF THIS FORM FOR YOUR RECORDS.  YOU MAY WISH TO REQUEST A RETURN RECEIPT FROM THE POST OFFICE

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KIMBERLY BEHZADI and JASON          :
RINDENAU, on behalf of themselves and all   :        Case No.:  14-CV-4382 (LGS)
others similarly situated,          :
                                    :
                    Plaintiffs,     :        **ECF Case**
                                    :
        v.                          :
                                    :
                                    :
INTERNATIONAL CREATIVE              :
MANAGEMENT PARTNERS, LLC,           :
                                    :
                    Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## ORDER GRANTING PRELIMINARY
## APPROVAL OF SETTLEMENT STIPULATION

The Court now takes up the *Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Stipulation* (the "Motion").  After reviewing the Motion, the supporting Memorandum of Law in Support of Preliminary Approval of Settlement Stipulation (the "Memorandum"), and the Settlement Stipulation, the Court hereby finds as follows:

A.     On [*insert date of filing*], the Named Plaintiffs Kimberly Behzadi and Jason Rindenau and Defendant International Creative Management Partners, LLC, by their respective counsel of record, filed with this Court a Settlement Stipulation ("Settlement").

B.     This Settlement applies to the above-captioned action, which is referred to as the "Class Litigation."

C.     In their Motion, Plaintiffs are seeking class certification for the sole purpose of settlement under Fed. R. Civ. P. 23 of the **NY Rule 23 Settlement Class**, which shall include all individuals who had an Internship in New York State at ICM between June 17, 2008 and December 31, 2013, and the **CA Rule 23 Settlement Class**, which shall include all individuals who had an Internship in California State at ICM between August 15, 2010 and December 31, 2013.

D.      Plaintiffs are also seeking conditional certification for the sole purpose of settlement under the Fair Labor Standards Act ("FLSA") of the **FLSA Settlement Collective**, which shall include all individuals who had an Internship at ICM between June 17, 2011 and December 31, 2013.

E.      This Court has duly considered all of the submissions presented with respect to the Settlement.

F.      All capitalized terms in this Order with respect to the Settlement that are not otherwise defined have the same meaning as in the Settlement Stipulation.

G.      NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.      For the reasons set forth in the Memorandum, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification.  The Court hereby certifies the following classes for the sole purpose of settlement:

**NY Rule 23 Settlement Class**:  All individuals who had an Internship in New York State at ICM between June 17, 2008 and December 31, 2013.

**CA Rule 23 Settlement Class**:  All individuals who had an Internship in California State at ICM between August 15, 2010 and December 31, 2013.

2.      For the reasons set forth in the Memorandum, this Court also finds that the requirements for conditional certification under the FLSA have been satisfied.  The Court hereby certifies the following collective for the sole purpose of settlement:

**FLSA Settlement Collective:**  All individuals who had an Internship at ICM between June 17, 2011 and December 31, 2013.

3.      The Court finds that the Settlement is fair, reasonable and adequate and should be preliminarily approved.  The Settlement will ensure prompt payment to class and collective members and avoid the risks and expense of continued litigation.

4.     The Court has reviewed the terms and conditions of the Settlement, including the monetary relief provisions, the plan of allocation, and the release of claims.  Based on its review of the Settlement, the Memorandum and the Court's familiarity with this case, the Court finds that the Settlement is the result of extensive, arms-length negotiations between the parties after Class Counsel and Defendant's counsel had fully investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of a JAMS mediator and the length of settlement discussions confirm that the Settlement is not collusive.  Based on all of these factors, the Court finds that the Settlement has no obvious defects and is within the range of possible settlement approval such that notice to the Settlement Class and Collective as set forth in the Settlement is appropriate.

5.     For purposes of the Settlement, this Court approves Outten & Golden LLP as Class Counsel for the FLSA Settlement Collective, the NY Rule 23 Settlement Class, and the CA Rule 23 Settlement Class.

6.     For purposes of the Settlement, the Court approves Rust Consulting, Inc. as the Claims Administrator.

7.     The Notice Forms and Claims Forms attached as Exhibits to the Settlement Stipulation fully and accurately inform the Class Members of all material elements of the action and the proposed Settlement.

8.     Regarding the NY Rule 23 Settlement Class, the Court finds that the Settlement satisfies all the requirements for certification under Rule 23(a) and 23(b)(3). Specifically, the class is sufficiently numerous that joinder is impracticable. The members of the class share common issues of fact and law. Behzadi has claims that are typical of those of the NY Rule 23 Settlement Class since they arise out of the same general conduct of paying interns less than minimum wage of which all class members complain. Behzadi is an adequate representative of the NY Rule 23 Settlement Class since her interests are co-extensive with those of the class members and are not in conflict with them.  Behzadi has also retained experienced counsel to represent the NY Rule 23 Settlement Class. Questions of law and fact common to the class

predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

9.      Regarding the CA Rule 23 Settlement Class, the Court finds that the Settlement satisfies all the requirements for certification under Rule 23(a) and 23(b)(3).  Specifically, the class is sufficiently numerous that joinder is impracticable. The members of the class share common issues of fact and law. Rindenau has claims that are typical of those of the CA Rule 23 Settlement Class since they arise out of the same general conduct of paying interns less than minimum wage of which all class members complain. Rindenau is an adequate representative of the CA Rule 23 Settlement Class since her interests are co-extensive with those of the class members and are not in conflict with them.  Rindenau has also retained experienced counsel to represent the CA Rule 23 Settlement Class. Questions of law and fact common to the class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

10.      The parties propose to disseminate Class Notices for all Class Members via first class mail and email to the last known addresses of Class Members, in accordance with Section 13(b) of the Settlement, and to include links to a general version of the notice on a website in accordance with Section 13(c) of the Settlement.  This Court finds that the method of disseminating the Class Notices to the Class Members, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

11.      The Court also finds that the proposed form and content of the Claim Forms and Exclusion Form fully comport with the requirements of applicable federal and state law.

12.      Based on the foregoing, the proposed Class Notice, Claim Form and Exclusion Form attached as Exhibits A and B to the Settlement are hereby approved by the Court.

13.     Within 30 business days after the entry of this Order, in accordance with Section 12 of the Settlement ICM will provide the information described in Section 12 of the Settlement to the Claims Administrator and Class Counsel.

14.     Within 45 business days after the entry of this Order, the Claims Administrator shall mail the Notice Packages by first class mail and email in accordance with Section 13(b) of the Settlement to the last known addresses of each Class Member in accordance with the terms of the Settlement.

15.     Each Class Member shall have 60 days from the mailing of the Notice Package, which shall be extended in accordance with Section 13(b) of the Settlement, to return a Claim Form, object to the Settlement, or exclude him or herself from the Settlement.

16.     The Court schedules a fairness hearing on _____, 20__, at __ [a.m./p.m.] to address: (a) whether the proposed Settlement Stipulation should be finally approved as fair, reasonable, and adequate as to the Class Members; (b) Class Counsel's application for attorneys' fees and costs; and (c) the Claims Administrator's application for fees and costs.

17.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Preliminary Order of Approval.

Dated this _____ day of _____, 20___.
New York, New York

SO ORDERED:

_____<br>Hon. Lorna G. Schofield<br>United States District Judge

# EXHIBIT C

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

KIMBERLY BEHZADI and JASON      :
RINDENAU, on behalf of themselves and all   :   Case No.:  14-CV-4382 (LGS)
others similarly situated,      :
     :
              Plaintiffs,   :   **ECF Case**
     :
   v.      :
     :
INTERNATIONAL CREATIVE      :
MANAGEMENT PARTNERS, LLC,      :
     :
             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## STIPULATION OF CONFIDENTIALITY

**WHEREAS,** Plaintiffs Kimberly Behzadi and Jason Rindenau (jointly "Plaintiffs") have

commenced this action against Defendant International Creative Management Partners LLC

("Defendant");

**WHEREAS,** Plaintiffs and Defendant (collectively, the "Parties") have reached a

settlement in connection with the claims asserted in the above-captioned action;

**WHEREAS,** in connection with the settlement, Plaintiffs are represented by the law

firm of Outten & Golden LLP ("Plaintiffs' Counsel") and Defendant is being represented by the

law firm of Proskauer Rose LLP;

**WHEREAS,** in connection with the administration of the settlement, Plaintiffs' Counsel

has retained Rust Consulting, Inc.;

**WHEREAS,** in connection with the settlement, Defendant is agreeing to provide

Plaintiffs, Plaintiffs' Counsel and Rust Consulting, Inc. with certain confidential information

and/or documents that it would not normally share with Plaintiffs or Plaintiffs' Counsel at this point in the litigation;

**WHEREAS,** Defendant wishes to protect against the disclosure and dissemination of Confidential Information (as defined in Paragraph 2 below) to unauthorized third parties; and

**WHEREAS,** Plaintiffs and Plaintiffs' Counsel agree to maintain all such information or documents in confidence.

The Parties to this action, through their respective counsel of record, **HEREBY STIPULATE AND AGREE** to the following:

1.      This Agreement shall govern the use and disclosure of material constituting, containing or disclosing, in whole or in part, information or documents designated as "Confidential" by Defendant pursuant to Paragraph 2 and 3.

2.      "Confidential Information" as used in this Agreement shall refer to, among other items specifically designated by a producing party. "Confidential Information" shall also refer to all copies thereof and to any other material subsequently prepared from Confidential Information whether by a party or its counsel. Confidential Information shall not include information or documents that have been previously disclosed to the public.

3.      Information or documents may be designated as Confidential Information by placing or affixing on such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Inadvertent failure to designate materials as "CONFIDENTIAL" at the time of production may be remedied by supplemental written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Agreement as if it had been initially so designated; provided, however, that the receiving party shall incur no

2

liability for any prior treatment of such information in conformance with its original designation. The person or entity receiving such notice shall make a reasonable good faith effort to insure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or re-designation.

4.     Access to Confidential Information shall be limited to Qualified Persons. "Qualified Person" for purposes of documents produced by Defendant means (i) partners, members, associates, employees of Outten and Golden LLP; (ii) Plaintiffs, provided that Plaintiffs' Counsel make the disclosure and in doing so specifically advise Plaintiffs that this Agreement bars them from divulging Confidential Information; and (iii) employees of Rust Consulting, Inc., involved in the claims administration process for this matter, so long as he or she signs the undertaking in the form of Exhibit A hereto. "Qualified Persons" for purposes of documents produced by Plaintiffs means (i) any employees of Defendant who Defendant believes are reasonably necessary for purposes of this settlement provided that Defendant's Counsel make the disclosure and in doing so specifically advise Defendant and employees of Defendant that this Agreement bars them from divulging Confidential Information; (ii) partners, members, associates, employees of Proskauer; and (iii) employees of Rust Consulting, Inc., involved in the claims administration process for this matter, so long as he or she signs the undertaking in the form of Exhibit A hereto. The Parties may, by written agreement, agree that an additional individual(s) will be designated as a "Qualified Person" for purposes of this Agreement upon the specific terms agreed to in a writing signed by counsel for both Parties.

5.     Each Qualified Person will maintain Confidential Information in confidence and will not directly or indirectly reveal, disclose, disseminate, discuss or otherwise publish, in whole or in part, any Confidential Information to anyone who is not a Qualified Person without the

prior written consent of the producing Parties' counsel.  Confidential Information shall not be copied or otherwise recorded, transcribed or summarized, except as necessary for purposes of these settlement discussions.  Nothing in this Agreement shall prevent the producing party from using or disclosing its own Confidential Information in any way it deems appropriate.

6.      Within five (5) days of a request by Defendant, Plaintiffs and Plaintiffs' Counsel shall return to Defendant or destroy all Confidential Information in the possession of any Qualified Person to whom he or it has provided such information, together with all copies, extracts and summaries thereof.   Similarly, within five (5) days of a request by Plaintiffs, Defendant and Proskauer shall return to Plaintiffs or destroy all Confidential Information in the possession of any Qualified Person to whom they have provided such information, together with all copies, extracts and summaries thereof.  If destroyed, the Parties will promptly notify the producing Parties' counsel that the information has been destroyed.  Should the Court grant final approval of the Settlement Stipulation, neither party will request the return or destruction of documents necessary for the effectuation of the settlement until the time for all participants to cash their checks has expired.

7.      Confidential Information shall be used only for the purpose of the administration of the settlement in this matter.  The Parties and their Counsel also agree that no reference will be made to any Confidential Information in any way in any litigation or arbitration, unless that Confidential Information has been previously produced in that litigation or arbitration in the identical format.  The Parties and their Counsel further agree that Confidential Information may be used and retained for purposes of this action only, and may not be used in any other action, lawsuit, litigation, arbitration, mediation or other proceeding(s).  Confidential Information may

4

not be used by, or in any way or communicated to, anyone, including, but not limited to, attorneys or other litigants, for any purpose other than settlement discussions in this action.

8.      The Parties' production of the Confidential Information that is the subject of this Agreement is subject to, and without waiver of, any rights either party may have should the dispute between the Parties proceed to litigation.  By agreeing to the procedures set forth in this Agreement, none of the Parties agrees to produce any document(s), or waives or prejudices any objection he or it may have with respect to the discoverability, production or admissibility of any document(s) or information, in this action.  Nothing contained herein shall prejudice the right of a party to object to the production of any document(s) or information should this litigation proceed.  In addition, the fact that a party has entered into this Agreement is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges).

9.      Plaintiffs and Plaintiffs' Counsel agree that in the event a request is made by any person or entity (including, but not limited to, any government agency) for a disclosure of the Confidential Information, they will give prompt notice of such request in writing to Richard B. Levy, General Counsel, ICM Partners, 10250 Constellation Blvd., Los Angeles, CA 90067, or his/her successor and will make no such disclosure until Defendant has had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.  Nothing in this Paragraph, however, shall require Plaintiffs or Plaintiffs' Counsel to place themselves or itself in contempt of court or violate any law or rule of ethics.

10.     All Confidential Information produced pursuant to this Agreement, and all copies, or summaries made thereof, shall either be: (1) returned to the producing party within sixty (60) days after all Participating Class Members have cashed their check or the time to do so has expired; or (2) destroyed by the non-producing party possessing such Confidential Information within sixty (60) days after all Participating Class Members have cashed their check or the time to do so has expired.  In the event a party chooses the latter option, the party shall provide the other party with a written statement attesting to such destruction within ten (10) days after such destruction occurs.  Notwithstanding the foregoing, counsel in this action may keep copies of work product and Court filings that contain or refer to Confidential Information.

11.     No modification or other change to this Agreement shall be effective unless it is in writing and signed by both Parties' counsel of record, or has been reduced to an order of the Court.

12.     This Agreement is enforceable as a contract pursuant to New York law and shall remain in full force and effect until modified, amended, superseded, or terminated by written consent of the Parties.

Dated:  New York, New York
            _____, 2015

OUTTEN & GOLDEN LLP                          PROSKAUER ROSE LLP

By: _____              By:_____
     Rachel Bien                                              Elise M. Bloom
     Sally J. Abrahamson                                 Steven D. Hurd
3 Park Avenue, 29th Floor                           Michelle A. Annese
New York, New York  10016                      Eleven Times Square
(212) 245-1000                                         New York, New York 10036
*Attorneys for Plaintiffs*                              (212) 969-3000

*Attorneys for Defendant*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
KIMBERLY BEHZADI and JASON          :
RINDENAU, on behalf of themselves and all   :      Case No.:  14-CV-4382 (LGS)
others similarly situated,               :
                                    :
                       Plaintiffs,    :      **ECF Case**
                                    :
        v.                          :
                                    :
INTERNATIONAL CREATIVE          :
MANAGEMENT PARTNERS, LLC,      :
                                    :
                       Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**AGREEMENT TO BE BOUND BY
STIPULATION OF CONFIDENTIALITY**

The undersigned hereby states as follows:

1. I live at _____, and work for _____ located at
   _____, where my position is _____.

2. I have read the Stipulation and Confidentiality Order entered in the above-captioned matter
   (the "Confidentiality Order").

3. I agree to be bound by the terms of the Confidentiality Order, including, but not limited, any
   provisions requiring me to return Confidential Information in accordance with the terms of
   this Confidentiality Order.

4. I understand and agreed that, pursuant to the Confidentiality Order, I shall not use, reveal, or
   otherwise divulge any Confidential Information except in connection with this action, and
   that I will not use the information for any purpose unrelated to this action.

5. I understand that breach of the terms of the Confidentiality Order may be punishable by
   contempt of Court and subject to other appropriate legal penalties.  I hereby consent and
   submit to the jurisdiction of the Court for purposes of enforcement of the Confidentiality
   Order.

Signed: _____

Print Name: _____

Date: _____