**OUTTEN & GOLDEN LLP**
Rachel Bien
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY BEHZADI and JASON RINDENAU, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC, <br><br> Defendant. | **No. 14-cv-4382 (LGS)** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND <u>APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT</u>

## TABLE OF CONTENTS

ARGUMENT ...................................................................................................................... 1

I.   FACTUAL AND PROCEDURAL BACKGROUND .......................................................... 1

     A.   Overview of Litigation .......................................................................................... 1

     B.   Settlement Negotiations ......................................................................................... 2

II.  SUMMARY OF THE SETTLEMENT TERMS ................................................................. 2

     A.   Settlement Fund .................................................................................................... 2

     B.   Class Members ..................................................................................................... 2

     C.   Releases ............................................................................................................... 3

     D.   Allocation Formula .............................................................................................. 3

     E.   Attorneys' Fees and Costs .................................................................................... 4

     F.   Service Payments ................................................................................................. 4

     G.   Settlement Claims Administrator .......................................................................... 5

III. CLASS ACTION SETTLEMENT PROCEDURE .......................................................... 5

IV.  PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE. ................ 6

     A.   The Settlement is Fair, Reasonable, and Adequate ............................................... 9

          1.   Litigation Through Trial Would Be Complex, Costly, and Long
               (*Grinnell* Factor 1) ...................................................................................... 9

          2.   The Court Cannot Assess the Reaction of the Class Until After Notice
               Issues (*Grinnell* Factor 2) ........................................................................... 9

          3.   Discovery Has Advanced Far Enough to Allow the Parties to Resolve the
               Case Responsibly (*Grinnell* Factor 3) ....................................................... 10

          4.   Plaintiffs Would Face Risk If the Case Proceeded
               (*Grinnell* Factors 4 and 5) ......................................................................... 10

5.      Maintaining the Class Through Trial Would Not Be Simple
        (*Grinnell* Factor 6) ................................................................. 11

6.      Defendant's Ability to Withstand a Greater Judgment Is Not
        Determinative (*Grinnell* Factor 7) ......................................... 12

7.      The Settlement Fund is Substantial, Even in Light of the Best Possible
        Recovery and the Attenadant Risks of Litigation
        (*Grinnell* Factors 8 and 9) ....................................................... 12

V.      CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS IS
        APPROPRIATE ....................................................................................... 13

        A.      Numerosity ................................................................................ 14

        B.      Commonality .............................................................................. 14

        C.      Typicality ................................................................................... 15

        D.      Adequacy of the Named Plaintiffs and Their Counsel ............ 15

        E.      Certification Is Proper Under Rule 23(b)(3) ......................... 16

                1.      Common Questions Predominates ............................. 17

                2.      A Class Action Is a Superior Mechanism ................ 17

VI.     PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL .......... 18

VII.    THE NOTICE PLAN AND AWARD DISTRIBUTION PROCESS
        ARE APPROPRIATE ................................................................................ 18

CONCLUSION ..................................................................................................... 20

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)........................................................................16

*In re Austrian & German Bank Holocaust Litig.,*
80 F. Supp. 2d 164 (S.D.N.Y. 2000)................................................9, 10, 11, 12

*Ballinger v. Advance Magazine Publishers, Inc.,*
No. 13 CIV. 4036, 2014 WL 7495092 (S.D.N.Y. Dec. 29, 2014).................................. *passim*

*Ceka v. PBM, LLC,*
No. 12 Civ. 1711, 2014 WL 6812127 (S.D.N.Y. Dec. 2, 2014)........................................15, 16

*City of Detroit v. Grinnell Corp.,*
495 F.2d 448 (2d Cir. 1974)........................................................................9, 13

*Cnty. of Suffolk v. Long Island Lighting Co.,*
710 F. Supp. 1422 (E.D.N.Y. 1989),  ....................................................................13

*Consol. Rail Corp. v. Town of Hyde Park,*
47 F.3d 473 (2d Cir. 1995)........................................................................14

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,*
502 F.3d 91 (2d Cir. 2007)........................................................................17

*Damassia v. Duane Reade,*
250 F.R.D. 152 (S.D.N.Y. 2008) ....................................................................18

*D'Amato v. Deutsche Bank,*
236 F.3d 78 (2d Cir. 2001)........................................................................9

*deMunecas v. Bold Food, LLC,*
No. 09 Civ. 00440, 2010 WL 3322580 (S.D.N.Y. Aug. 23, 2010) ..........................................7

*Denney v. Deutsche Bank AG,*
443 F.3d 253 (2d Cir. 2006)........................................................................16

*Dziennik v. Sealift, Inc.,*
No. 05 Civ. 4659, 2007 WL 1580080 (E.D.N.Y. May 29, 2007) ...........................................16

*In re EVCI Career Colls. Holding Corp. Sec. Litig.,*
Nos. 05 Civ. 10240, *et al.,* 2007 WL 2230177 (S.D.N.Y. July 27, 2007)................................8

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005)..................................................................8, 12, 15, 17

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995)....................................................................................14

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982)..............................................................................................14

*Glatt v. Fox Searchlight Pictures, Inc.*,
   293 F.R.D. 516 (S.D.N.Y. 2013) ......................................................11, 12, 16, 19

*Goldberg v. Integrated Res., Inc.*,
   209 F.3d 43 (2d Cir. 2000)....................................................................................9

*Green v. Wolf Corp.*,
   406 F.2d 291 (2d Cir. 1968)................................................................................17

*In re Ira Haupt & Co.*,
   304 F. Supp. 917 (S.D.N.Y. 1969) ....................................................................11

*Johnson v. Brennan*,
   No. 10 Civ. 4712, 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) ....................6, 7

*Lizondro-Garcia v. KEFI LLC*,
   300 F.R.D. 169 (S.D.N.Y. 2014) ........................................................7, 15, 16, 18

*Lynn's Food Stores, Inc. v. United States*,
   679 F.2d 1350 (11th Cir. 1982) ............................................................................8

*Marisol A. v. Guiliani*,
   126 F.3d (2d Cir. 1997)......................................................................................15

*Maywalt v. Parker & Parsley Petroleum Co.*,
   67 F.3d 1072 (2d Cir. 1998)..................................................................................7

*Perez v. Allstate Ins. Co.*,
   No. 11 Civ. 1812, 2014 WL 4635745 (E.D.N.Y. Sept. 16, 2014)..................17, 18

*Sewell v. Bovis Lend Lease, Inc.*,
   No. 09 Civ. 6548, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012).........10, 11, 15, 16

*Torres v. Gristede's Operating Corp.*,
   No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) .....................17

*Torres v. Gristede's Operating Corp.*,
   Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627, 2010 WL 2572937
   (S.D.N.Y. June 1, 2010)........................................................................................5

*In re Traffic Exec. Ass'n*,
  627 F.2d 631 (2d Cir. 1980) ............................................................................................. 8

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005) ......................................................................................... 6, 8

*Wang v. Hearst Corp.*,
  293 F.R.D. 489 (S.D.N.Y. 2013) .............................................................................. 11, 12

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004) ...................................................................................... 7, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................... *passim*

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*
  (4th ed. 2002) ................................................................................................ 5, 6, 7, 13

## ARGUMENT

Subject to Court approval, Plaintiffs Kimberly Behzadi and Jason Rindenau (together, "Plaintiffs") and Defendant International Creative Management Partners, LLC ("Defendant" or "ICM") have settled this wage and hour class and collective action for the Maximum Settlement Amount[1] of $725,000.00.

The proposed settlement satisfies all of the criteria for preliminary approval under federal law. Accordingly, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the Settlement Stipulation, attached as Exhibit A to the Declaration of Rachel Bien ("Bien Decl."); (2) conditionally certify the proposed settlement class under Federal Rule of Civil Procedure 23(b)(3); (3) appoint Outten & Golden LLP as Class Counsel; and (4) approve the proposed Notice of Class and Collective Action Settlement ("Notice") (attached as Exhibit B to the Bien Decl.) and direct its distribution.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Overview of Litigation

On June 17, 2014, Plaintiff Kimberly Behzadi ("Behzadi") filed a class and collective action complaint alleging that ICM failed to pay minimum wages to her and other interns for the work that they performed during their internships in violation the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 1. On August 15, 2014, Behzadi amended her complaint, adding Jason Rindenau ("Rindenau") as a named Plaintiff and claims under the California Labor Code and Unfair Competition Law. ECF No. 23.

---

[1] Unless otherwise indicated, all capitalized terms have the definitions set forth in the Settlement Stipulation, which is attached as Exhibit A to the Bien Declaration.

On July 29, 2014, ICM moved to compel Behzadi to arbitrate her claims. ECF No. 15. On August 26, 2014, Behzadi filed her opposition to ICM's motion to compel and Plaintiffs filed a motion for conditional certification and court-authorized notice pursuant to 29 U.S.C. § 216(b). ECF No. 24. On September 5, 2014, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint, ECF No. 31, which Plaintiffs opposed. ECF No. 43.

### B. Settlement Negotiations

On December 15, 2014, the parties participated in an all-day mediation session with Dina Jansenson of JAMS, a well-known and respected mediator. Bien Decl. ¶ 16. At the mediation, the parties reached an agreement on the material terms of a settlement. *Id.* ¶ 17. Over the next few weeks, the parties negotiated a detailed settlement agreement. *Id.* ¶ 18.

## II. SUMMARY OF THE SETTLEMENT TERMS

### A. The Settlement Fund

Defendant has agreed to fund a Maximum Settlement Amount of $725,000 to cover payments to Participating Class Members, Court-approved attorneys' fees, costs, expenses, service payments, and the claims administrator's fees. Ex. A (Settlement Stipulation) §§ 2, 7-10.

### B. Class Members

The Settlement Stipulation covers three partially overlapping groups of Class Members. The FLSA Settlement Collective includes all individuals who had Internships at ICM between June 17, 2011 and December 31, 2013. Ex. A (Settlement Stipulation) § 5. The New York Rule 23 Settlement Class includes all individuals who had Internships at ICM in New York State between June 17, 2008 and December 31, 2013. *Id*. The California Rule 23 Settlement Class includes all individuals who had an Internship at ICM in California between August 15, 2010 and December 31, 2013. *Id*.

The Settlement Stipulation defines "Internship" as "time spent by an individual who was unpaid or paid less than the minimum wage then in effect while performing activities for ICM during the Applicable Class Period and while performing those activities was identified by ICM as an intern.  *Id*. § 1(s).

### C.   Releases

FLSA Settlement Collective Members who file claims will release all FLSA claims against the Defendants.  All New York Rule 23 Settlement Class Members who do not opt out will release all wage and hour claims under New York State law.  All California Rule 23 Settlement Class Members who do not opt out will release all wage and hour claims under California state law.

### D.   Allocation Formula

Participating Class Members will be paid pursuant to an allocation formula based on the estimated number of hours spent interning and the state in which they interned.   Ex. A (Settlement Stipulation) § 1(t).  Estimates of Internship Hours were determined based on ICM's records.  *Id.* §§ 1(t), 6.  Each Class Member will be assigned one point for each Internship Hour. *Id.* § 6.

Two-thirds of the Net Settlement Amount will be allocated to the California Rule 23 Settlement Class ("CA Net Settlement Amount") and one-third of the Net Settlement Amount will be allocated to the New York Rule 23 Settlement Class ("NY Net Settlement Amount"). The greater number of points allocated to the California Rule 23 Settlement Class reflects the value of additional claims and monetary remedies available under California law that are not available under the NYLL.

The Claims Administrator will calculate each California Rule 23 Class Member's proportionate share by adding all the points for the California Rule 23 Settlement Class to obtain

the "Total CA Denominator," then dividing the number of points for each Participating

California Rule 23 Class Member by the Total CA Denominator to obtain each California Rule

23 Class Member's "Portion of the CA Net Settlement Amount," and finally the Claims

Administrator will multiply each CA Rule 23 Class Member's Portion of the CA Net Settlement

Amount by the CA Net Settlement Amount to determine each California Rule 23 Settlement

Class Member's "Settlement Award."

The Claims Administrator will then calculate each New York Rule 23 Class Member's

proportionate share by adding all the points for the New York Rule 23 Settlement Class to obtain

the "Total NY Denominator," then dividing the number of points for each Participating NY Rule

23 Class Member by the Total NY Denominator to obtain each New York Rule 23 Class

Member's "Portion of the NY Net Settlement Amount," and finally the Claims Administrator

will multiply each New York Rule 23 Settlement Class Member's Portion of the NY Net

Settlement Amount by the NY Net Settlement Amount to determine each New York Rule 23

Settlement Class Member's "Settlement Award."

### E.    Attorneys' Fees and Costs

Plaintiffs will seek Court approval for one-third ($241,666.67) of the Maximum

Settlement Amount for their Attorneys' Fees, plus costs of no more than $10,000.00.  Ex.  A

(Settlement Stipulation) § 8.  However, Plaintiffs' application for fees and costs is not presently

before the Court.  Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), Plaintiffs will move for Court

approval of their Attorneys' Fees and Costs simultaneously with their Motion for Final Approval

of the Settlement.

### F.    Service Payments

In addition to their payments under the allocation formula, Plaintiffs will apply for

Service Payments of no more than $10,000.00 each in recognition of the services they rendered

to the Class and any risks they incurred.  Ex. A (Settlement Stipulation) § 9.  However,

Plaintiffs' application for Service Payments is not presently before the Court.  Plaintiffs will

move for Court approval of the Service Payments simultaneously with their Motion for Final

Approval of the Settlement.

> **G.** **Settlement Claims Administrator**

The parties have designated Rust Consulting, Inc. as the Claims Administrator.  Ex. A

(Settlement Stipulation) § 1(f).  The Claims Administrator's Fees and Costs will be paid from the

Fund.  *Id*. § 10.

## III.   CLASS ACTION SETTLEMENT PROCEDURE

The well-defined class action settlement procedure includes three distinct steps:

1.   Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2.   Dissemination of mailed and/or published notice of settlement to all affected class members; and

3.   A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*

("*Newberg*"), §§ 11.22, *et seq.* (4th ed. 2002); *see also Torres v. Gristede's Operating Corp.*, No.

Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627, 2010 WL 2572937, at *3 (S.D.N.Y. June 1,

2010).  This process safeguards class members' procedural due process rights and enables the

Court to fulfill its role as the guardian of the class's interests.

With this Motion, Plaintiffs request that the Court take the first step – granting

preliminary approval of the Settlement Stipulation, conditionally certifying a New York Rule 23

Settlement Class, a California Rule 23 Settlement Class, approving the parties' proposed Notice,

and authorizing the Claims Administrator to send them.

The parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

1.    The Notice Package, containing the Notice Form, Claim Form, and a postage-paid, pre-addressed return envelope, will be mailed to Class Members within 20 days after the Court grants Plaintiffs' Motion for Preliminary Approval of Settlement.  Ex. A (Settlement Stipulation) § 13(b).

2.    Class Members will have 60 days after the date the Notice Packages are mailed to submit a Valid Claim Form, opt out of the settlement, or object to it.  *Id.* §§ 1(e), 13.

3.    A final fairness hearing will be held as soon as is convenient for the Court after the end of the Claim Period.

4.    Plaintiffs will file a Motion for Final Approval of Settlement not later than 14 days before the Fairness Hearing.

5.    After the final fairness hearing, if the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment.  If no party appeals the Court's Final Order and Judgment, the Effective Date of the Settlement Agreement will be 35 days after the Court enters its Final Approval Order.  *Id.* § 1(m).  If an individual or party appeals the Court's Final Order and Judgment, the Effective Date shall be the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally disposed and can no longer be appealed or reviewed.  *Id.*

6.    The Claims Administrator will disburse settlement checks to the Participating Class Members within 30 days after the Effective Date.  *Id.* § 13(i).

## IV.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE.

The law favors compromise and settlement of class action suits.  *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks and citation omitted); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be encouraged."); *see also Newberg* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy."); *see also Johnson v. Brennan*, No. 10

Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The approval of a proposed class action settlement is a matter of discretion for the trial court. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440, 2010 WL 3322580, at *4 (S.D.N.Y. Aug. 23, 2010) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotations omitted); *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092, at *1 (S.D.N.Y. Dec. 29, 2014) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks and citation omitted).

"Preliminary approval [] requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Lizondro-Garcia*, 300 F.R.D. at 179 (quoting *Clark v. Ecolab, Inc.,* Nos. 07 Civ. 8623, *et al.,* 2009 WL 6615729, at *3 (S.D.N.Y. Nov.27, 2009)). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 ("[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall

within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (quoting *Manual for Complex Litigation* (3d ed.) § 30.41).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation marks omitted); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

If the settlement was achieved through arm's-length negotiations involving experienced counsel, "[a]bsent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05 Civ. 10240, *et al.*, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

Preliminary approval is the first step in the settlement process. It simply allows notice to issue and for Class Members to object to or opt out of the settlement. After the Claims Period, the Court will be able to evaluate the settlement with the benefit of Class Members' input.

### A. The Settlement Is Fair, Reasonable, and Adequate.

In evaluating a class action settlement, courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). The *Grinnell* factors strongly weigh in favor of approval of the Settlement Stipulation.

### 1.   Litigation Through Trial Would Be Complex, Costly, and Long (*Grinnell* Factor 1).

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class.  "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them."  *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).  This case is no exception, with approximately 544 Class Members and claims under federal and state laws.

Extensive discovery would be required to establish liability and damages and to support Plaintiffs' anticipated class certification motion and Defendant's opposition to such motion.  The parties would likely move for summary judgment, which would require extensive briefing and delay resolution of the merits.  If the Court determines that fact disputes preclude summary judgment, a fact-intensive trial would be necessary.  Any judgment would likely be appealed, further extending the litigation.  This settlement, on the other hand, provides significant relief to Participating Class Members in a prompt and efficient manner.  Therefore, the first *Grinnell* factor weighs in favor of preliminary approval.

### 2.   The Court Cannot Assess the Reaction of the Class Until After Notice Issues (*Grinnell* Factor 2).

Because Class Members have not been notified of the settlement at this stage, the Court will be in a better position to more fully analyze this factor after the Claims Period closes when it must decide whether to grant final approval of the settlement.  Thus, this factor is neutral and does not preclude the Court from granting preliminary approval.

### 3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Grinnell* Factor 3).

The parties have completed enough discovery to recommend settlement.  The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating."  *In re Warfarin*, 391 F.3d at 537 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (internal quotation marks omitted).  "[T]he pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement . . . [, but] an aggressive effort to ferret out facts helpful to the prosecution of the suit."  *In re Austrian*, 80 F. Supp. 2d at 176 (citation omitted); *see also Ballinger*, 2014 WL 7495092, at *2 (granting preliminary approval where case was "settled before depositions were conducted, . . . [but] both sides were well acquainted with the facts and the nature of the various internships at issue").

The parties' discovery here meets this standard.  Plaintiffs' Counsel interviewed ICM interns and the parties engaged in an information exchange regarding Plaintiffs' damages estimates and the evidence supporting liability.  Bien Decl. ¶¶ 8-9.  This factor favors preliminary approval.  *See Sewell v. Bovis Lend Lease, Inc*., No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012) (granting final approval where the parties exchanged documents and Plaintiffs' counsel interviewed class members).

### 4. Plaintiffs Would Face Risk If the Case Proceeded (*Grinnell* Factors 4 and 5).

Although Plaintiffs believe their case is strong, it is subject to risk.  "[R]isks are inherent in litigation."  *Sewell*, 2012 WL 1320124, at *8.  Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome."  *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969).  In weighing the risks of establishing liability and damages, the court "must only weigh the likelihood of success by the plaintiff class against the

relief offered by the settlement." *In re Austrian*, 80 F. Supp. 2d at 177 (internal quotation marks and citation omitted).

Here, there is significant risk because the Second Circuit has not yet determined which legal standard applies to wage claims by unpaid interns.  Two district courts in this Circuit adopted different tests for determining whether an intern is an employee under the FLSA. *Compare Glatt v. Fox Searchlight Pictures*, *Inc.*, 293 F.R.D. 516, 531-32 (S.D.N.Y. 2013), *with Wang v. Hearst Corp.*, 293 F.R.D. 489, 492-94 (S.D.N.Y. 2013).  Two very different outcomes resulted in these cases – in one, the court granted summary judgment and class certification to the plaintiffs; in the other, the court denied the plaintiffs' motion for summary judgment and denied class certification.  Both decisions are on appeal to the Second Circuit.  *See Glatt v. Fox Searchlight Pictures*, *Inc.*, No. 13-4478; *Wang v. Hearst Corp.*, No. 13-4480.  These differing outcomes demonstrate the uncertainty that the parties face.  The proposed settlement alleviates this uncertainty.  This factor therefore weighs in favor of preliminary approval.

## 5. Maintaining the Class Through Trial Would Not Be Simple (*Grinnell* Factor 6).

The risk of obtaining class certification and maintaining it through trial is also present.  The Court has not ruled on Plaintiffs' pending collective action motion.  A motion for class certification under Rule 23 would require significant discovery and intense, exhaustive briefing.  The different outcomes in the *Glatt* and *Wang* cases with respect to class certification demonstrate the risk that the parties face.  *Compare Glatt*, 293 F.R.D. at 534-38, *with Wang*, 293 F.R.D. at 494-98.  Settlement eliminates this risk, expense, and delay.  This factor favors preliminary approval.

6.      **Defendant's Ability to Withstand a Greater Judgment Is Not Determinative (*Grinnell* Factor 7).**

It is not clear whether Defendant could withstand a greater judgment.  However, even if it could, its ability to do so, "standing alone, does not suggest that the settlement is unfair."  *In re Austrian*, 80 F. Supp. at 178 n.9; *accord Ballinger*, 2014 WL 7495092, at *3.  Therefore, this factor is neutral and does not preclude the Court from granting preliminary approval.

7.      **The Settlement Fund Is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Grinnell* Factors 8 and 9).**

The settlement amount represents substantial value given the attendant risks of litigation, even though recovery could be greater if Plaintiffs prevailed and maintained a class through trial and on appeal.  The determination of whether a settlement amount is reasonable "is not susceptible of a mathematical equation yielding a particularized sum."  *In re Austrian*, 80 F. Supp. 2d at 178 (quoting *Michael Milken and Assoc. Sec. Lit.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993)); *see also Ballinger*, 2014 WL 7495092, at *3 ("The inquiry with respect to this factor is to see whether the settlement falls below the lowest point in the range of reasonableness.") (quoting *In re Gache,* 164 F.3d 617 (2d Cir. 1998), 1998 WL 646756 at *1 (2d Cir. Apr. 16, 1998)).  "Instead, there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion."  *Frank*, 228 F.R.D. at 186 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)) (internal quotation marks omitted).  "[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."  *Grinnell*, 495 F.2d at 455 n.2.

Here, the settlement provides much more than "a fraction of the potential recovery." By Plaintiffs' Counsel's estimation, the Participating Class Member payments, *see supra* at II.D., represent more than 66% of the unpaid wages. Bien Decl. ¶ 27. Weighing the benefits of the settlement against the available evidence and the risks associated with proceeding in the litigation, the settlement amount is reasonable.

## V.   CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS IS APPROPRIATE.

For settlement purposes, Plaintiffs seek to certify the New York Rule 23 Settlement Class and a California Rule 23 Settlement Class under Federal Rule of Civil Procedure 23(e). As discussed below, the New York Rule 23 Settlement Class and the California Rule 23 Settlement Class meet all of requirements for class certification, and Defendant does not oppose certification for settlement purposes only. Ex. A (Settlement Stipulation) § 4; *see also Newberg* § 11.27 ("When the court has not yet entered a formal order determining that the action may be maintained as a class action, the parties may stipulate that it be maintained as a class action for the purpose of settlement only."); *Cnty. of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1422, 1424 (E.D.N.Y. 1989), *aff'd in part, rev'd in part on other grounds*, 907 F.2d 1295 (2d Cir. 1990) ("It is appropriate for the parties to a class action suit to negotiate a proposed settlement of the action prior to certification of the class.").

Settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of the terms of the settlement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class).

Under Rule 23, a class action may be maintained if all of the prongs of Rule 23(a) are

met, as well as one of the prongs of Rule 23(b).  Rule 23(a) requires that:

> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the
>        claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of
>        the class.

Fed. R. Civ. P. 23(a).  Rule 23(b)(3) requires the court to find that:

> [Q]uestions of law or fact common to class members predominate over any
> questions affecting only individual members, and that a class action is superior to
> other available methods for fairly and efficiently adjudicating the controversy.

*Id.* at (b)(3).

### A.    <u>Numerosity</u>

"[N]umerosity is presumed at a level of 40 members."  *Consol. Rail Corp. v. Town of

Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (citation omitted).  Plaintiffs easily satisfy this

requirement because there are approximately 544 Class Members.  Bien Decl. ¶ 31.

### B.    **Commonality**

The New York Rule 23 Settlement Class and the California Rule 23 Settlement Class also

satisfy the commonality requirement, the purpose of which is to test "whether the named

plaintiff's claim and the class claims are so interrelated that the interests of the class members

will be fairly and adequately protected in their absence."  *Gen. Tel. Co. of Sw. v. Falcon*, 457

U.S. 147, 157 n.13 (1982).

Here, the Plaintiffs allege that they and the New York Rule 23 Settlement Class and the

California Rule 23 Settlement Class were subject to the same policy of classifying them as non-

employees who are not entitled to minimum wage protections.  This common factual and legal

question is sufficient to satisfy commonality for settlement purposes.  *See Ballinger*, 2014 WL

7495092, at *4 (commonality satisfied when employees all had common duties); *Sewell*, 2012 WL 1320124, at *3 (commonality met where employees all subject to the same violations of federal and state wage laws).

### C.    Typicality

Rule 23 requires that the claims of the representative party be typical of the claims of the class.  "Like the commonality requirement, typicality does not require the representative party's claims to be identical to those of all class members."  *Frank*, 228 F.R.D. at 182.  Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Marisol A. v. Guiliani*, 126 F.3d, 372, 376 (2d Cir. 1997) (internal quotation marks and citation omitted).

In this case, Plaintiffs, the New York Rule 23 Settlement Class Members, and the California Rule 23 Settlement Class Members all interned for ICM and allege that, based on their status as interns, they suffered the same violation of the law.  This is sufficient to satisfy the typicality requirement.  *See Ballinger*, 2014 WL 7495092, at *5 (typicality is satisfied when employees do "similar work and were classified . . . under the same corporate policy"); *Lizondro-Garcia*, 300 F.R.D. at 175 (typicality requirement satisfied where employees worked in the same positions and were subjected to the same overtime [practices] as members of the proposed [] class."); *Ceka,* 2014 WL 6812127, at *1 (typicality satisfied where employees' claims stemmed from the company's "uniform policies" not to pay them overtime).

### D.    Adequacy of the Named Plaintiffs and Their Counsel

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement exists to ensure that the named representative will "'have an interest in vigorously pursuing the claims of the

class, and . . . have no interests antagonistic to the interests of other class members.'" *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (internal quotation marks and citation omitted).

Plaintiffs do not have interests that are antagonistic to or at odds with the Class Members' interests. *See Lizondro-Garcia*, 300 F.R.D. at 176 (no evidence that named plaintiffs' and class members' interests were at odds); *Ballinger*, 2014 WL 7495092, at *5 (same); *Ceka*, 2014 WL 6812127, at *1 (same); *Sewell*, 2012 WL 1320124, at *4 (same). Plaintiffs have also selected counsel who are adequate to represent the class's interests. *See Ballinger*, 2014 WL 7495092, at *1 (Outten & Golden LLP is "generally (and appropriately) regarded as being among the top employment law firms in the District"); *Glatt*, 293 F.R.D. at 537-38 (appointing Outten & Golden LLP as class counsel).

### E.    Certification Is Proper Under Rule 23(b)(3).

Rule 23(b)(3) requires that the common questions of law or fact "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594, 623 (1997).

#### 1.    Common Questions Predominate

To establish predominance, Plaintiffs must demonstrate that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 107-08 (2d Cir. 2007) (internal quotation marks and

citation omitted).  The predominance requirement is "more demanding than the Rule 23(a) commonality inquiry and is designed to determine whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Frank*, 228 F.R.D. at 183 (quoting *Amchem*, 521 U.S. at 623) (internal quotation marks omitted).

Here, Plaintiffs' common contention – that they were employees entitled to be paid the minimum wage – predominates over any factual or legal variations among Class Members.  *See Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *19-20 (E.D.N.Y. Sept. 16, 2014) (predominance satisfied where plaintiffs demonstrated that their duties were largely uniform); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs established that defendants "engaged in a common practice to deny employees overtime pay," and "[t]his issue predominates over any individual calculations of overtime wages").

### 2.      A Class Action Is a Superior Mechanism

The second part of the Rule 23(b)(3) analysis examines whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968).  The class action device is superior in this case because Class Members have limited financial resources with which to prosecute individual actions and there have been no individual suits brought by Class Members alleging the same violations.  *See* Fed. R. Civ. P. 23(b)(3).  In addition, employing the class device here will achieve economies of scale, will conserve the resources of the judicial system, and will avoid the waste and delay of repetitive proceedings and inconsistent adjudications of similar issues and claims.  *See Lizondro-Garcia*, 300 F.R.D. at 177 (class action more economical due to plaintiffs' limited financial resources and modest size of class); *Ballinger*, 2014 WL 7495092, at *6 (same); *Damassia v. Duane Reade*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008) (same).

## VI.   PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Rule 23(g), which governs the standards and framework for appointing class counsel for a certified class, sets forth four criteria the district court must consider in evaluating the adequacy of proposed counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law; and" (4) "the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.  Fed. R. Civ. P. 23(g)(1)(B). The Advisory Committee has noted that "[n]o single factor should necessarily be determinative in a given case."  Fed. R. Civ. P. 23(g) advisory committee's note.

Plaintiffs' Counsel satisfy these criteria.  They have done substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.  Bien Decl. ¶¶ 8-9.  Additionally, Plaintiffs' Counsel has substantial experience prosecuting and settling employment class actions, including wage and hour class actions.  *Id.* ¶¶ 4-7.  Accordingly, courts have repeatedly found Plaintiffs' Counsel to be adequate class counsel in wage and hour class actions.  *See, e.g., Ballinger*, 2014 WL 7495092, at *1; *Perez*, 2014 WL 4635745, at *25; *Glatt*, 293 F.R.D. at 537-38.

## VII.   THE NOTICE PLAN AND AWARD DISTRIBUTION PROCESS ARE APPROPRIATE

The Notice fully complies with due process and Federal Rule of Civil Procedure 23. Pursuant to Rule 23(c)(2)(B), the notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

(i)  the nature of the action;
(ii)  the definition of the class certified;
(iii)  the class claims, issues, or defenses;
(iv)  that a class member may enter an appearance through an attorney if the member so desires;
(v)  that the court will exclude from the class any member who requests exclusion;
(vi)  the time and manner for requesting exclusion; and
(vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Notice satisfies each of these requirements.  Additionally, it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.  *See* Ex. B.

The Settlement Stipulation provides that the Notice will be mailed by the Claims Administrator to the last known address and email, to the extent available, of each Class Member within 20 days of preliminary approval.  Ex. A (Settlement Stipulation) § 13(b).  The Notice will also be posted on a website for the duration of the Claim Period.  *Id*. § 13(c).

The Claims Administrator will take reasonable steps to obtain the correct addresses of any Class Member whose notice is returned as undeliverable and will attempt re-mailing.  *Id.* § 13(e).  Class Members will have 60 days after the date on which the Notice is mailed to submit a Valid Claim Form, opt out of the settlement, or object to it.  *Id.* § 13(d).  The Claims Administrator will disburse settlement checks to Participating Class Members within 30 days after the Effective Date.  *Id.* § 13(i).

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their

Motion for Preliminary Approval of Settlement and enter the Proposed Order.

Dated: January 30, 2015
      New York, New York

                                        Respectfully submitted,
                                        **OUTTEN & GOLDEN LLP**

                                        /s/ Rachel Bien
                                        Rachel Bien
                                        Sally J. Abrahamson
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone:  (212) 245-1000
                                        Facsimile:  (646) 509-2060

                                        ***Attorneys for Plaintiffs***

20