# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY BEHZADI and JASON RINDENAU, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>        v.<br><br>INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC,<br><br>              Defendant. | **No. 14-cv-4382 (LGS)**<br><br>**DECLARATION OF JOSH LUNDE REGARDING SETTLEMENT ADMINISTRATION** |

I, Josh Lunde, declare under penalty of perjury as follows:

1.      I am a Senior Project Manager for Rust Consulting, Inc. ("Rust").  My business address is 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota 55402-2469.  My telephone number is (612) 359-2969.  I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

2.      I was the Senior Project Manager responsible for the day to day administration of the above-captioned settlement.  I made these statements based on my personal knowledge and would so testify if called as a witness at trial.

3.      Rust is headquartered in Minneapolis, MN and has over 26 years of experience providing claims administration for class action settlements.  Rust has provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues.  Rust has a labor and employment project management team that is strictly dedicated to managing settlement administration for FLSA, discrimination, and ERISA litigation.  We have provided notification and/or claims administration services in more than 4,500 cases.  Of these, more than 1,700 were labor and employment cases.

4.      The parties do not have a personal relationship with Rust and did not receive any gratuities in exchange for contracting with Rust.

1

5.      Rust was engaged by the parties to provide settlement administration services in the above-captioned case.  Its duties included: a) preparing, printing and mailing the Notice of Class and Collective Action Settlement ("Notice"), Class & Collective Action Claim Form & Consent to Join Form ("Claim Form"),  Request for Exclusion from Class Action Settlement Form ("Exclusion Form"), and Self-Addressed Stamped Envelope ("SASE") (collectively known as the "Class Notice"); b) receiving and reviewing Claim Forms submitted by Class Members; c) tracking Exclusion Forms; d) drafting and mailing Participating Class Member settlement checks; and e) other tasks, including conducting searches for updated addresses and re-mailing Class Notices when updated addresses were located.

6.      Rust obtained a mailing address to receive Claim Forms, Exclusion Forms, undeliverable Class Notices and other communications regarding the settlement.

7.      A fax number was included in the Class Notice so that Class Members could transmit their Claim Forms, Exclusion Forms and other communications about the settlement via facsimile.

8.      An email address was also included in the Class Notice so that Class Members could transmit their Claim Forms, Exclusion Forms and other communications about the settlement via email.

9.      On February 9, 2015, pursuant to the directions of the parties, Rust mailed notice of the settlement to an "Appropriate Federal Official" and to "Appropriate State Officials" as required by 28 U.S.C. § 1715.

10.      On or about March 26, 2015, Rust received the final text for the Notice, Claim Form and Exclusion Form from the parties.  A draft of the formatted Class Notice was prepared by Rust and approved by the parties.  Copies of these documents are attached as Exhibits A, B, and C respectively.

11.      On or about April 8, 2015, counsel for the defendant provided Rust with a mailing list containing Class Members' names, last known addresses, last known phone numbers, last

2

known email addresses, internship location(s), and the number of hours they interned during the Class Period (the "Class List").  The Class List contained data for 499 Class Members.

12.    The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service.  The NCOA contains requested changes of address filed with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice.

13.    On April 23, 2015, Class Notices were mailed to the 499 Class Members contained in the Class List via First Class mail. The Class Notice was also emailed to all Class Members for whom an email address was available. The Class Notice advised Class Members that they could submit a Claim Form, Exclusion Form, or objection postmarked, or received via fax or email, by June 22, 2015.

14.    Following the initial mailing two (2) sets of duplicate records were identified in the Class List. After removing the duplicates the final number of Class Members is 497.

15.    As of this date, three (3) Class Notices have been returned by the Post Office with forwarding addresses attached.  Rust promptly re-mailed Class Notices to those Class Members via First Class mail.

16.    As of this date, 119 Class Notices have been returned to Rust as undeliverable with no forwarding address attached.  Rust performed 117 batch address traces utilizing Experian, a trace product used for obtaining updated addresses based on name, last known address, and SSN (if available).  Rust had already obtained updated address for two (2) of the undeliverable Class Notices, either from Counsel or directly from the Class Member, at the time they were returned and those were not sent to batch trace.  Of the 117 batch traces performed, 27 more current addresses were obtained and Class Notices were promptly re-mailed to those Class Members via First Class mail.  In addition to batch tracing through Experian, Rust preformed manual traces through Lexis Nexis on Class Notices for which an updated address was not

obtained via batch trace.  Rust also made calls to Class Members whose Class Notices were returned as undeliverable and for whom a phone number was available to attempt to obtain updated addresses.  Lastly, some Class Members whose physical address was inaccurate received their Class Notice via email.  Following the efforts outlined above, approximately 53 Class Notices are believed to remain undeliverable.  Class Members whose Class Notice was re-mailed after having been returned to Rust as undeliverable will be given the later of June 22, 2015 or 20 days from the date of the re-mailing to submit a Claim Form or Exclusion Form.

17.    To date, Rust has received 149 Claim Forms.  All of the Claim Forms received were complete and contained the language, "Please provide the following information to the best of your recollection. You may make a claim whether or not you complete this section. If you do not know or cannot remember, provide the most complete information that you have."  The 149 Class Members who submitted a complete and timely postmarked Claim Form represent approximately 30% of the 497 total Class Members.  The average estimated gross award is $905.70 and the average estimated net award is $723.87.

18.    To date, Rust has received 24 timely Exclusion Forms.

19.    On June 5, 2015, reminder postcards were mailed to 367 Class Members who had not submitted a Claim Form or an Exclusion Form as of that date.  The reminder postcard was approved by Class Counsel and defendant's counsel and was intended to remind Class Members of their June 22, 2015 deadline to submit a claim form, opt-out, or object, as stated in the Notice. A copy of the reminder postcard is attached as Exhibit D.

20.    To date, Rust has not received any objections to the settlement.

21.    Rust has agreed to cap its fees for the administration of the settlement at $17,000.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this Declaration was executed this 23rd day of June 2015, in Minneapolis, MN.

_____

JOSH LUNDE

# Exhibit A

## NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

**If you were an intern at ICM, you may be able to participate in a settlement for unpaid minimum wages.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- In June and August 2014, two former interns (the "Plaintiffs") sued International Creative Management Partners, LLC ("ICM"), claiming that it violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the California Labor Code ("CLC"), the California Unfair Competition Law ("CUCL"), and the California Private Attorneys General Act ("PAGA"). The Plaintiffs claimed they were owed, among other things, minimum wage for the internships they had at ICM.

- Plaintiffs and ICM have recently decided to settle the lawsuit. In agreeing to the settlement, ICM has <u>expressly denied</u> any wrongdoing and the Court has <u>not</u> decided that ICM has done anything wrong or whether Plaintiffs or other interns should have been paid minimum wage. In addition, no determination has been made that Plaintiffs or you are owed any money.

- This Notice provides you with information about the settlement. Your legal rights may be affected by the settlement, and you may have a choice to make by June 22, 2015. However, the Court is not advising you on whether or not you should participate.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE** | To obtain a payment and participate in the settlement, you must complete and mail back the pink "Class & Collective Action Claim Form & Consent to Join Form" ("Claim Form") and it <u>must</u> be postmarked by June 22, 2015. If you choose to participate in the settlement, you will release your claims against ICM. |
| **DO NOT PARTICIPATE** | If you do not want to participate in the settlement, you must exclude yourself by completing and mailing back the "Request for Exclusion From Class Action Settlement Form" ("Request for Exclusion Form") postmarked by June 22, 2015. If you exclude yourself, you will not receive a payment from ICM and you cannot object to the settlement. |
| **OBJECT** | You may write to the Court about why you believe the settlement is not fair or reasonable. You must object in writing in order to speak to the Court at the Fairness Hearing (described below) about the fairness of the settlement. |

- Your rights and options with respect to the settlement—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If the Court approves the settlement and after appeals, if any, are resolved, payments will be made only to those individuals who are eligible and who complete and return a Claim Form.

### BASIC INFORMATION

**1. Why did I receive this Notice?**

Records indicate that you had an Internship at ICM between June 17, 2008 and December 31, 2013. A class and collective action involving ICM interns *Behzadi, et al. v. International Creative Management Partners, LLC*, (S.D.N.Y. Case No. 14-Civ-4382) (hereafter "the Lawsuit") has been settled. The Lawsuit is overseen by District Judge Lorna G. Schofield of the United States District Court in New York, NY.

You are receiving this Notice because you may be a class and/or collective member covered by the settlement. This Notice describes the settlement and describes how you may be able to obtain a payment from the settlement. This Notice also describes how you can exclude yourself or object to the settlement.

**2. What is this lawsuit about and why did it settle?**

The Lawsuit alleges that ICM violated wage and hour laws with respect to its interns by failing to pay them at least minimum wage. ICM expressly denies violating any laws and contends that interns were not entitled to any payments at all, although some may have received college credits.

- 1 -

Even though the parties believe their respective claims and defenses are strong, they have decided to settle. The settlement enables ICM to dedicate its time and resources to ongoing business operations and, as such, the settlement will benefit its employees and its clients. The Plaintiffs and their attorneys, who are referred to as "Class Counsel," believe the settlement benefits interns because it ensures that class and collective members will recover money without the delay and uncertainty that would result if the parties were going to continue to litigate this case. The Court overseeing the Lawsuit has "preliminarily approved" the settlement as fair. The Court will make a final decision regarding the settlement's fairness at the hearing described in Section 11, below.

### 3. What is a Class/Collective Action?

The Lawsuit is being settled as a class and collective action. In class and collective actions, one or more persons sue not only for themselves, but also for other people who have similar claims. These people are known as class and collective members. In class and collective actions, the plaintiffs ask one court to resolve the issues for all class and/or collective members.

In this action, the Plaintiffs have brought a class action under the NYLL, the CLC, and the CUCL, and the PAGA, and a collective action under the FLSA, and the Court has conditionally certified the Class Members and the Applicable Class Period as:

> *All individuals who had an Internship at ICM in New York between June 17, 2008 and December 31, 2013; and*

> *All individuals who had an Internship at ICM in California between August 15, 2010 and December 31, 2013.*

The Court has certified the collective members and the applicable collective period as:

> *All individuals who had an Internship at ICM between June 17, 2011 and December 31, 2013.*

For purposes of the Lawsuit, "Internship" means time spent by an individual who was unpaid or paid less than the minimum wage then in effect while performing activities for ICM during the applicable class and collective periods and while performing those activities was identified by ICM as an intern.

## THE SETTLEMENT

### 4. What does the settlement provide and how much will I be paid?

As part of the settlement, you may submit a claim for payment from ICM. That payment will represent your *pro rata* share of the settlement based on the number of Internships you had with ICM and the number of hours you spent participating in each internship, between June 17, 2008 and December 31, 2013 (if your Internship was in New York) or between August 15, 2010 and December 31, 2013 (if your Internship was in California).

Based on the formula set forth below, you may be entitled to a settlement payment ranging from a minimum of $58.31 to a maximum of $3,628.61. If you would like more information on the amount of your potential payment, you can call Class Counsel at the number listed in Section 16. **You must complete and return the enclosed Claim Form if you want to elect to request a settlement payment.**

Participating Class Member Payments will be calculated by allocating the following payments for each Internship during the Applicable Class Period for a Class Member who files a valid and timely Claim Form:

(a) Two-thirds of the Net Settlement Amount will be allocated to the CA Rule 23 Settlement Class ("CA Net Settlement Amount") and one-third of the Net Settlement Amount will be allocated to the NY Rule 23 Settlement Class ("NY Net Settlement Amount"). Each Class Member will be assigned one point for each Internship Hour.

(b) To calculate each California Class Member's proportionate share:

  (i) Add all the points for the CA Rule 23 Settlement Class to obtain the "Total CA Denominator."

  (ii) Divide the number of points for each Participating CA Class Member by the Total CA Denominator to obtain each CA Class Member's "Portion of the CA Net Settlement Amount."

  (iii) Multiply each CA Class Member's Portion of the CA Net Settlement Amount by the CA Net Settlement Amount to determine each CA Class Member's "Settlement Award."

(c) To calculate each New York Class Member's proportionate share:

  (i) Add all the points for the NY Rule 23 Settlement Class to obtain the "Total NY Denominator."

  (ii) Divide the number of points for each Participating NY Class Member by the Total NY Denominator to obtain each NY Class Member's "Portion of the NY Net Settlement Amount."

- 2 -

(iii) Multiply each NY Class Member's Portion of the NY Net Settlement Amount by the NY Net Settlement Amount to determine each NY Class Member's "Settlement Award."

As part of this settlement and subject to the Court's final approval, a fund of up to $725,000.00, will be set aside to pay the settlement payments claimed by class and collective members, attorneys' fees equaling approximately $241,666.00, and costs of $9,600.00, service payments of $10,000.00, each, for the two interns who brought this Lawsuit, and the Claims Administrator's fees of approximately $17,000.00.

Aside from Court-approved attorneys' fees, costs, service payments, and Claims Administrator's fees discussed above, ICM is only obligated to fund the portion of the settlement allocated to class and collective member payments to the extent that class and collective members complete and return Claim Forms, as discussed in paragraph 5 below.

## HOW YOU GET A PAYMENT

### 5. How can I receive my payment?

To receive your payment, you must properly complete and return the attached pink Claim Form (preferably in the enclosed postage-paid envelope) postmarked by no later than June 22, 2015. You may also return the Claim Form by faxing it to (866) 880-0190, or emailing it to icminternlawsuit@rustconsulting.com. A Claim Form submitted by email or fax must be actually received by the Claims Administrator on or before June 22, 2015.

If the Court approves the settlement, the Claims Administrator will send your payment directly to you at the address indicated on the Claim Form or at the updated address you provide.

### 6. When will I receive payment?

The Court will hold a Fairness Hearing on July 7, 2015, at 10:50 a.m., to decide whether to approve the settlement. If the Court approves the settlement, and if there are no appeals, then the Claims Administrator will mail your payment to you after the effective date of the settlement. The parties are hopeful that the settlement checks will be issued in fall 2015.

You will need to deposit or cash your settlement check within ninety (90) calendar days after it is dated. Any uncashed amounts after that date will be returned to ICM.

### 7. How will my payment be taxed?

One-half of your settlement payment will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted. This payment will be reported on an IRS Form W-2 issued at the appropriate time. The other half of your payment will be paid in the form of a non-payroll check from which no payroll taxes or withholdings will be deducted. This payment will be reported on an IRS Form 1099 issued at the appropriate time. You should consult with your tax advisor regarding any tax obligations you may have with respect to your settlement payments.

### 8. What am I giving up by settling my claim?

Unless you timely return the enclosed Request for Exclusion Form by June 22, 2015 (as discussed in Section 9, below), if the Court grants final approval of the settlement, you will release ICM from any claims under California and/or New York law between June 17, 2008 and March 26, 2015, that you may have for unpaid wages and expenses based on an Internship, all claims under California and/or New York law asserted in the Lawsuit, and any claims under California and/or New York law that arise from or are related to the facts alleged in the Lawsuit.

If you complete and return a Claim Form, you will also release any claims under the federal Fair Labor Standards Act between June 17, 2008 and March 26, 2015, that you may have for unpaid wages and expenses based on an Internship, all Fair Labor Standards Act claims asserted in the Lawsuit, and any claims under the Fair Labor Standards Act that arise from or are related to the facts alleged in the Lawsuit. You will not release any Fair Labor Standards Act claims if you do not return a Claim Form.

When claims are "released," that means that a person covered by the release cannot sue the Released Parties, as defined below, for any of the claims that are covered by the release, which is included below.

The exact terms of the release in the Settlement Stipulation are as follows:

1. *1(q) "ICM" means International Creative Management Partners LLC dba ICM Partners ("ICM") and any and all of ICM's past, present and future parents, subsidiaries and affiliates (including, without limitation, ICE Partners LLC, Ice Partners II LLC, ICM Holdings Inc., International Creative Management, Inc., International Creative Management LLC, International*

*Creative Management Agency LLC and EOTFR, LLC) and their past, present and future, owners, partners, legal representatives, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, insurers, re-insurers, successors and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities acting by, through, under or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity.*

2. ***1(ff) "Released Parties"*** *means ICM, as defined in Paragraph 1(q).*

3. ***1(ll) "Wage and Hour Claims"*** *means any suits, actions, causes of action, complaints, charges, grievances, claims, demands, debts, losses, obligations and/or liabilities based on an alleged violation for or related to a violation of any federal, state or local wage and hour law, including but not limited to the FLSA, New York law, California law, or local law, including, but not limited to, for the failure to provide wages, overtime pay, failures in record keeping, spread of hours pay or other claims that were alleged or could have been alleged in the Class Litigation.*

4. ***15. Release.***

   (a) *Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each NY Rule 23 Class Member and CA Rule 23 Class Member who has not submitted a valid and timely Request for Exclusion Form as set forth in Section 13(h) and each FLSA Collective Member who has submitted a Valid Claim Form as set forth in Section 13(e) above, and on behalf of their respective current, former and future heirs, family members, spouses, executors, administrators, trustees, agents, assigns and legal representatives, and each of their respective agents, representatives and attorneys fully release and discharge the Released Parties (as defined in Section 1(ff)) from any and all Wage and Hour Claims (as defined in Section 1(ll)) whether known or unknown, suspected and/or unsuspected, from the beginning of the Applicable Class Period through the Preliminary Approval Date relating to any Internship with ICM, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs. In addition, each NY Rule 23 Settlement Class Member and CA Rule 23 Settlement Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(h) and each FLSA Settlement Collective Member who has properly filed a Valid Claim Form pursuant to Section 13(d) forever agrees (i) not to institute or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of Preliminary Approval of this Settlement, relating to the claims being settled herein; and (ii) to expressly waive and assume the risk of any and all claims for damages against ICM relating to the claims being settled herein which exist in his or her favor from June 17, 2008 through the Preliminary Approval Date but of which he or she does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his or her decision on whether to submit a valid and timely Request for Exclusion Form as set forth in Section 13(h) and/or a Valid Claim Form as set forth in Section 13(d) above.*

   (b) *Accordingly, the Class Representatives acknowledge that they have read, and the Claims Administrator will certify that CA Rule 23 Class Members are provided with, the provisions of California Civil Code Section 1542, which provides as follows:*

   ***A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor***

   *and that he or she expressly waives, relinquishes, and forfeits all rights and benefits accorded by the provisions of the California Civil Code Section 1452, and furthermore waives any rights that he or she may have to invoke said provisions now or in the future with respect to the claims released by him or her in this Settlement Stipulation.*

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 9. How do I exclude myself from the Settlement?

If you do not want to participate in the settlement, you must timely return the enclosed Request for Exclusion Form by June 22, 2015. If you exclude yourself, you will not release any legal claims and you will preserve your right to sue ICM on your own for alleged violations of the wage laws with respect to your Internship(s). Your claims will be subject to a statute of limitations. If you exclude yourself from the settlement, you cannot object to the settlement.

To exclude yourself, you must complete, sign and return the attached green "Request for Exclusion from Class Settlement" form to the Claims Administrator. You must mail the request for exclusion to ***Behzadi v ICM, c/o Rust Consulting, Inc. – 4618, PO Box 2396, Faribault, MN 55021-9096,*** by First Class U.S. mail or equivalent, postage paid, postmarked on or before June 22, 2015. You may also return the "Request for Exclusion from Class Settlement" form by that date by faxing it to (866) 880-0190 or emailing it to icminternlawsuit@rustconsulting.com. To be valid, the request for exclusion must be signed by you. No Class Member may submit a request for exclusion through an agent or attorney or on behalf of another Class Member.

- 4 -

## OBJECTING TO THE SETTLEMENT

### 10. Can I object to the settlement?

Yes, you may object to the proposed settlement if you wish to do so. If you wish to object, you must submit a written objection to the Claims Administrator, postmarked no later than June 22, 2015. You may also send your objection by that date by email or fax, although the email or fax must be received by the Claims Administrator no later than June 22, 2015.

Your written objection must include your name, your address, a statement describing the reasons for your objection, and any other documents you believe the Court should consider in evaluating the settlement's fairness.

**You cannot object to the settlement if you have excluded yourself, as described in Section 9.** The Court will consider your objection whether or not you attend the Fairness Hearing, described in Section 11, below. If you intend to personally attend and speak during the hearing, you must clearly indicate this in your written objection.

If you object and the Court rejects your objection, you will still be bound by the terms of the Settlement approved by the Court under New York Law.

## THE COURT'S FAIRNESS HEARING

### 11. When is the Fairness Hearing?

The Court will hold a Fairness Hearing at **10:50 a.m.**, on **July 7, 2015**, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, Courtroom 1106.

At this hearing, the Court will decide whether the settlement is fair, reasonable and adequate. If there are objections to the settlement, the Court will consider them. You may attend the hearing and you may ask to speak, but you don't have to.

After the Fairness Hearing, the Court will decide whether to grant the settlement final approval. Thus, all provisions of this settlement are still subject to the Court's final approval. The parties do not know how long it will take for the Court to issue its decision.

### 12. Do I have to attend the Fairness Hearing?

No. You are not required to attend the Fairness Hearing. Class Counsel will represent you at the hearing. You are welcome to come to the hearing at your own expense. You may also pay your own lawyers to attend the hearing, but it is not necessary to do so.

As discussed in Section 10, above, if you wish to object to the settlement, you can do so in writing before the Fairness Hearing and do not need to attend the hearing.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court decided that the lawyers at the law firm of Outten & Golden LLP are qualified to represent all class and collective members. These lawyers have been designated as "Class Counsel" in this Lawsuit. More information about Outten & Golden LLP is available at www.outtengolden.com.

If you decide to participate in the settlement and do not wish to be represented by Class Counsel, you have the right to hire your own attorney at your own expense.

### 14. How will Class Counsel be paid?

Class Counsel will ask the Court to approve a payment to them of one-third ($241,666) of the settlement fund for their attorneys' fees. Class Counsel seeks these attorneys' fees to pay for investigating the facts of this case, litigating this case and negotiating the settlement. Class Counsel will also ask the Court to approve a payment of $9,600.00, for their out of pocket costs.

### 15. Who is representing ICM in connection with the Settlement?

ICM is represented by the law firm of Proskauer Rose LLP (New York, New York) in this action. Please do not contact Proskauer Rose LLP about the settlement.

## REQUESTING MORE INFORMATION

**16. How can I request more information about the settlement?**

You can contact Class Counsel for more information about the settlement at:

Rachel Bien, Esq. & Sally J. Abrahmason, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000 or toll-free at (877) 468-8836
icminternlawsuit@outtengolden.com

PLEASE DO NOT CALL THE COURT OR THE CLERK ABOUT THE SETTLEMENT.

Date: April 23, 2015                    Approved as to Form and Content:

Hon. Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York

# Exhibit B

BEHZADI V ICM
C/O RUST CONSULTING, INC. – 4618
PO BOX 2396
FARIBAULT, MN 55021-9096

## IMPORTANT LEGAL MATERIALS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ - <<SequenceNo>>
* B A R C O D E 3 9 *

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

| FOR OFFICIAL USE ONLY |
| :---: |
| 01 |

Page 1 of 2

# CLASS & COLLECTIVE ACTION CLAIM FORM & CONSENT TO JOIN FORM

### *Behzadi, et al. v. International Creative Management Partners, LLC*
### (S.D.N.Y. Case No. 14-Civ-4382)

### SUBMIT THIS FORM TO RECEIVE PAYMENT UNDER THIS SETTLEMENT AND RELEASE YOUR CLAIMS AGAINST ICM

| 1. Instructions |
| :--- |

a. If you wish to receive a payment and participate in the settlement, **you must properly complete and return this Class & Collective Action Claim Form & Consent to Join Form** ("Claim Form") (preferably in the enclosed postage-paid envelope) postmarked by not later than June 22, 2015. You may also return this Claim Form, included below, by faxing it to (866) 880-0190, or emailing it to icminternlawsuit@rustconsulting.com. If it is faxed or emailed, it must be received by the Claims Administrator no later than June 22, 2015.

b. To be considered timely, a Claim Form **must be postmarked on or before June 22, 2015 or faxed or emailed so that it is received on or before June 22, 2015**.

c. To properly complete the Claim Form, you must provide the personal information requested below in Paragraph 2, and attest that you have truthfully responded to the questions below in Paragraph 3 to determine your class and collective membership.

d. Any Claim Form that is not submitted by First Class Mail or the equivalent, or is postmarked or received by fax or email after June 22, 2015, is not addressed to the proper address, or is not signed and dated by the class or collective member under penalty of perjury will **not** constitute a valid claim and payment will be denied, unless otherwise ordered by the Court. For more information on the settlement and how your payment will be calculated, as well as your rights in connection with the settlement, please see the attached Notice, above.

e. WE ENCOURAGE YOU TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.

f. Changes of Address: It is *your responsibility* to keep a current address on file with the Claims Administrator. This is the address that will be used to mail your payment and tax forms. Please make sure to notify the Claims Administrator of any change of address.

| 2. Personal Information (please print) |
| :--- |

(Note: Your street address, email address and Social Security Number will be kept confidential by the parties and the Claims Administrator and used only for purposes of processing your payment and reporting tax information.)

a. Your name: _____

b. Your name while an intern at ICM (if different): _____

c. Current Street Address: _____

d. Current City/State/Zip: _____

e. Current Email Address: _____

f. Current Phone Number: _____





‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ – <<SequenceNo>>
* B A R C O D E 3 9 *

### 3. Class/Collective Membership

Please provide the following information to the best of your recollection. You may make a claim whether or not you complete this section. If you do not know or cannot remember, provide the most complete information that you have.

For each ICM Internship, please provide to the best of your recollection:

Internship No. 1:

a. Location (circle one): New York Los Angeles

b. Internship Date(s): _____

c. Department: _____

Internship No. 2 (if any):

a. Location (circle one): New York Los Angeles

b. Internship Date(s): _____

c. Department: _____

### 4. Release

By signing below, and accepting benefits under the Settlement Stipulation, I, on behalf of my current, former and future heirs, spouses, executors, administrators, trustees, agents, assigns and legal representatives, fully release and discharge the Released Parties (which is defined in Section 1 (ff) of the Settlement Stipulation and included in Section 8 of the Notice of Class and Collective Action Settlement) from any and all Wage and Hour Claims (which is defined in Section 1 (ll) of the Settlement Stipulation and included in Section 8 of the Notice of Class and Collective Action Settlement) whether known and/or unknown, suspected and/or unsuspected, from June 17, 2008 through March 26, 2015, relating to any Internship with ICM, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs. In addition, I forever agree not to institute or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including March 26, 2015, relating to the claims being settled herein.

I further agree to expressly waive and assume the risk of any and all claims for damages against ICM relating to the claims being settled herein which exist in his or her favor from June 17, 2008 through the Preliminary Approval Date but of which I do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect my decision on whether to submit a valid and timely Request for Exclusion Form as set forth in Section 13(h) of the Settlement Stipulation and/or a Valid Claim Form as set forth in Section 13(d) of the Settlement Stipulation. Accordingly, I acknowledge that I have read the provisions of California Civil Code Section 1542, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor**

and that I expressly waive, relinquish, and forfeit all rights and benefits accorded by the provisions of the California Civil Code Section 1452, and furthermore waive any rights that I may have to invoke said provisions now or in the future with respect to the claims released by me and being settled herein.

I verify that I have not assigned any of the claims described above.

### 5. Consent to Join

By completing, signing, dating and returning this Claim Form & Consent to Join Form, I consent to become a party to this Lawsuit and agree to the release of claims set forth above. I designate Outten & Golden LLP to represent me in this Lawsuit for purposes of the settlement only. I received and have read and understand the Notice of Class and Collective Action Settlement in this Lawsuit, and I wish to be included in the class/collective and participate in the proposed settlement.

### 6. Signature

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Date: _____, 20____ ____

_____
Signature

_____
Print Name

# Exhibit C

BEHZADI V ICM
C/O RUST CONSULTING, INC. – 4618
PO BOX 2396
FARIBAULT, MN 55021-9096

## IMPORTANT LEGAL MATERIALS

‖‖‖‖‖‖‖‖‖‖ - <<SequenceNo>>
* B A R C O D E 3 9 *

<<Name 1>>
<<Name 2>>
<<Name 3>>
<<Name 4>>
<<Address 1>>
<<Address 2>>
<<City>> <<State>> <<Zip 10>>
<<CountryName>>

<table>
<tr><td>FOR OFFICIAL USE ONLY</td></tr>
<tr><td>31</td></tr>
</table>

Page 1 of 1

# REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT FORM

### *Behzadi, et al. v. International Creative Management Partners, LLC*
### (S.D.N.Y. Case No. 14-Civ-4382)

### SUBMIT THIS FORM ONLY IF YOU DO **NOT** WISH TO REMAIN A CLASS MEMBER.

### IF YOU SUBMIT THIS FORM, YOU WILL **NOT** BE ELIGIBLE TO RECEIVE ANY MONEY FROM THIS SETTLEMENT.

_____

Signature

_____

Print Name

I wish to exclude myself from, or opt out of, the class settlement reached in *Behzadi, et al. v. International Creative Management Partners, LLC*, S.D.N.Y. Case No. 14-Civ-4382. I understand that by opting out, I will be excluded from the class settlement and will receive no money from the settlement. I understand that if I opt out, I may bring a separate lawsuit. I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had filed a Class & Collective Action Claim Form & Consent to Join Form in this Lawsuit. I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk. I understand that counsel for the Class Members will not represent my interests if I opt out of the class settlement.

### SEND TO THE CLAIMS ADMINISTRATOR AT:

**Behzadi v ICM, c/o Rust Consulting, Inc. – 4618**
**PO Box 2396**
**Faribault, MN 55021-9096**
**Fax: (866) 880-0190**
**Email: icminternlawsuit@rustconsulting.com**

THIS FORM MUST BE MAILED BY U.S. FIRST CLASS MAIL, POSTMARKED OR RECEIVED BY FAX OR EMAIL NO LATER THAN:

**June 22, 2015**

KEEP A COPY OF THIS FORM FOR YOUR RECORDS. YOU MAY WISH TO REQUEST A RETURN
RECEIPT FROM THE POST OFFICE


* 4 6 1 8 *


* O P *



# Exhibit D

## ICM Intern Class/Collective Action Settlement

Our records show that you had an internship with International Creative Management Partners, LLC ("ICM") during the time period that is relevant to the settlement reached in *Behzadi, et al. v. ICM Partners*, (S.D.N.Y. Case No. 14-cv-4382). You may be eligible to participate in a class and collective action settlement for alleged violations of wage and hour laws. A notice of this lawsuit and claim form were mailed to you on **April 23, 2015**. To date, you have not responded. To participate in the settlement, you must submit a claim form by:

**June 22, 2015**

If you do not complete and timely return the claim form that was mailed to you, you will <u>not be able to participate in</u> this settlement.

For more information about the case, or to get another copy of the notice and claim form, you can call Sally Abrahamson toll-free at (877) 468-8836.

BEHZADI V ICM
C/O RUST CONSULTING, INC. – 4618
PO BOX 2396
FARIBAULT, MN 55021-9096

**IMPORTANT LEGAL NOTICE**

- «seq»

\* M A I N   R U S T I D \*

«FIRSTNAME» «LASTNAME»
«ADDRESS1»
«ADDRESS2»
«CITY» «STATE»  «ZIP»
«COUNTRY»