

July 7, 2015

**By ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Behzadi v. International Creative Management Partners, LLC*,
                  No. 14 Civ. 4382 (LGS)

Dear Judge Schofield,

      We are class counsel in the above-referenced action. We write to correct a statement that was made today at the fairness hearing regarding the U.S. Supreme Court's decision in *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).

      In particular, class counsel stated that she believed that the case involved a reversion of the unclaimed portion of the fund to defendants. However, although the Court did affirm the lower court's award of attorneys' fees based on the total fund made available to the class and not based on the portion that class members had claimed, *see id*. at 479, the Court noted in a footnote that the defendant had failed to raise as an issue on appeal whether it was entitled to a reversion of the unclaimed portion. *Id*. at n.5. Thus, the Court concluded that it "need not decide" whether a reversionary settlement "would support a recovery of attorney's fees under the common-fund doctrine." *Id*.

      In *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423 (2d Cir. 2007), the Second Circuit held that the district court had abused its discretion by awarding attorneys' fees based on the percentage of the fund claimed, rather than on the total fund. *Id*. at 436-38. Although the case also did not involve a reversion to the defendant – instead, the settlement gave the district court discretion regarding to whom to award any unclaimed amount[1] – the holding does not leave room for such a distinction:

> The entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class. An allocation of fees by percentage should therefore be awarded on the basis of the total funds made available, whether claimed or not. We side with the circuits that take this approach.

*Id*. at 437.

---

[1]     *See Masters*, 473 F.3d at 434.

Hon. Lorna G. Schofield
July 7, 2015
Page 2 of 2

Moreover, in adopting this approach, the Second Circuit cited with approval two Circuit Court cases in which the settlements did require the unclaimed amounts to revert to the defendants. *See Masters*, 473 F.3d at 437 (citing *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1292 (11th Cir. 1999) and *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997)).

Following *Masters*, many district courts have awarded attorneys' fees as a percentage of the total fund in cases involving reversionary settlements. *See Kiefer v. Moran Foods, LLC*, No. 12 Civ. 756, 2014 WL 3882504, at *8 (D. Conn. Aug. 5, 2014) (holding that "it is appropriate to award attorneys' fees as a percentage of the entire maximum gross settlement fund, even where amounts to be paid to settlement class members who do not file claims will revert to the Defendants"); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 59 (E.D.N.Y. 2010) (awarding percentage of total fund and noting the fact that *Masters* ordered unclaimed funds to be distributed to a cy pres "is irrelevant . . . . The value of legal advice rendered but not heeded is undiminished by its rejection. Nor is the value of legal service rendered in the creation of a settlement fund diminished by the failure of beneficiaries to cash in, regardless of what happens to the surplus"); *Velez v. Novartis Pharm. Corp.*, No. 04 Civ. 09194, 2010 WL 4877852, at *5, 21 (S.D.N.Y. Nov. 30, 2010) (awarding attorneys' fees as a percentage of the "gross settlement amount" where any portion of unclaimed "compensatory damages" reverts back to defendant); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 04082, 2010 WL 5507912, at *8 (S.D.N.Y. Nov. 29, 2010) ("percentage-of-recovery here is based on the entire settlement fund, including the amount that will revert to defendants, rather than on the portion of the fund equal to the claims actually made").

Although some courts have disagreed with this approach, *see, e.g.*, *Bodon v. Domino's Pizza, LLC*, No. 09 Civ. 2941, 2015 WL 3889577, at *5 (E.D.N.Y. June 4, 2015) *report and recommendation adopted sub nom. Bodon v. Domino's Pizza, Inc.*, 2015 WL 3902405 (E.D.N.Y. June 24, 2015), we believe that these decisions are inconsistent with the *Masters* holding, and fail to sufficiently explain why a different approach is warranted simply because the unclaimed portion of the fund will be returned to the defendants rather than distributed elsewhere, such as to a *cy pres* beneficiary. In each case, through counsel's efforts, a definite amount has been made available to the class. Whether they claim it or not should not determine class counsel's entitlement to attorneys' fees.

If the Court does not grant class counsel's request for a fee based on the entire fund, it should still award class counsel the fee that it requests because class counsel's lodestar is in excess of the proportion of the fund they seek.

Respectfully submitted,

*Rachel Bien*

Rachel Bien

cc:   All Counsel (via ECF)