UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY BEHZADI and JASON RINDENAU, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC,<br><br>      Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED 07/09/2015<br><br><br>No. 14-cv-4382 (LGS) |

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION
OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION
SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND SERVICE PAYMENTS**

On January 30, 2015, Named Plaintiffs Kimberly Behzadi and Jason Rindenau and Defendant International Creative Management Partners, LLC, by their respective counsel of record, filed with this Court a Settlement Stipulation and filed for preliminary approval of the Settlement Stipulation, conditional certification of the settlement classes and collective, appointment of class counsel and approval of a proposed notice of settlement.

On March 3, 2015, a hearing was held on the pending motions for preliminary approval and suggested changes to the proposed notice of settlement were made, including (1) clarifying that any unclaimed settlement amounts would remain with Defendant, (2) informing claimants that they may be responsible for taxes and may want to consult a tax advisor and (3) listing the date, time and location of the fairness hearing.

On March 17, 2015, Plaintiffs filed a revised proposed notice of settlement.

On March 26, 2015, an Order was entered conditionally certifying the Rule 23 classes and the Fair Labor Standards Act ("FLSA") collective set forth therein (collectively, the "Settlement Classes" or "Class Members"), preliminarily approving the Settlement Stipulation for purposes of providing notice to Class Members, appointing Rust Consulting, Inc. as the Claims Administrator, appointing Outten & Golden LLP as Class Counsel for purposes of settlement and authorizing notice to all Class Members (the "Preliminary Approval Order").

In April 2015, notice was mailed to 497 (of 497) Class Members for which addresses had been provided. Approximately fifty-three notices remain undeliverable. Thus, notice was sent to 444 of 497 Class Members, or 89%.

On June 24, 2015, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed a Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and a Motion for Approval of Service Payments ("Motion for Service Payments"). The motions were unopposed.

The Court held a fairness hearing on July 7, 2015. No Class Member objected to the settlement before or at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the Motion for Service Payments, the papers in support of those motions, oral argument at the July 7, 2015, fairness hearing, the complete record in this matter, and for the reasons set forth herein and stated on the record at the July 7, 2015, fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, this Order adopts all defined terms as set forth in the Settlement Stipulation.

2.This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all parties.

3.Pursuant to Federal Rule of Civil Procedure 23, the preliminary certification of the NY Rule 23 Settlement Class and the CA Rule 23 Settlement Class for settlement purposes is now final based on the findings set forth in the Preliminary Approval Order and in the absence of any objections from Class Members as to final certification.

4.Pursuant to 29 U.S.C. § 216(b), the FLSA settlement is approved and the FLSA Settlement Collective is certified.

5.The notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects and fully met the requirements of Rule 23, FLSA and due process.

6.Pursuant to Rule 23(e), the Motion for Final Approval of the Settlement Stipulation is granted, and the Settlement Stipulation is finally approved.  The Settlement Stipulation is fair, reasonable and adequate in all respects and is binding on Class Members who have not timely and properly opted out pursuant to Section 13(h) of the Settlement Stipulation. The size of the settlement fund -- $725,000 before deduction of payments to Class Counsel, the Claims Administrator, the two Named Plaintiffs and the California Labor and Workforce Development Agency -- is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity and duration of further litigation.

7.The Settlement Stipulation is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation.  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

8. The Settlement Stipulation is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Settlement Stipulation is adequate given the: (A) complexity, expense and likely duration of the litigation; (B) stage of the proceedings and the amount of discovery completed; (C) risks of establishing liability and damages; (D) risks of maintaining the class action through the trial; (E) lack of any objections; (F) ability of Defendant to withstand a greater judgment; and (G) total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

9. The Settlement Class's reaction to the settlement was positive. No Class Member objected to the Settlement Stipulation, and only 24 Exclusion Forms were timely submitted.

10. The proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Stipulation by which payments are to be calculated and made to Class Members are fair, reasonable and adequate, and payment to Class Members shall be made according to those allocations.

11. Plaintiffs' Motion for Attorneys' Fees is granted, and the amount of $241,666, which is one-third of the Maximum Settlement Fund of $725,000, is awarded to Class Counsel Outten & Golden LLP as fees. This is a claims made settlement, meaning the amount paid to the class will depend on the number of claims submitted by class members. Nevertheless, awarding attorneys' fees based on a percentage of the settlement amount rather than the amount paid is proper. *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007) ("An

allocation of fees by percentage should therefore be awarded on the basis of the total funds made available.").

12. The amount awarded to Class Counsel is fair and reasonable based on the factors set forth in *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000). Using the approach from *In re Colgate-Palmolive Co. Erisa Litig.*, 36 F. Supp. 3d 344 (S.D.N.Y. 2014), the first step is to establish a baseline or benchmark for a reasonable fee. Evidence of attorneys' fees in employment cases and cases of a similar size takes into account the magnitude and complexity of the case and the policy consideration of using a sliding scale to avoid a windfall to class counsel. Empirical evidence indicates that the median percentage of settlement awarded as attorneys' fees in employment class actions is between 25% and 29%. The same studies show that, for common fund settlements of a similar size to the one here, the median is between 29.6% and 32.3%.[1] Class Counsel is entitled to at least the median percentage of settlement based on their conduct in this case and the results achieved. The quality of the representation and policy considerations do not require any further adjustment. An upward adjustment from the median attorneys' fee is warranted in this case because the Settlement Classes and Class Counsel faced a significant risk from the uncertainty in the law with respect to how determine whether unpaid interns are entitled to compensation, as borne out by the recent decision in *Glatt v. Fox Searchlight Pictures, Inc.*, No. 13-4478-CV, --- F.3d ----, 2015 WL 4033018 (2d Cir. July 2, 2015). Finally, the fee amount being award is lower than the lodestar amount. Accordingly, the attorneys' fee request of one-

---

[1] Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 835, 839 (2010) (median attorney fee for employment cases is 29% and for cases with a common fund of $750,000 or less the median is 29.6%); Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993-2008*, 7 J. Empirical Legal Stud. 248, 262, 265 (2010) (median fee for employment cases is 25% and for cases with a common fund of $1.1 million or less is 32.3%).

third of the settlement fund, or $241,666, is reasonable.

13. Class Counsel is awarded reimbursement of their litigation expenses in the amount of $9,600, which were costs and expenses reasonably expended litigating and resolving the lawsuit. The attorneys' fees and reimbursement of litigation expenses shall be paid from the settlement fund.

14. Named Plaintiffs Kimberly Behzadi and Jason Rindenau shall be paid $10,000 each, for a total of $20,000, as reasonable service fees in recognition of the services they rendered, on behalf of the Settlement Classes, as well as the risks and adverse consequences they faced as a result. This amount shall be paid from the settlement fund.

15. Claims Administrator Rust Consulting, Inc. shall be paid from the settlement fund its actual fees and expenses not to exceed $17,000.

16. The California Labor and Workforce Development Agency shall be paid $6,525 to settle the California Private Attorneys General Act claims. This amount will be paid from the settlement fund.

17. If no party appeals this Order, the "Effective Date" of this settlement will be 35 days from the date of this Order.

18. If an individual or party appeals this Order, the "Effective Date" of this settlement will be the day after all appeals are finally resolved.

19. The Claims Administrator will disburse settlement checks to Class Members, Class Counsel's attorneys' fees and costs, and the service payments within 30 days of the "Effective Date."

20. Upon the fulfillment of all settlement terms, this case will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the

Settlement Stipulation and this Order.  All Class Members who did not opt out and Named Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Stipulation.

  21. The Court retains jurisdiction over the interpretation and implementation of the Settlement Stipulation.

  22. The parties shall abide by all terms of the Settlement Stipulation.

The Clerk of Court is respectfully directed to close Dkt. Nos. 68, 70 and 72.

SO ORDERED.

DATED: July 9, 2015
    New York, New York

               _____
                 **LORNA G. SCHOFIELD**
                **UNITED STATES DISTRICT JUDGE**